

**Tomi Moore <tmoore@thedfwlawfirm.com>**

## Alvord 287 JV-HOA/Road Issues
3 messages

**J. Michael Ferguson** <mike@jmichaelferguson.com>  Fri, Feb 16, 2018 at 8:58 AM
To: "cmoore@thedfwlawfirm.com" <cmoore@thedfwlawfirm.com>
Cc: Legal <Legal@jmichaelferguson.com>

Caleb,

I have informed you twice now that the road for the Diamond Ridge Subdivision is reaching a critical point.

I have not received any communication from Brian Frazier on behalf of his entity that he is willing to assist. We had the meeting in Decatur and it is clear that the owners are not happy with the road situation and they have not been for years.

Brian Frazier's company, Frazier Asset Management, Inc. and it's attorney Basil Hoyl were supposed to have set up the entity for the HOA but they failed to do so.  Brian Frazier and Frazier Asset Managment, Inc. have a track record of failing to follow through with their duties in setting up HOA's for developments as I have recently received a call from an attorney regarding a development in another county.

At the deposition of Brian Frazier, I raised this issue with you and your client.  Your client stated it is not his responsibility. He stated that he feels it is the responsibility of the property owners. Please confirm with your client if that is the position he intends to take.

It is our position that the following needs to take place:

1. Alvord 287 JV needs to assist in getting the HOA set up properly as it should have been so there is an entity to enforce the deed restrictions.
2. Alvord 287 JV needs to pay part of the cost of repairing the road, estimated to be $50,000
3. Alvord 287 JV should donate the remaining 2 lots that are burdened with the gas well to the HOA for community use, picnic area, etc. This will allow the community to have an area to use and it will also remove the liability of mowing, cleaning, etc. from Alvord 287 JV.  The lots are not sellable as there is not enough room to place a mobile home on the property and still comply with the deed restrictions.

Your client was informed that these lots were not sellable and yet, he allowed someone to put a contract on the property. That person then dumped a lot junk on the lot and Anson Financial, Inc. was forced to evict the tennant and will now have to pay to have the lot cleaned off. Lots 81 and 82 are not sellable lots. The liability to the JV is too great.

As stated, the roads are critical and it is in the best interest of the JV to repair the roads. In order to effectuate this, Alvord 287 JV will need to:
 1. Reach out to Devon Energy and get them to contribute to the road repair
 2. Reach out to the County Commissioner Office and negotiate the turnover of the road to the county once the road is repaired properly.
 3. Assist HOA in collecting dues from members to pay the remainder of the road repair.

**PLs' Exhbit 29**

4. If the County refuses to take the road over, then Alvord 287 JV will need to assist in getting members and Devon to pay into a road maintenance fund.

At Brian Frazier's deposition, he stated he did not care if the lot owners that purchased the lots stop paying because of the road. However, that is not in the best interest of the Joint Venture. If the property owners do not pay Alvord 287 JV, it will incur cost of:

1. foreclosing
2. property taxes
3. mowing
4. cleaning
5. septic repair
6. advertising and sales expense
7. liability from owners filing lawsuits
8. other associated cost

Despite your clients contention that the current earnings of Alvord 287 JV are just a factor of the economy, the Joint Venture under Anson Financial, Inc.'s management now earns close to the highest earning years on about 1/3 of the assets that the JV had back in that period. That is not a factor of the economy. It is a factor of the economy and the management of the assets. Anson has consistently operated in the best interest of the JV despite your clients continued interference and resistance. Your client has profited from that.

Your client has a duty to do what is in the best interest of the JV.  All JV owners have a duty to do what is in the best interest of the JV.  Since September 2014,  your client has done everything except what is in the best interest of the JV.  He has

1. declared numerous times including in this lawsuit that he has fulfilled all his duties under the JV Agreement which is a repudiation of the JV Agreement.
2. on the advice of his attorney, refused to take care of any of his responsibilities under the Joint Venture Agreement which is a breach of the JV Agreement
3. demanded that the terms of the JV Agreement be changed which is a breach of the JV Agreement
4.  tried to stop the sale of the lots,
5. demanded that the lots sold close in the title company that was sharing office space with him even though the evidence shows that the JV lost money on each lot that closed
6. kept cash from closings and failed to account for it
7. refused to take monthly payments and monthly reports
8. refused to attend the meeting with the lot owners of which your client, as a lot owner,  was notified of and I personally told you the meeting was going to take place.

None of those actions were or are in the best interest of Alvord 287 JV.

The HOA Members are simply not capable of setting up the HOA properly and they are most likely not capable of organizing the HOA members.

Please discuss this matter with your client.  If I do not hear back from you within 5 days setting out your clients position on the road or if your clients position is that he is not responsible and he does not care if they owners pay or not, then Anson Financial, Inc. will seek Injunctive/Declaratory relief from the courts to allow Anson Fianncial, Inc. to:

**PLs' Exhbit 29**

1. Stop any future distributions until $150,000 is reserved for potential liability from lawsuits that may occur due to your clients failure to set up the HOA properly.
2. Allow $50,000 to be paid towards the repair of the road from Alvord 287 JV funds
3. Allow for Alvord 287 JV to donate the unsaleable lots to the HOA for community use
4. Allow for reasonable and necessary cost and fees to be paid to Anson Financial, Inc. and J. Michael Ferguson, PC to set up the HOA properly, organize the members, negotiate with Devon Energy and negotiate with Wise County to take over the road once it is repaired.

The road issue is an urgent matter. This has been an ongoing issue now for at least 17 years. We have found communications from owners to your client about the road issue that date back to 2003. 15 years later it is still unresolved. Your client wholly failed to take care of his duties in setting up the HOA and it must be done.

You failed to inform your client that the dropbox with all the financial information was available to him. You have a duty to inform him  You also have a duty to inform him of  this email detailing the issue with the road. You misrepresent the facts to the court when you state that Anson Financial, Inc. has gone months and years without paying your client. You misrepresent the facts when you tell the court that Anson Financial, Inc. does not provide the financial information that is required under the JV Agreement. It is imperative that you stop the misrepresentation and that you inform your client in a timely manner as required by the rules of professional conduct. Please do so.

Thank you for your time and consideration in this matter.  Please feel free to contact me if you need any additional information. I also strongly urge you and your client to get in your car and go drive the road so that you can experience what the lot owners experience every day. I look forward to a response from your client by February 21, 2018.

Sincerely,


J. Michael Ferguson

NMLS No. 314217

J. Michael Ferguson, PC

Attorney at Law

62 Main Street, Suite 310

Colleyville, Texas 76034

(817)267-1008 Office Phone

(817)919-8799 Cell Phone

**PLs' Exhbit 29**

*(817)485-1117 Fax*

Email:    mike@jmichaelferguson.com

**THIS FIRM IS A DEBT COLLECTOR AND IS ATTEMPTING TO COLLECT A DEBT.  ANY INFORMATION OBTAINED BY IT WILL BE USED FOR THAT PURPOSE.**

**CONFIDENTIALITY NOTICE**

*This email and all attached documents may contain confidential and privileged material for the sole use of the intended recipient.  Any review or distribution by others is strictly prohibited.  If you are not the intended recipient, please contact me immediately at mike@jmichaelferguson.com or call 800-322-8798 and delete and destroy all copies*

---

**J. Michael Ferguson** <mike@jmichaelferguson.com>    Fri, Feb 16, 2018 at 12:35 PM
To: Caleb Moore <cmoore@thedfwlawfirm.com>
Cc: Legal <Legal@jmichaelferguson.com>

Caleb,

Yes, as usual you and I do not recall the events the same.

All the records that Mr. Frazier is entitled to under the JV Agreement are in the Dropbox. If you would carefully read the JV agreement, we are to provide records of the Balance Sheet and P & L.

Your client drafted the agreement and yes, Caleb that is in the Dropbox.  Please feel free to read all the documents of the company as we scanned and placed all records of the JV in Dropbox. As the drafter, he may have put the item in the Agreement about the Bank Account but neither Brian Frazier nor his entity was on any loans with the bank nor was Brian Frazier or his entity "EVER" on any bank accounts.   Therefore, that provision was waived and it is simply an impossibility.  I also do not feel there is any Fiduciary Duty in this JV under the definition of a JV.

With that said, we are still working to find a way to protect our clients information and provide you with what you feel is necessary to go on a fishing expedition.

As to the misrepresentation to the Court, part of the discovery you sent, clearly states that Mr. Frazier was advised by his attorney to not take

**PLs' Exhbit 29**

monthly payments from Anson Financial, Inc. Therefore Caleb, it is a fraudulent statement when you tell the court Anson Financial, Inc. has gone months and years without paying your client. It is a misrepresentation and it is also unethical to not have complete candor with the court.

As to the HOA, it does not surprise me at all that you and your client fail to take any responsibility. That was Mr. Frazier's responsibility and since you and your client claim that he has fulfilled all his duties to the JV already, I think it is only fair to point out that that is one duty he failed to finish.

I will be happy to share the same Dropbox that I am sharing with owners of the HOA. I will do that later today or on Monday.

We held a meeting in Decatur and all owners were sent notice of the meeting which would include your client as his company is an owner of at least one of the lots. I also told both you and Mr. Frazier that we were going to meet with the owners at the Deposition. The liability is very clear considering that a room full of property owners were threatening to sue Alvord 287 JV for what they claim are misrepresentations by both JV owners. The Property owners are claiming both JV Owners claimed they would repair the road. They have the freedom in America to sue the JV and that will include both your client and Anson Financial, Inc. That potential litigation is what I feel the JV should reserve $150,000 for.

What is best for the JV is to make this right with the owners. We have the ability to accomplish this and the homeowners do not. If the JV agrees to assist with getting the roads fixed, then we can mitigate or eliminate the potential liability from lawsuits.

It is also the best business choice for the JV. The JV is earning money on all assets except the 2 lots now and it can stay that way but we must mitigate or prevent the potential liability from the road. The road has been an issue for 20 years and it needs to be dealt with. The right thing to do is fix it right and have all owners participate, have Devon Energy participate and have Alvord 287 JV participate.

You can continue to misrepresent the facts. You misrepresented what Mr. Frazier said at his deposition about the records. I know what he said and now you want to manipulate it to make it sound like he meant that he does not have the bank records. In this business you don't need the bank records to tell if a loan has paid or not. He also confirmed that.

I will not speak with you in person any more about this issue. Everything will be in writing but I expect an answer by the 21st and if I don't hear from you, I will take the actions that I set out in the previous email.

Thank you,
Mike


J. Michael Ferguson

NMLS No. 314217

J. Michael Ferguson, PC

Attorney at Law

**PLs' Exhbit 29**

*62 Main Street, Suite 310*

*Colleyville, Texas 76034*

*(817)267-1008 Office Phone*

*(817)919-8799 Cell Phone*

*(817)485-1117 Fax*

*Email:     mike@jmichaelferguson.com*

**THIS FIRM IS A DEBT COLLECTOR AND IS ATTEMPTING TO COLLECT A DEBT.  ANY INFORMATION OBTAINED BY IT WILL BE USED FOR THAT PURPOSE.**

**CONFIDENTIALITY NOTICE**

*This email and all attached documents may contain confidential and privileged material for the sole use of the intended recipient.  Any review or distribution by others is strictly prohibited.  If you are not the intended recipient, please contact me immediately at mike@jmichaelferguson.com or call 800-322-8798 and delete and destroy all copies*

---

**From:** Caleb Moore <cmoore@thedfwlawfirm.com>
**Sent:** Friday, February 16, 2018 11:49 AM
**To:** J. Michael Ferguson
**Cc:** Legal
**Subject:** Re: Alvord 287 JV-HOA/Road Issues

Please find my response and questions attached.

**PLs' Exhbit 29**

Kind Regards,

Caleb Moore



**Law Firm of Caleb Moore, PLLC**

2205 Martin Drive, Ste 200

Bedford, TX 76021

Telephone: (817) 953-2420

Facsimile: (817) 581-2540

By Appointment Only

This electronic mail message is intended only for the use of the individual or entity to which it is addressed. This electronic mail message contains information from the LAW FIRM OF CALEB MOORE, PLLC and may be subject to attorney-client privilege, attorney work product or other privilege under applicable law. Any dissemination, copying or use of this electronic mail message by or to anyone other than the recipient(s) designated by the sender is unauthorized. If you have received this electronic mail message in error, please notify the sender by telephone or reply electronic mail and permanently delete this communication from your system.

[Quoted text hidden]

---

**J. Michael Ferguson** <mike@fnalegal.com>                                                                                      Mon, May 20, 2019 at 10:25 AM
To: Caleb Moore <cmoore@thedfwlawfirm.com>, Thomas Herald <tom@taheraldpc.com>, Nate Richards <nate@fnalegal.com>

You also continue to claim that I never informed you of the road issues but here is an email that I made it very clear there are issues with the road that your client failed to take care of when he was a part of the partnership.

*J. Michael Ferguson*

**PLs' Exhbit 29**

*SBN. 24000644*

*NMLS No. 314217*

*Ferguson & Associates, LLC*

*Attorney at Law*

*62 Main Street, Suite 310*

*Colleyville, Texas 76034*

*(817)267-1008 Office Phone*

*(817)919-8799 Cell Phone*

*(817)485-1117 Fax*

*Email:   mike@fnalegal.com*

*THIS FIRM IS A DEBT COLLECTOR AND IS ATTEMPTING TO COLLECT A DEBT.  ANY INFORMATION OBTAINED BY IT WILL BE USED FOR THAT PURPOSE.*

*CONFIDENTIALITY NOTICE*

*This email and all attached documents may contain confidential and privileged material for the sole use of the intended recipient.  Any review or distribution by others is strictly prohibited.  If you are not the intended recipient, please contact our office immediately at* **legal@fnalegal.com** *or call 800-322-8798 and delete and destroy all copies*

[Quoted text hidden]

**PLs' Exhbit 29**