

# LAW FIRM of
# CALEB MOORE, PLLC

Mailing & Physical Address:　　　　　　　　　　　　　　　　　　　　Telephone: (817) 953-2420
2205 Martin Drive, Ste 200　　　　　　　　　　　　　　　　　　　　　Facsimile: (817) 581-2540
Bedford, TX 76021　　　　　　　　　　　　　　　　　　　　　　　cmoore@thedfwlawfirm.com

February 16, 2018

J. Michael Ferguson
**J. Michael Ferguson, PC**　　　　　　　　　　　　　　**Via Email Only**
62 Main Street, Suite 310
Colleyville, Texas 76034


　　　　　Re: February 16, 2018 email; *Frazier v. Anson Financial Inc;* Cause No. 342-288776-16

Mike:

As always it seems, we have a different recollection and view of the events that have gone on in this case.  As I have always done, I will pass on your communication to my client and get back to you with his response.

Before I talk to him though, I can point a few of the obvious things you state that I do not agree accurately represent what has gone on and I have a few questions laid out below.

I am not aware of any written communications about the road problems from anyone existing prior to your email today. If they exist, they have not been brought to my attention.  I am not aware of any written or other communication from you or your entities about this JV since this litigation started other than a comment by you to me in court and the deposition discussion.

You have once made general statements about the road to me at a hearing, but as always, I requested you send me something in writing I can show my client.  That is my recollection.

At the end of the deposition of Mr. Frazier, you did bring up that you believe there is a road issue.  The discussion became an argument and confrontation almost immediately.  My recollection is that I ended it with a request that you communicate any concerns or JV business you want to handle in writing.  This email is the first time you have communicated regarding JV decisions that I am aware of since the case started.  If I missed a previous message, please point it out to me and I will apologize for missing it.


Page **1** of **3**

**PLs' Exhibit 31**

If there was a responsibility to set up an HOA, it was the JV's responsibility, not just Mr. Frazier or his company's. As Mr. Frazier told you in the depo, the JV hired an attorney to perform that task and as you have stated, it sounds like that attorney didn't do it right or there was some problem. That is no more Mr. Frazier's fault than it was Mr. Lesok's fault. Anson bought in knowing this.

I do not agree that your statements accurately represent the totality of Mr. Frazier's comments before the discussion became an argument.

It sounds like you have been in communication with other owners.

Have any of the owners expressed a willingness to pay any money toward the road?

Have any owners expressed a willingness to be on an HOA board?

If so, please provide me with the owner's contact information so we can confirm and what amount in total you believe the owners will contribute.

While there certainly might be business reasons for or against the JV, as the note holder to assist the owners in re paving the road, is it your contention that the JV has a legal or contractual obligation to do so? Please elaborate on the liability you believe exits to the JV if it does not pay for and/or spear head getting a new road.

You state you have communicationd from owners to my clients dating back to 2003 regarding the road. Please identify to me where you have produced those documents. If you have not, please send them immediately for my review.

You and Nate keeping bringing up this claim that Mr. Frazier stated he had not seen the drop box file with "**ALL**" the financial information and that I am not complying with my duty to forward settlement communications and information to my client. Let me put that to bed hopefully once and for all.

Here is the deposition excerpt.

```
6        Q.  Do you realize that you have access to all the
7    payment history and records through the DropBox file that
8    we've provided your attorneys?
9        A.  No, I did not know that.
```

The DropBox file does not have **ALL** the records my client has been requesting. So my client answered the question truthfully. He could not know that I had ALL the records, because I don't

Ltr re Road and Records-Frazier-Page **2** of **3**

PLs' Exhibit 31

have **ALL** of the records. You have not produced the JV bank records showing you are keeping the JV money in an account until distribution or expenses are paid. Mr. Frazier and I have been asking for bank records since before the suit was filed.

Mr. Frazier has had what I have record wise all along, which does not show what is going on with the money between distributions, among other issues.

I do not and have not misrepresented anything.

The payment history reflects months and years without my client receiving funds and he does not have the financial information the JV Agreement entitles him access to. The bank records being the key piece, which is why the Court ordered Anson to produce them to me after I filed a motion to compel on my client's behalf. Anson may have reasons, excuses, justifications etc as why it took various actions relating to the payment distributions, but from the records I have seen, it is 100% true to state that my clients have gone months and more than a year between JV money landing in their pocket since Anson took over.

I will need the info regarding the other owners affected by the road that you have, in particular with regard to the amounts other owners will contribute and whether there are owners willing to sit on an HOA board, as well as, any liability you state exists before my client can fully respond with what its position is with regard to what needs to be done regarding the road and HOA.

Kind regards,

*Caleb Moore*

Caleb Moore