## NOTICE OF INVALIDITY OF ORAL AGREEMENTS

TO: Borrower and all other debtors and obligors with respect to the Sale which is identified below.

1. <u>THE WRITTEN DEED REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.</u>

   <u>THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES. ANY DISCUSSIONS PRIOR TO THE EXECUTION OF THESE DOCUMENTS WERE NEGOTIATIONS AND NO PARTY RELIES IN ANY MANNER ON ANY STATEMENT OR REPRESENTATION NOT MADE IN WRITING AND CONTAINED IN THE DEED RESTRICTIONS, DEED AND ASSOCIATED CLOSING DOCUMENTS, IF ANY.</u>

2. As used in this Notice;

   "Buyer" means the borrower identified below, whether borrower or purchaser, LUCINA FLORES and EMIGIDIA RENDON of Exhibit "A".

   "Seller" means Alvord 287 Joint Venture, its officers, directors, employees and agents.

3. Each Buyer, Seller, Debtor, and Obligor and occupier who signs below acknowledges, swears, represents, and warrants to Seller that Seller has given and such party has received a copy of this Notice on the date stated above, prior to the execution of any Deed, and further states that they have received a copy of the restrictions filed in the office of the Wise County Clerk.

4. Upon receipt of the 2000 tax bills from the taxing authorities, Buyer may contact Seller to prorate taxes.
IF FOR THE CURRENT AD VALOREM TAX YEAR THE TAXABLE VALUE OF THE LAND THAT IS THE SUBJECT OF THIS CONTRACT IS DETERMINED BY A SPECIAL APPRAISAL METHOD THAT ALLOWS FOR APPRAISAL OF THE LAND AT LESS THAN ITS MARKET VALUE, THE PERSON TO WHOM THE LAND IS TRANSFERRED MAY NOT BE ALLOWED TO QUALIFY THE LAND FOR THAT SPECIAL APPRAISAL IN A SUBSEQUENT TAX YEAR ANT THE LAND MAY THEN BE APPRAISED AT ITS FULL MARKET VALUE. IN ADDITION THE TRANSFER OF THE LAND OR A SUBSEQUENT CHANGE IN THE USE OF THE LAND MAY RESULT IN THE IMPOSITION OF AN ADDITIONAL TAX PLUS INTEREST AS A PENALTY FOR THE TRANSFER OR THE CHANGE IN THE USE OF THE LAND. THE TAXABLE VALUE OF THE LAND AND THE APPLICABLE METHOD OF APPRAISAL FOR THE CURRENT TAX YEAR IS PUBLIC INFORMATION AND MAY BE OBTAINED FROM THE TAX APPRAISAL DISTRICT ESTABLISHED FOR THE COUNTY IN WHICH THE LAND IS LOCATED. ANY ROLLBACK TAXES ARE THE RESPONSIBILITY OF THE BUYER.

5. Seller will provide:
   1. A septic system to County Specifications and hook it to one outlet on the house.
   2. A water tap to the water supply & run water line to house.
   3. Run the main electric line to the house.
   4. Install a driveway of one 15" culvert and 23 tons of rock.

November 28, 2000
BUYER

_Lucina Flores_
LUCINA FLORES

_Emigidia Rendon_
EMIGIDIA RENDON

ATTORNEY REPRESENTATION AND FEE LETTER

Re: Exhibit "A";

The legal instruments executed in the above-referenced real property transaction have been prepared for Alvord 287 Joint Venture, by the law offices of Basil L. Hoyl, Jr. As a part of the obligation of the undersigned to pay the reasonable expenses of Alvord 287 Joint Venture in connection with the preparation of the necessary documents, the undersigned hereby agree to pay the legal fees charged Alvord 287 Joint Venture by Basil L. Hoyl, Jr., in connection with the preparation of said legal instruments.

The undersigned acknowledges that Basil L. Hoyl, Jr. has acted only as a counsel to Alvord 287 Joint Venture, and has not in any manner undertaken to assist or render legal advice to the undersigned with respect to any loans or the real property described above, or with respect to any of the documents or instruments being executed in connection therewith. **The undersigned have been and are hereby advised to obtain counsel of their own choice to represent them in this transaction.**

EXECUTED this November 28, 2000

_Lucina Flores_
LUCINA FLORES

_Emigidia Rendon_
EMIGIDIA RENDON

AFFIDAVIT TO THE PUBLIC

THE COUNTY OF TARRANT      *
STATE OF TEXAS      *

    Before me, the undersigned authority, on this day personally appeared LUCINA FLORES and EMIGIDIA RENDON who, after being by me duly sworn, upon oath states that he/she is the owner of record of that certain tract or parcel of land lying and being situated in _____Wise_____, County, Texas, and being more particularly described as follows:

Exhibit "A";

The undersigned further state that an aerobic on-site wastewater treatment system with surface application is being/has been installed in accordance with the permitting provisions of Wise County.
The undersigned has entered into a maintenance agreement, as required by the permitting entity, with an approved maintenance company for service an repairs to the surface application system.

Further, the undersigned state that they will, upon any sale or transfer of the above-described property, request a transfer of the permit to operate such surface application system to the buyer or transferee. Any buyer or transferee is hereby notified that a maintenance contract with an approved maintenance company will be required for use of the system. For more information concerning the rules or regulations on surface application on-site wastewater treatment systems, please contact the Division of Field Operations, Texas Natural Resource Conservation Commission, P.O. Box 13087, Austin, Texas 78711-3087.

WITNESS MY/OUR HAND(S) on this November 28, 2000

_Lucina Flores_
Signature of Homeowner

LUCINA FLORES
Printed Name of Homeowner

_Emigidia Rendon_
Signature of Homeowner

EMIGIDIA RENDON
Printed Name of Homeowner

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS November 29th, 2000

_Carolyn D. Moore_
Notary Public, State of Texas

CAROLYN D. MOORE
MY COMMISSION EXPIRES
September 3, 2004

_____
Notary's Printed Name/Commission Expires

```
                    TWO YEAR SERVICE POLICY
             ETI _____TREATMENT SYSTEMS
```

Send one copy to your Permitting Authority. Retain one copy for Distributor's file and distribute one each to:
(A.) User    (B.) ETI_____ Safe Treatment Systems    (C.) Installer

Model Installed_____ S/N_____
Purchase Date _____ Installation Date _____

**INITIAL POLICY:**
A two year initial service policy shall be furnished to the user by the manufacturer or the distributor through the dealer. <u>This policy is included in the original purchase price and shall provide the following:</u>

1. An inspection/service call every 4 month(s), which includes inspection, adjustments and servicing of the mechanical and electrical components parts as necessary to ensure proper function.
2. An effluent quality Inspection every 4 month(s) consisting of a visual check for color, turbidity, scum overflow and an examination for odors.
3. A sample shall be pulled from the aerobic plant every 12 month(s) as described in the "SOLIDS REMOVAL" section to determine if there is an excess of solids in the treatment plant. If the test results determine a need for solids removal, the user will bear the cost and responsibility for doing so.
4. User is responsible for keeping chlorine in chlorinator. If chlorine tests revels no chlorine, a grab test is required. **User will be responsible for costs.**
5. If an improper operations is observed which cannot be corrected a that time, the user shall be notified immediately in writing of the conditions and the estimated date of correction.

**VIOLATIONS OF WARRANTY** include shutting off the electric current to the system for more than 24 hours, disconnecting the alarm system, restricting ventilation to the aerator, overloading the system above its rated capacity or introducing excessive amounts of harmful matter into the system, flooding by external means, insect or ant damage or any other form of unusual abuse.

*THIS POLICY DOES NOT INCLUDE PUMPING
SLUDGE FROM UNIT IF NECESSARY*

An annual renewable service policy affording the same coverage as the Initial Service Policy is available. Consult your dealer for pricing information.

Texas Natural Resource Conservation Commission Rules require a service policy to be in effect at all times or the on site sewerage facility permit is <u>VOID.</u>

USER    LUCINA FLORES and EMIGIDIA RENDON
        Address: 853 PR 4732
        City/State: Rhome, TX 76078
        Phone No.: 472-241-4619
        Location City/County: Rhome Wise County

DISTRIBUTOR:    SERVICED:                    Installed:
                Name: Brian Frazier          Name: Kyle Allison
                Operator Lic.# 3297          Lic. #_____

I agree to abide by the service policy as stated above_____

*Lucina Flores*
LUCINA FLORES


*Emigidia Rendon*
EMIGIDIA RENDON

PLs' Exhibit 33    006912

Private Road Notice

I have authorized the Seller to plat the described property and to dedicate such easements and other matters as are normally associated with the platting process in Wise County, Texas for the purpose of platting the Diamond Ridge Subdivision in Wise County, Texas or parts thereof. He may dedicate the private roads to be public roads with all associated easements and rights. He may dedicate them by metes and bounds, by plat, or by both, irrespective of platting. I understand that the roads in Diamond Ridge are presently private roads and shall remain private roads unless the subdivision is platted and the roads accepted by the County. The Seller, its agents and persons acting with the Seller are under no duty and have not been paid to, and I do not agree to pay them to plat the property or make the roads public roads, but I do not object to platting or making the roads public roads and I would like for that to happen. I understand that the County has no obligation to maintain any private roads and the roads in the subdivision are in fact private roads. I understand that the purchase price of the property does not pay the Developer to plat the subdivision or take any action to develop the subdivision and that the purchase transaction I entered was for private roads in the subdivision and that is my obligation and the obligation of the other land owners in the subdivision to maintain the roads. However, it is to my benefit to have public roads and a platted subdivision. I therefore granted to the Seller the power to proceed with the platting process and the dedication of the roads to the public, understanding that he has no contractual or other obligation to do so and may choose to do so or not do so. There is no written or oral agreement or promise or statement that the property will ever be platted or that the roads will ever be anything but private roads, but the seller has the power to plat the property and dedicate the roads at his will. I understand that the power of attorney I gave to the Seller is only to facilitate the platting of the subdivision should the developer care to do so. I understand that engineers and surveyors may differ in opinion as to the exact boundary lines between lots which are sold by metes and bounds descriptions and they may differ as to the exact boundary lines between platted lots and they may differ as to the exact boundary lines between platted lots and metes and bounds descriptions. If there is any dispute between the description of the property when I purchased the property and the description of the property as platted, the description of the property as platted shall control. The Seller agrees to treat me fairly in the description of my property in the plat. I understand that if the property is not platted, and the road is not dedicated, and the plat is approved and the roads accepted for maintenance by the County that the roads should be maintained by the Diamond Ridge Home Owner's Association and that I will be charged for the maintenance of the roads by that association and I will be required to pay for that maintenance. I further understand that the County has not approved any plat at this time and that the property is being sold by metes and bounds description and the roads are private, privately maintained roads.

Signed this 29th day of _____, 2000.

_Lucina Flores_
Lucina Flores

_Emigidia Rendon_
Emigidia Rendon

Private Road Notice

I have authorized the Seller to plat the described property and to dedicate such easements and other matters as are normally associated with the platting process in Wise County, Texas for the purpose of platting the Diamond Ridge Subdivision in Wise County, Texas or parts thereof. He may dedicate the private roads to be public roads with all associated easements and rights. He may dedicate them by metes and bounds, by plat, or by both, irrespective of platting. I understand that the roads in Diamond Ridge are presently private roads and shall remain private roads unless the subdivision is platted and the roads accepted by the County. The Seller, its agents and persons acting with the Seller are under no duty and have not been paid to, and I do not agree to pay them to plat the property or make the roads public roads, but I do not object to platting or making the roads public roads and I would like for that to happen. I understand that the County has no obligation to maintain any private roads and the roads in the subdivision are in fact private roads. I understand that the purchase price of the property does not pay the Developer to plat the subdivision or take any action to develop the subdivision and that the purchase transaction I entered was for private roads in the subdivision and that is my obligation and the obligation of the other land owners in the subdivision to maintain the roads. However, it is to my benefit to have public roads and a platted subdivision. I therefore granted to the Seller the power to proceed with the platting process and the dedication of the roads to the public, understanding that he has no contractual or other obligation to do so and may choose to do so or not do so. There is no written or oral agreement or promise or statement that the property will ever be platted or that the roads will ever be anything but private roads, but the seller has the power to plat the property and dedicate the roads at his will. I understand that the power of attorney I gave to the Seller is only to facilitate the platting of the subdivision should the developer care to do so. I understand that engineers and surveyors may differ in opinion as to the exact boundary lines between lots which are sold by metes and bounds descriptions and they may differ as to the exact boundary lines between platted lots and they may differ as to the exact boundary lines between platted lots and metes and bounds descriptions. If there is any dispute between the description of the property when I purchased the property and the description of the property as platted, the description of the property as platted shall control. The Seller agrees to treat me fairly in the description of my property in the plat. I understand that if the property is not platted, and the road is not dedicated, and the plat is approved and the roads accepted for maintenance by the County that the roads should be maintained by the Diamond Ridge Home Owner's Association and that I will be charged for the maintenance of the roads by that association and I will be required to pay for that maintenance. I further understand that the County has not approved any plat at this time and that the property is being sold by metes and bounds description and the roads are private, privately maintained roads.

Signed this _19th_ day of _October_ 2000.

_[signature]_  10/19/00
Hollis G. Belcher

PLs' Exhibit 33                                                                                                           006177