# Anson Financial, Inc. dba AFI Mortgage

**NMLS No. 281151**  
**62 Main Street, Ste. 300**  
**Colleyville, Texas 76034**

**(817) 267-8799 Phone**  
**(817) 485-1117 Fax**

April 24, 2019

Caleb I. Moore  
Law Firm of Caleb Moore, PLLC  
2205 Martin Drive, Suite 200  
Bedford, TX 76021

Re: Wrongful Withdraw of Frazier Asset Management, Inc. now known as B. Frazier Management, Inc. from the Alvord 287 Joint Venture.

### *FULL SATISFACTION NOTICE*

1. THE $105,900.17 PLUS ACCRUED INTEREST AT 6% FROM 4/24/2019 THAT IS BEING OFFERED IS MADE IN FULL SATISFACTION OF ANSON FINANCIAL, INC.'S REDEMPTION OBLIGATIONS.

2. ANY ACTION TO DETERMINE THE REDEMPTION PRICE OR OTHER TERMS OF THE REDEMPTION OBLIGATION MUST BE COMMENCED WITHIN ONE YEAR AFTER THE DATE OF THIS WRITTEN NOTICE, OR THE DATE OF DELIVERY OF ANY REQUIRED EXPLANATORY STATEMENT, WHICHEVER IS LATER. TEX. BUS. ORGS. CODE §152.607(d)(1)

Dear Mr. Moore,

    This Full Satisfaction Notice amends and replaces the previous notice sent to you. We have added the "FULL SATISFACTION NOTICE" required by Tex. Bus. Orgs. Code §152.607(d)(1).

    In addition, a mistake was made in the calculation of interest on the previous offer. That calculation has been corrected. Therefore, the correct offer being made by Anson Financial, Inc. in FULL SATISFACTION of the Redemption obligation of Anson Financial, Inc. is $105,900.17 plus accrued interest from 4/24/2019 until it is paid.

    Pursuant to Tex. Bus. Orgs. Code § 152.501(b)(8), the termination of that partner's existence is an event of withdrawal. In other words, if an entity is a partner in a partnership and the legal existence of that entity is terminated, an event of withdrawal occurs **automatically**.

PLs' Exhibit 48

Also, death, **termination of existence**, and incapacity **are statutory events of withdrawal that may not be varied by the partnership agreement or by any other agreement of the partners**. Tex. Bus. Orgs. Code § 152.002(b)(5)

As you are very aware, your client's entity, Frazier Asset Management, Inc. now known as B. Frazier Management, Inc. ("Frazier"), as was the practice of Frazier and Brian Frazier, according to his affidavit, willfully allowed Frazier Asset Management, Inc. to be terminated on 2/8/2013.

Therefore, your client was not a partner when Anson purchased the interest of Jentex. By law, it was not possible. Also, by law, Brian Frazier, individually had no interest in anything other than his interest in Frazier Asset Management, Inc. Frazier Asset Management, Inc. only had it's right of redemption for its interest in the partnership, the Alvord 287 Joint Venture as of 2/8/2019.

Per the affidavit, emails and judicial admissions of your client Brian Frazier and/or Frazier, the Joint Venture or Partnership was established for the sole purpose of buying the specific tracts of land and selling them.

Therefore, you client wrongfully withdrew from the Partnership on 2/8/2013. Multiple offers were made in Sept. 2014 and Oct. 2014 prior to your client filing the lawsuit. The offers then were higher than the liquidation value but your client refused to even consider any of the redemption offers, refused to even look at the financial information that Anson provided and have been made since that time to redeem your clients' interest in the partnership.

Your client has acted in bad faith, arbitrarily and vexatiously. Damages, in any amount that the court finds equitable, may include reasonable attorney's fees, and fees and expenses of appraisers or other experts used by a party. **Tex. Bus. Orgs. Code § 152.609(e)**.

Frazier's Bad Faith conduct and your own words in emails to your clients representatives, the litigation follows the definition of vexatious litigation:

> **"Legal proceedings started with malice and without good case.**
> **Vexatious litigation is meant to bother, embarrass, or cause legal**
> **expenses to the defendant."**

PLs' Exhibit 48

3 | P a g e

Based on the foregoing, Anson Financial, Inc. makes this, it's Redemption Offer pursuant to Tex. Bus. Orgs. Code 152.607, to Redeem Frazier's interest in the Alvord 287 Joint Venture.

**REDEMPTION OFFER**

Anson Financial, Inc. ("Anson") on behalf of the Alvord 287 Joint Venture, hereby offers the redemption price for the partner's interest. The Redemption price is allowed to be based on the **liquidation value** rather than going-concern value pursuant to Tex. Bus. Orgs. Code § 152.602(b) because of Frazier's wrongful withdrawal.

Under **Tex. Bus. Orgs. Code § 152.602(b)** The redemption price of the partnership interest of a partner who wrongfully withdraws before the expiration of the partnership's period of duration, the completion of a particular undertaking, or the occurrence of a specified event requiring a winding up of partnership business is the lesser of:
- (1) the fair value of the withdrawn partner's partnership interest **on the date of withdrawal**
- (2) the amount that the withdrawn partner would have received if an event requiring a winding up of partnership business had occurred **at the time of the partner's withdrawal.**

Under Tex. Bus. Orgs. Code § 152.604, the Partnership may set off against the redemption price payable to the withdrawn partner the damages for wrongful withdrawal under Tex. Bus. Orgs. Code §152.503(b) and all other amounts owed by the withdrawn partner to the partnership, whether currently due, including interest.

As you are aware, prior to Anson purchasing the interest of Jentex Financial, Inc. ("Jentex"), Jentex offered to buy out Frazier's Interest, sell Frazier Jentex's interest or just split the assets. Frazier refused to take advantage of any of the options offered.

Jentex Financial, Inc. sold it's 50% interest to Anson for $325,000 on 9/14/2014 which would be higher than a liquidation value as it was an arm's length negotiation between two parties.

Therefore, Anson's Redemption Offer to Frazier is $325,000 with 6% interest from 2/8/2013 through today less part of the attorney fees expended by Anson in defending itself from the lawsuit Frazier filed in bad faith, arbitrarily and vexatiously, specifically for part of the attorney fees because:

1. Frazier has acted in Bad Faith in negotiating a Redemption price and instead has acted arbitrarily,
2. the claims that Brian Frazier has the right to claim the assets individually (the Tex. Bus. Org. Code does not allow this)
3. that Frazier still had claims against Anson (Frazier was not a partner in the Alvord 287 Joint Venture by operation of law effective 2/8/2013 and no agreements were

3 | P a g e

PLs' Exhibit 48

4 | Page

4. ever made to nullify this wrongful termination by Frazier. As Frazier was no longer a partner as of 2/8/2013, as a matter of law, it has no claims against anyone other than to determine what the value of the partnership interest was on 2/8/2013)
5. Issues involved with Brian Frazier's negligent handling of Frazier.(The Tex. Bus. Orgs. Code does not allow derivative suits by corporation in which the party committing the bad acts is the single shareholder. Frazier knows this but still makes frivolous claims to run up expenses).
6. the derivative claims asserted. (As stated under 3, derivative claims are not allowed when the party committing the bad acts are the only owner of the entity.)

In addition, Frazier's ½ of the cost of the CPA Firm Ray and Milburn. (See the attached calculations for how the calculations were made).

Anson has offered numerous times to try and settle the account including meeting with Everett Frazier in order to have a person to moderate a split of the assets. That has always been rebuffed.

Per the calculation figures, by paying the $325,000 with 6% interest and deducting the money that Frazier got, the remaining balance owed under our calculations for full satisfaction of the redemption price of Frazier's interest in the Alvord 287 Joint Venture is $105,900.17 plus accrued interest at 6% per annum until the balance is paid. Attached are the 2014, 2015, 2016 and 2017 Tax Returns that show the P&L and Balance Sheet for each year. You and Frazier already have these but they are being produced again so we have a record of it.

Please let us know within thirty (30) days from today if this offer is acceptable. If we have not heard from you within 30 days, we will amend the Counter-Plaintiffs Original Petition filed on 4/24/2019 and ask the court to determine the liquidation value as set out in the Tex. Bus. Orgs. Code and seek any and all other remedies available due to Frazier's bad faith conduct in negotiating the redemption price.

Thank you,

J. Michael Ferguson

PLs' Exhibit 48

5 | Page

## Calculations Used for Redemption Price

| Date of Wrongful Withdrawl | 2/8/2013 |
|---|---|
| Interest Rate | 6% |
| Liquidation Value for Wrongful Withd | $325,000.00 |

| Date | Days of Interest | Payment | Beginning Balance | Interest | Principal | Ending Balance | Accured Interest | Accrued Unpaid Interest | Memo |
|---|---|---|---|---|---|---|---|---|---|
| 2/8/2013 | | | $325,000.00 | | | $325,000.00 | | | |
| 6/7/2013 | 119 | 5,000.00 | $325,000.00 | $5,000.00 | $0.00 | $325,000.00 | $6,357.53 | $1,357.53 | |
| 12/16/2013 | 192 | 12,000.00 | $325,000.00 | $11,615.06 | $384.94 | $324,615.06 | $10,257.53 | ($1,357.53) | |
| 6/2/2014 | 168 | 22,500.00 | $324,615.06 | $8,964.71 | $13,535.29 | $311,079.78 | $8,964.71 | $0.00 | |
| 9/30/2016 | 851 | 89,000.00 | $311,079.78 | $43,517.08 | $45,482.92 | $265,596.85 | $43,517.08 | $0.00 | |
| 10/11/2016 | 11 | 35,000.00 | $265,596.85 | $480.26 | $34,519.74 | $231,077.11 | $480.26 | $0.00 | |
| 11/22/2016 | 42 | 19,000.00 | $231,077.11 | $1,595.38 | $17,404.62 | $213,672.49 | $1,595.38 | $0.00 | |
| 4/17/2017 | 146 | 20,000.00 | $213,672.49 | $5,128.14 | $14,871.86 | $198,800.63 | $5,128.14 | $0.00 | |
| 5/19/2017 | 32 | 30,000.00 | $198,800.63 | $1,045.75 | $28,954.25 | $169,846.38 | $1,045.75 | $0.00 | |
| 9/10/2017 | 114 | 30,000.00 | $169,846.38 | $3,182.87 | $26,817.13 | $143,029.25 | $3,182.87 | $0.00 | |
| 4/17/2019 | 584 | 35,000.00 | $143,029.25 | $13,730.81 | $21,269.19 | $121,760.06 | $13,730.81 | $0.00 | Atty Fees |
| 4/24/2019 | 7 | 16,000.00 | $121,760.06 | $140.11 | $15,859.89 | $105,900.17 | $140.11 | $0.00 | Accountants |
| Total | | | | $94,400.17 | $219,099.83 | | $94,400.17 | $0.00 | 2 |

5 | Page

PLs' Exhibit 48