NOTICE OF CONFIDENTIALITY RIGHTS:   IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS:   YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.

## Deed of Trust
### Terms

**Date:**   08/01/2020

**Grantor:**   Cesar Campos Duron and Diana Lucia Acosta

**Grantor's Mailing Address:**   481 PR 4732, Rhome, TX 76078

**Trustee:**   J. Michael Ferguson

**Trustee's Mailing Address:**   62 Main Street, Suite 310, Colleyville, Texas 76034

**Lender:**   Alvord 287 Joint Venture

**Lender's Mailing Address:**   62 Main Street, Suite 300, Suite 300

**Obligation**
 Note
  Date: 08/01/2020
  Original principal amount: $38,000.00
  Borrower: Cesar Campos Duron and Diana Lucia Acosta
  Lender: Alvord 287 Joint Venture
  Maturity date: 08/01/2040
  Terms of Payment: As provided in the note.

   Other Debt:    This deed of trust also secures payment of any debt that Grantors may subsequently owe to Lender and that arises while Grantors own the Property.

**Property (including any improvements):**

   **Lot 79 & 80, Diamond Ridge Estates, an unplatted subdivision in Wise County, Texas. See Exhibit A for the Metes and Bounds.** *(*commonly known as: "481 PR 4732, Rhome, TX 76078").

**Prior Lien:**   None

---

Deed of Trust   Page  1

PLs' Exhibit 51

012497

**Other Exceptions to Conveyance and Warranty:**

Liens described as part of the Consideration and any other liens described in the deed to Grantors as being either assumed or subject to which title is taken; validly existing easements, rights-of-way, and prescriptive rights, whether of record or not; all presently recorded and validly existing instruments, other than conveyances of the surface fee estate, that affect the Property; and taxes for 2019, and subsequent assessments for that and prior years due to change in land usage, ownership, or both.

For value received and to secure payment of the Obligation, Grantors convey the Property to Trustee in trust. Grantors warrant and agree to defend the title to the Property, subject to the Other Exceptions to Conveyance and Warranty. On payment of the Obligation and all other amounts secured by this deed of trust, this deed of trust will have no further effect, and Lender will release it at Grantors' expense.

## Clauses and Covenants

A.  **Grantors' Obligations**

Grantors agree to-

1. keep the Property in good repair and condition;

2. pay all taxes and assessments on the Property before delinquency, not authorize a taxing entity to transfer its tax lien on the Property to anyone other than Lender, and not request a deferral of the collection of taxes pursuant to section 33.06 of the Texas Tax Code;

3. defend title to the Property subject to the Other Exceptions to Conveyance and Warranty and preserve the lien's priority as it is established in this deed of trust;

4. maintain all insurance coverages with respect to the Property, revenues generated by the Property, and operations on the Property that Lender reasonably requires ("Required Insurance Coverages"), issued by insurers and written on policy forms acceptable to Lender, and deliver evidence of the Required Insurance Coverages in a form acceptable to Lender at least ten days before the expiration of the Required Insurance Coverages;

5. obey all laws, ordinances, and restrictive covenants applicable to the Property;

6. keep any buildings occupied as required by the Required Insurance Coverages;

7. if the lien of this deed of trust is not a first lien, pay or cause to be paid all prior lien notes and abide by or cause to be abided by all prior lien instruments; and

8. notify Lender of any change of address.

B.  **Lender's Rights**

1. Lender or Lender's mortgage servicer may appoint in writing one or more substitute trustees, succeeding to all rights and responsibilities of Trustee.

2. If the proceeds of the Obligation are used to pay any debt secured by prior liens, Lender

PLs' Exhibit 51                                                                                               012498

is subrogated to all the rights and liens of the holders of any debt so paid.

      3.      Lender may apply any proceeds received under the property insurance policies covering the Property either to reduce the Obligation or to repair or replace damaged or destroyed improvements covered by the policy. If the Property is Grantors' primary residence and Lender reasonably determines that repairs to the improvements are economically feasible, Lender will make the property insurance proceeds available to Grantors for repairs.

      4.      Notwithstanding the terms of the Note to the contrary, and unless applicable law prohibits, all payments received by Lender from Grantors with respect to the Obligation or this deed of trust may, at Lender's discretion, be applied first to amounts payable under this deed of trust and then to amounts due and payable to Lender with respect to the Obligation, to be applied to late charges, principal, or interest in the order Lender in its discretion determines.

      5.      If Grantors fail to perform any of Grantors' obligations, Lender may perform those obligations and be reimbursed by Grantors on demand for any amounts so paid, including attorney's fees, plus interest on those amounts from the dates of payment at the rate stated in the Note for matured, unpaid amounts. The amount to be reimbursed will be secured by this deed of trust.

      6.      If a default exists in payment of the Obligation or performance of Grantors obligations and the default continues after any required notice of the default and the time allowed to cure, Lender may-

      a.      declare the unpaid principal balance and earned interest on the Obligation immediately due;

      b.      exercise Lender's rights with respect to rent under the Texas Property Code as then in effect;

      c.      direct Trustee to foreclose this lien, in which case Lender or Lender's agent will cause notice of the foreclosure sale to be given as provided by the Texas Property Code as then in effect; and

      d.      purchase the Property at any foreclosure sale by offering the highest bid and then have the bid credited on the Obligation.

      7.      Lender may remedy any default without waiving it and may waive any default without waiving any prior or subsequent default.

**C.      Trustee's Rights and Duties**

      If directed by Lender to foreclose this lien, Trustee will-

      1.      either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code as then in effect;

      2.      sell and convey all or part of the Property "AS IS" to the highest bidder for cash with a general warranty binding Grantors, subject to the Prior Lien and to the Other Exceptions to Conveyance and Warranty and without representation or warranty, express or implied, by Trustee;

---

Deed of Trust       Page 3

PLs' Exhibit 51

    3.    from the proceeds of the sale, pay, in this order-

        a.    expenses of foreclosure, including a reasonable commission to Trustee;

        b.    to Lender, the full amount of principal, interest, attorney's fees, and other charges due and unpaid;

        c.    any amounts required by law to be paid before payment to Grantors; and

        d.    to Grantors, any balance; and

    4.    be indemnified, held harmless, and defended by Lender against all costs, expenses, and liabilities incurred by Trustee for acting in the execution or enforcement of the trust created by this deed of trust, which includes all court and other costs, including attorney's fees, incurred by Trustee in defense of any action or proceeding taken against Trustee in that capacity.

**D.    General Provisions**

    1.    If Lender fails to make when due any deposit to the tax and insurance reserve fund provided for under the deed of trust securing payment of the prior note, Grantors will have the right to make the deposit to the tax and insurance reserve fund as long as Grantors are not in default in payment of the Note secured by this deed of trust or in performance of the covenants of this deed of trust. If Grantors make such a deposit, Grantors will receive credit on the tax and insurance reserve fund provided for in this deed of trust for all amounts so deposited, as of the date of the deposit.

    2.    If any of the Property is sold under this deed of trust, Grantors must immediately surrender possession to the purchaser. If Grantors fail to do so, Grantors will become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.

    3.    Recitals in any trustee's deed conveying the Property will be presumed to be true.

    4.    Proceeding under this deed of trust, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.

    5.    This lien will remain superior to liens later created even if the time of payment of all or part of the Obligation is extended or part of the Property is released.

    6.    If any portion of the Obligation cannot be lawfully secured by this deed of trust, payments will be applied first to discharge that portion.

    7.    Grantors assign to Lender all amounts payable to or received by Grantors from condemnation of all or part of the Property, from private sale in lieu of condemnation, and from damages caused by public works or construction on or near the Property. After deducting any expenses incurred, including attorney's fees and court and other costs, Lender will either release any remaining amounts to Grantors or apply such amounts to reduce the Obligation. Lender will not be liable for failure to collect or to exercise diligence in collecting any such amounts. Grantors will immediately give Lender notice of any actual or threatened proceedings for condemnation of all or part of the Property.

    8.    Grantors collaterally assign to Lender all present and future rent from the Property and its

PLs' Exhibit 51     012500

proceeds.  Grantors warrant the validity and enforceability of the assignment.  Grantors will apply all rent to payment of the Obligation and performance of this deed of trust, but if the rent exceeds the amount due with respect to the Obligation and the deed of trust, Grantors may retain the excess.  If a default exists in payment of the Obligation or performance of this deed of trust, Lender may exercise Lender's rights with respect to rent under the Texas Property Code as then in effect.  Lender neither has nor assumes any obligations as lessor or landlord with respect to any occupant of the Property.  Lender may exercise Lender's rights and remedies under this paragraph without taking possession of the Property.  Lender will apply all rent collected under this paragraph as required by the Texas Property Code as then in effect.  Lender is not required to act under this paragraph, and acting under this paragraph does not waive any of Lender's other rights or remedies.

9. Interest on the debt secured by this deed of trust will not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law.  Any interest in excess of that maximum amount will be credited on the principal of the debt or, if that has been paid, refunded.  On any acceleration or required or permitted prepayment, any such excess will be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded.  This provision overrides any conflicting provisions in this and all other instruments concerning the debt.

10. In no event may this deed of trust secure payment of any debt that may not lawfully be secured by a lien on real estate or create a lien otherwise prohibited by law.

11. When the context requires, singular nouns and pronouns include the plural.

12. The term *Note* includes all extensions, modifications, and renewals of the Note and all amounts secured by this deed of trust.

13. Grantors will deposit with Lender or other holder of the Note, in addition to the principal and interest installments, a pro rata part of the estimated annual ad valorem taxes on the Property and a pro rata part of the estimated annual insurance premiums for the improvements on the Property.  These tax and insurance deposits are only estimates and may be insufficient to pay total taxes and insurance premiums.  Grantors must pay any deficiency within thirty days after notice from Lender or other holder of the Note.  Grantors' failure to pay the deficiency will constitute a default under the Deed Trust.  If any superior lienholder on the Property is collecting escrow payments for taxes and insurance, this paragraph will be inoperative as long as payments are being made to the superior lienholder.

14. If the Property is transferred by foreclosure, the transferee will acquire title to all insurance policies on the Property, including all paid but unearned premiums.

15. Grantors agree to allow Lender or Lender's agents to enter the Property at reasonable times and inspect it and any personal property in which Lender is granted a security interest by this deed of trust.

16. GRANTORS MAY FURNISH ANY INSURANCE REQUIRED BY THIS DEED OF TRUST EITHER THROUGH EXISTING POLICIES OWNED OR CONTROLLED BY GRANTORS OR THROUGH EQUIVALENT COVERAGE FROM ANY INSURANCE COMPANY AUTHORIZED TO TRANSACT BUSINESS IN TEXAS.

17. If Grantors transfer any part of the Property without Lender's prior written consent, Lender may declare the debt secured by this deed of trust immediately payable and invoke any remedies

PLs' Exhibit 51                                                                                                                             012501

provided in this deed of trust for default. If the Property is residential real property containing fewer than five dwelling units or a residential manufactured home occupied by Grantors, exceptions to this provision are limited to (a) a subordinate lien or encumbrance that does not transfer rights of occupancy of the Property; (b) creation of a purchase-money security interest for household appliances; (c) transfer by devise, descent, or operation of law on the death of a co-Grantor; (d) grant of a leasehold interest of three years or less without an option to purchase; (e) transfer to a spouse or children of Grantors or between co-Grantors; (f) transfer to a relative of Grantors on Grantors' death; and (g) transfer to an inter vivos trust in which Grantors are and remain beneficiaries and occupants of the Property.

18. This deed of trust binds, benefits, and may be enforced by the successors in interest of all parties.

19. If Grantors and Borrowers are not the same person, the term *Grantors* includes Borrowers.

20. Grantors and each surety, endorser, and guarantor of the Obligation waive, to the extent permitted by law, all (a) demand for payment, (b) presentation for payment, (c) notice of intention to accelerate maturity, (d) notice of acceleration of maturity, (e) protest, (f) notice of protest, and (g) rights under sections 51.003, 51.004, and 51.005 of the Texas Property Code.

21. Grantors will have full recourse liability for repayment of the principal and interest of the Note and the performance of all covenants and agreements of Grantors in this Deed of Trust.

22. Grantors agree to pay reasonable attorney's fees, trustee's fees, and court and other costs of enforcing Lender's rights under this deed of trust if this deed of trust is placed in the hands of an attorney for enforcement.

23. If any provision of this deed of trust is determined to be invalid or unenforceable, the validity or enforceability of any other provision will not be affected.

24. The term *Lender* includes any mortgage servicer for Lender.

25. Grantors represent that this deed of trust and the Note are given for the following purposes:

The debt evidenced by the Note is in part payment of the purchase price of the Property; the debt is secured both by this deed of trust and by a vendor's lien on the Property, which is expressly retained in a deed to Grantors of even date. This deed of trust does not waive the vendor's lien, and the two liens and the rights created by this deed of trust are cumulative. Lender may elect to foreclose either of the liens without waiving the other or may foreclose both.

*<u>Signature Page to Follow</u>*

PLs' Exhibit 51

012502

_Cesar Campos_
Cesar Campos Duron

_Diana_
Diana Lucia Acosta

STATE OF TEXAS )

COUNTY OF TARRANT )

This instrument was acknowledged before me on 07/30/2020, by Cesar Campos Duron.

Notary Public, State of Texas

[Notary seal: RUBY RIOS, Notary Public, State of Texas, Comm. Expires 06-19-2023, Notary ID 132056406]

STATE OF TEXAS )

COUNTY OF TARRANT )

This instrument was acknowledged before me on 07/30/2020, by Diana Lucia Acosta.

Notary Public, State of Texas

[Notary seal: RUBY RIOS, Notary Public, State of Texas, Comm. Expires 06-19-2023, Notary ID 132056406]

After Recording, Return to:
Ferguson & Associates, LLC
62 Main Street, Suite 310
Colleyville, Texas 76034

Deed of Trust                                                                                       Page 7

PLs' Exhibit 51                                                                                     012503

Exhibit 36

September 20, 1998

0530-0443

Tract 79

Field Notes For:

A 1.00 acre tract of land in the G. B. Buchanan Survey A-31, Wise County, Texas and being part of a tract of land described in deed to The Alvord 287 Joint Venture recorded in Volume 796, Page 674 Deed Records, Wise County, Texas and being more particularly described as follows:

BEGINNING at an iron rod set in the north line of a sixty foot road from which the southeast corner of said Joint Venture tract bears North 89°41'19" East 510.25 feet and South 37°52'01" East 475.92 feet;

THENCE South 89°41'19" West with the the north line of a sixty foot road 157.00 feet to an iron rod set for corner;

THENCE North 00°18'41" West 277.45 feet to an iron rod set for corner;

THENCE North 89°41'19" East 157.00 feet to an iron rod set for corner;

THENCE South 00°18'41" East 277.45 feet to the POINT OF BEGINNING.

The foregoing field notes were prepared from a survey made on the ground under my supervision.

There are no visible easements or encroachments except as shown.

Surveyed May 14, 1998.
See plat dated 5-16-1998.

Patrick L. Walters
Registered Professional Land Surveyor

PLs' Exhibit 51

Exhibit 37

September 20, 1998

0530-0443

Tract 80

Field Notes For:

A 1.00 acre tract of land in the G. B. Buchanan Survey A-31, Wise County, Texas and being part of a tract of land described in deed to The Alvord 287 Joint Venture recorded in Volume 796, Page 674 Deed Records, Wise County, Texas and being more particularly described as follows:

BEGINNING at an iron rod set in the north line of a sixty foot road from which the southeast corner of said Joint Venture tract bears North 89°41'19" East 667.25 feet and South 37°52'01" East 475.92 feet;

THENCE South 89°41'19" West with the the north line of a sixty foot road 157.00 feet to an iron rod set for corner;

THENCE North 00°18'41" West 277.45 feet to an iron rod set for corner;

THENCE North 89°41'19" East 157.00 feet to an iron rod set for corner;

THENCE South 00°18'41" East 277.45 feet to the POINT OF BEGINNING.

The foregoing field notes were prepared from a survey made on the ground under my supervision.

There are no visible easements or encroachments except as shown.

Surveyed May 14, 1998.
See plat dated 5-16-1998.

Patrick L. Walters
Registered Professional Land Surveyor

PLs' Exhibit 51

012505