## Milbern Ray and Company
### L.L.P.
#### Certified Public Accountants

MILBERN D. RAY, C.P.A., 1933-2006
RONALD D. RAY, C.P.A.
KENT A. RAY, C.P.A.

4831 Merlot Avenue, Suite 320
Grapevine, Texas 76051

P.O. Box 849
Bedford, Texas 76095-0849
(817) 552-7661 Metro (817) 552-2895
FAX (817) 552-1391
www.milbernray.com

MEMBER:
AMERICAN INSTITUTE
OF CERTIFIED PUBLIC
ACCOUNTANTS

February 4, 2019

Nate Richards
Ferguson & Associates, LLC
62 Main Street, Suite 310
Colleyville, TX 76034

Caleb Moore
Law Firm of Caleb Moore, PLLC
2205 Martin Drive, Suite 200
Bedford, TX 76021

We are pleased to confirm our understanding of the terms of our engagement and the nature and limitations of the services we are to provide for the Alvord 287 Joint Venture (the Joint Venture).

We will apply the agreed-upon procedures listed in the attached schedule (see Exhibit 1) that were specified and agreed to by B. Frazier Management, Inc. (Frazier) and Anson Financial, Inc. (Anson) regarding the financial records of the Joint Venture for the period September 1, 2014 to October 23, 2018. Our engagement to apply agreed-upon procedures will be conducted in accordance with attestation standards established by the American Institute of Certified Public Accountants. The sufficiency of the procedures performed or to be performed is solely the responsibility of Frazier and Anson and we will require an acknowledgment in writing of that responsibility. Consequently, we make no representation regarding the sufficiency of the procedures described in the attached schedule either for the purpose for which the agreed-upon procedures report has been requested or for any other purpose.

Because the agreed-upon procedures listed in the attached schedule do not constitute an examination or review, we will not express an opinion or conclusion on the Joint Venture. In addition, we have no obligation to perform any procedures beyond those listed in the attached schedule.

Referencing the court order dated October 23, 2018, the revised court order dated January 18, 2019, and the letter from Caleb Moore in an e-mail dated January 31, 2019 the timing of our engagement will depend on the acceptance of the agreed upon procedures and the receipt and sufficiency of requested documentation. Once we receive the requested documentation we will review and communicate a projected timeframe for the execution and completion of this engagement.

We will issue a written report upon completion of our engagement that lists the procedures performed and our findings. Our report will be addressed to both Frazier and Anson. If, for any reason, we are unable to complete



PLs' Exhibit 54                KR Depo Exhibit 10

any of the procedures, we will describe in our report any restrictions on the performance of the procedures, or not issue a report and withdraw from this engagement. You understand that the report is intended solely for the information and use of both Frazier and Anson, and should not be used by anyone other than these specified parties. Our report will contain a paragraph indicating that had we performed additional procedures, other matters might have come to our attention that would have been reported to you.

An agreed-upon procedures engagement is not designed to detect instances of fraud or noncompliance with laws or regulations; however, we will communicate to you any known and suspected fraud and noncompliance with laws or regulations affecting the Joint Venture that come to our attention. In addition, if, in connection with this engagement, material matters come to our attention that contradict the financial records of the Joint Venture, we will disclose those matters in our report.

Both Frazier and Anson are responsible for the financial records of the Joint Venture and that it is in accordance with the Joint Venture Agreement and any subsequent amendments; and for selecting the criteria and procedures and determining that such criteria and procedures are appropriate for your purposes. Both Frazier and Anson are also responsible for, and agree to provide us with, a written assertion about the financial records of the Joint Venture as of 9/1/2014, the date that Anson purchased Jentex Financial, Inc. 50% interest in the Joint Venture (see attached Exhibit 2). The initial list of requested documentation is in attached Exhibit 3. In addition, you are responsible for providing us with (1) access to all information of which you are aware that is relevant to the performance of the agreed-upon procedures on the subject matter, (2) additional information that we may request for the purpose of performing the agreed-upon procedures, and (3) unrestricted access to persons within the entity from whom we determine it necessary to obtain evidence relating to performing those procedures.

At the conclusion of our engagement, we will require certain written representations in the form of a representation letter from management that, among other things, will confirm management's responsibility for the financial records of the Joint Venture and that it is in accordance with the Joint Venture Agreement and subsequent amendments.

Kent Ray is the engagement partner and is responsible for supervising the engagement and signing the report or authorizing another individual to sign it.

We estimate that our fees for these services will range from $32,000 to $35,000, a 20% retainer is due prior the start of this engagement and will be applied to the final invoice at the end of the engagement. Our fees for these services will be based on actual time spent at our standard hourly rates, which are between $150 and $260 an hour. Our standard hourly rates vary according to the degree of responsibility involved and the experience level of the personnel assigned to your engagement. You will also be billed for travel and other out-of-pocket costs such as report production, word processing, postage, etc. The fee estimate is based on anticipated cooperation from your personnel and the assumption that unexpected circumstances will not be encountered during the engagement. If significant additional time is necessary, we will discuss it with you and arrive at a new fee estimate before we incur the additional costs. Our invoices for these fees will be rendered each month as work progresses and are payable on presentation. In accordance with our firm policies, work may be suspended if your account becomes 30 or more overdue and will not be resumed until your account is paid in full. If we elect to terminate our services for nonpayment, our engagement will be deemed to have been completed upon written notification of termination even if we have not completed our report. You will be obligated to compensate us for all time expended and to reimburse us for all out-or-pocket expenditures through the date of termination.

We appreciate the opportunity to assist you and believe this letter accurately summarizes the significant terms of our engagement. If you have any questions, please let us know. If you agree with the terms of our engagement as described in this letter, please sign the enclosed copy and return it to us. If the need for additional procedures arises, or the procedures need to be modified, our agreement with you will need to be revised. It is customary for us to enumerate these revisions in an addendum to this letter. If additional specified parties of the report are added, we will require that they acknowledge in writing their agreement with the procedures performed or to be performed and their responsibility for the sufficiency of procedures.

Very truly yours,
Milbern Ray & Company, L.L.P.

*[signature]*

Kent A. Ray, C.P.A.


RESPONSE:
This letter correctly sets forth the understanding of the Alvord 287 Joint Venture engagement.


B. Frazier Management, Inc.

By: *[signature]*

Title: Attorney Authorized to Sign

Date: 2-26-19


Anson Financial, Inc.

By: _____

Title: _____

Date: _____

**Exhibit 1 – Agreed upon procedures**

The following are the agreed upon procedures for the Alvord 287 Joint Venture:

- Cash
    - Agree cash receipts and disbursements to bank statement, if needed, including notes receivable, loan payments, partner distributions, and expenses.
    - Recalculate balances and activity in Alvord 287 JV due to/due from account on Anson's books.
- Notes Receivable
    - Agreement payments received to note amortization tables. Trace payments to bank statements, if needed. Recalculate amounts due as of each year-end and as of 10/23/2018.
    - Confirm all new note receivables were added to the notes receivable sub-ledger.
- Fixed Assets
    - Obtain a list of assets owned. Trace activity to supporting documentation. Vouch any capitalized expenses. Recalculate balances as of each year-end and as of 10/23/2018.
- Loan Payable (Affiliate loan payable and Bank Notes)
    - Agreement payments made to note payables. Trace payments to bank statements, if needed.
- Partner Distributions
    - Agree all payments made to partners to general ledger (G/L), check copies, and bank statements, if needed.
- Interest Income
    - Recalculate interest earned from notes receivable
- Calculation of loan service fee by Anson
    - Recalculate loan service fee
- Lots Sales
    - Obtain a schedule of sales during the period. Agree lot sales to fix asset subledger, notes receivable (if applicable), agreement payments received.
- Repossession activity
    - Obtain a schedule of repossessed lots during the period. Trace activity from supporting documents to G/L.
- Expenses
    - Vouch expenses to supporting invoices and payments

RESPONSE:
Exhibit 1 correctly sets forth the understanding of the agreed upon procedures for the Alvord 287 Venture engagement,

| B. Frazier Management, Inc | Anson Financial, Inc. |
|---|---|
| By: *[signature]* | By: |
| Title: Attorney Authorized | Title: |
| Date: 2-26-19 | Date: |

/

**Exhibit 2 – Written assertion about the financial records of the Alvord 287 Joint Venture**

As of 9/1/2014, the date that Anson Financial Inc. (Anson) purchase of Jentex Financial, Inc. 50% interest in the Alvord 287 Joint Venture (the Joint Venture). **All items must be signed off by both partners agreeing that balances were agreeable as a starting point.**
- Balance Sheet
- Note Payable/Loan Balance – Detailed report if more than one lender was being used.
- Notes Receivable (Borrowers) Balance – Detail report by clients account of all receivables (borrowers) being serviced/held by the Joint Venture.
- Asset list that details all land/lots owned.

RESPONSE:
We agree that the 9/1/2014 balances identified in Exhibit 2 and provided to Milbern Ray & Company L.L.P. are accurate and agreeable to both parties as an valid starting point for the Alvord 287 Joint Venture engagement.

| B. Frazier Management, Inc | | Anson Financial, Inc. | |
|---|---|---|---|
| By: | *[signature]* | By: | |
| Title: | Attorney & Authorized to sign | Title: | |
| Date: | 2-26-19 | Date: | |

**Exhibit 3 – Preliminary document request list the**

- The Joint Venture Agreement and all subsequent amendments for the Alvord 287 Joint Venture.
- General Ledger Activity for all accounts including all notes receivables for the following periods:
    - 9/1/2014 – 12/31/2014
    - 1/1/2015 – 12/31/2015
    - 1/1/2016 – 12/31/2016
    - 1/1/2017 – 12/31/2017
    - 1/1/2018 - 10/23/2018
    - If using QuickBooks the above information could be replaced by an accountants copy of the QuickBooks file..
- For the time frame of 9/1/2014 to 10/23/2018, need
    - All Tracks sold:
        - Closing documents
        - Copies of checks received/disbursed
        - HUD1
    - All tracks repossessed:
        - Support for repossession including entry to book lot back on Alvord's books
    - For all notes receivable with a balance owed between the date above:
        - Copy of Loan agreement
        - Copy of Amortization Table
        - Escrow account activity, if applicable
        - Detail/support for all payments received on notes receivables:
            - Balance by month end (principal owned and interest earned)
            - Check copies
            - ACH report show receipts
    - For all loans:
        - Copy of loan statements
        - Copies of payments made
        - Interest capitalized
        - Payoff statement(s)
    - For all partner distributions:
        - Support for payments made.
    - Detail and support for transaction on the Due to/From Account with Alvord on Anson's books. Assuming this would tie to cash per tax returns since no separate bank account exist for Alvord. Including verification that monies went into account (i.e. bank statements, if needed).
    - Support/detail for expenses incurred or capitalized (invoices and payment):
        - Repairs and maintenance
        - Property taxes
        - Closing costs
        - Loan servicing fees
        - Professional fees
        - Foreclosure expenses
        - Mowing
        - Sales expense
- Detail/support on all land/lots owned at 10/23/2018.
- Support for Note Discounts earned during 2017 tax year.
- Detail on Affiliate loan payable activity from 2014 and 2015.