CAUSE NO. 2019-001471-3

| | | |
|---|---|---|
| ANSON FINANCIAL, INC. | § | IN THE COUNTY COURT |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| VS. | § | |
| | § | COUNTY COURT AT LAW NO. 3 |
| CALEB MOORE and THE LAW FIRM OF CALEB MOORE, PLLC | § | |
| | § | |
| *Defendants*. | § | |
| | § | TARRANT COUNTY, TEXAS |

### DECLARATION OF CALEB MOORE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

The Declarant, Caleb Moore, under the penalty of perjury, testifies as follows:

1. My name is Caleb Moore. I am more than eighteen years old, of sound mind, and capable of making this declaration. The facts asserted herein are true and correct and I have personal knowledge of these facts because of my personal involvement in the events described herein.

2. I am an attorney licensed to practice law in the State of Texas. My bar number is 24067779.

3. I am the principal in The Law Firm of Caleb Moore, PLLC, a Defendant in this case.

4. My law firm and I represent plaintiffs in a case styled styled *Ghrist Law Firm, PLLC, et al v. J. Michael Ferguson, P.C.*, Cause No. 17-287611-16, in the 17th District Court of Tarrant County. Anson Financial, Inc. is a defendant in that case.

5. My law firm and I represent plaintiffs in a case styled *B. Frazier Management, Inc., et al. v Anson Financial, Inc.*, Cause No. 342-288776-16.

6. In the case at bar, I have reviewed the factual allegations in Defendants' Motion to Dismiss, paragraphs 2 through 16. I verify that the facts set out there are true and correct. I have personal knowledge of those facts because of my personal involvement in the events described therein, including personally observing the sworn trial and deposition testimony of J. Michael Ferguson in his individual capacity and on behalf of his company Anson. I have reviewed hundreds and hundreds of Anson's corporate records as well.

7. Further, I have reviewed Exhibits 1 through 6, 8, and 9 attached to Defendants' Motion to Dismiss. I verify that those Exhibits are true and correct copies of motions or orders filed in cases where I am an attorney of record or in which a client of mine is a party. The Reporters Record excerpts attached as Exhibit 7 are true and correct copies of portions of the hearing transcript I received from Teresea Adcock, Deputy Court Reporter of the 342nd District Court, Tarrant County from the hearing on Motion to Disqualify that took place on May 25, 2018. I have maintained these documents in the ordinary course of my business as an attorney of record in those cases.

8. This is now the third Court to which I make this certification: at no point in time did I ever request, obtain, or use confidential information from Ian Ghrist in any matter or in any manner whatsoever. Based on my legal training, I know what information is confidential and protected by the attorney-client privilege. As an officer of the Court and in the interests of justice, I would not seek such information or use such information if I unwittingly obtained it.

9. I have litigated the disqualification of attorneys representing new parties against former clients in the past and prior to representing Ghrist and Frazier. Some of the cases I rely on in forming my understanding of the privilege and conflict rules include:

-*NCNB Tex. Nat'l Bank v. Coker*,765 S.W.2d 398, 399–400 (Tex.1989) (orig. proceeding).

-*In re Marriage of Wilson*, No. 10-07-00159-CV, 2008 WL 2522326, at *2 (Tex. App.—Waco 2008, no pet.)

-*In re Drake*, 195 S.W3d 232, 236 (Tex. App.—San Antonio 2006, orig. proceeding)

10. There is no blanket rule that an attorney cannot represent a new client against an old client as constantly alleged by Anson. To summarize, to be disqualified from representing a new client against an old client there must be specific facts in the previous representation that are so related to the facts in the current litigation that the revealed confidences from the first litigation create a genuine threat of harm from the revealed confidences in the new litigation. Before taking any case I perform a conflict check to determine if there is a conflict.

11. Here, there was no conflict in representing Mr. Ghrist. When Frazier approached me, I saw a potential conflict if one case went faster then the other and put Anson in bankruptcy or we had competing judgments. I confirmed with each client that they were not worried about this potential conflict and they were not concerned as each case has a separate pool of assets jointly owned with Anson to collect from if litigation is successful. I have on many occasions been hired by a new client to sue a defendant I have sued before. Wells Fargo comes to mind as one. I am certain the rules of discovery allow me to use information I learned from Wells Fargo in discovery in any case I file against it if it is relevant. The same rule applies here. Any information I get from Anson, if relevant, can be used in subsequent litigation. These lawful and prudent activities are what Anson calls a "conspiracy."

12. I did not conspire with Ian Ghrist or any other person to the detriment of Anson Financial, Inc. in any manner that was to accomplish an unlawful purpose or a lawful purpose by unlawful means. My work with Mr. Ghrist has been related to my representation of him as a party in the case set out in Paragraph 4, above in which he was also co counsel. My legal work in the

case for Mr. Ghrist and in the case for Frazier was no different than for any other clients I have. Most notable to me has always been that I could never figure out what confidential information could possibly even exist the Mr. Ghrist could pass on to me to help in the Frazier litigation. Anson has never identified what it alleges that information was, how I used it, what advantage or harm it did. Notably, when I asked Mr. Ferguson to identify the advantage or the privileged information his answer was that the thought Mr. Ghrist was doing cheap work for Frazier resulting in increased litigation costs for Anson and that he believes he discussed a strategy of how Anson would deal with Frazier in the future. He didn't identify what that strategy was or even recall it. He certainly didn't show how I had used the strategy in some way against him. I certainly didn't have a conversation with Mr. Ghrist about an Anson strategy.

13.   All of the evidence in the Ghrist case was from public records, documents turned over to us by Anson, emails between Ghrist and Mr. Ferguson. There was no document or information that Anson has ever said we shouldn't have, that it didn't give us in discovery or that was questioned as being something other than normal discovery. The same is true for the Frazier case. Not one piece of evidence or information has been identified as coming from some other source other than Anson, public record or the discovery exchanged.

14.   I have already been cross examined at length by Anson's counsel in open court in both the Ghrist and Frazier cases. In those two cases, without evidence, I have been accused on the record in multiple hearings of making misrepresentations to the court, I have been accused of receiving stolen funds, I have been accused of being abusive to a witness in a deposition, and of being abusive to my opposing counsel, Nate Richards. Off the record at hearings, in the court lobby and at depositions, Anson's counsel have both threatened to sue me personally or to file grievances against me if I did not withdraw from representing my clients or take some action they

they were demanding. I have been accused of various misconduct during hearings but when the judges asked for examples either none could be recalled or examples were given that were simply not improper conduct in any way shape or form. I have been examined at length in front of two different Tarrant County District Court judges and I was not reprimanded formally or informally in any way, and the motions to add me as a party and to disqualify me have been denied.

15. These claims are baseless and I am protected in doing my job from this type of harassment by the TCPA and Attorney Immunity. In particular, Attorney Immunity is in place to allow me to do my job and zealously represent my client. Even if I was wrong and should not have represented either Frazier or Ghrist, due to a conflict, the only remedy is to disqualify me, not sue. My representation of these two clients has been public, well known to the Plaintiff, and has been ongoing for years now. Only after I tried the Ghrist case to a jury obtaining a very favorable result, survived the numerous post-verdict motions, and turned that verdict into a judgment, has Anson retaliated against me. I absolutely believe this suit is meant to gain an advantage by taking up time that could be used as we near trial in the pending Frazier litigation.

16. For these reasons, strong sanctions are appropriate to discourage this reckless behavior in Anson, in Mr. Ferguson and in other attorneys who appear in this Court and County who might believe they can create an advantage by suing opposing counsel with no risk of sanctions.

_____
CALEB MOORE

## JURAT

Pursuant to Section 132.001 of the Texas Civil Practice and Remedies Code and Section 322.007 of the Texas Business and Commerce Code, the undersigned states as follows:

"My name is Caleb Moore, my date of birth is July 29, 1979, my address is 2205 Martin Drive, Ste 200, Bedford TX, 76021, and I declare under penalty of perjury that the facts set forth in the foregoing are true and correct. Below is my true and correct signature."

Executed in Tarrant County, Texas on April 23, 2019.

*/s/ Caleb Moore*

**CALEB MOORE**