2016107 Original Petition.pdf - Foxit PhantomPDF

File   Home   Convert   Edit   Organize   Comment   View   Form   Protect   Share   Help   Comment Format

Properties

- Properties
- Create
- Open
- Save
- Save As
- Reduce File Size
- Optimize Scanned PDF
- PDF Optimizer
- Action Wizard
- Export
- Accessibility Checker
- Print
- Close
- Preferences
- Change Skin

 Description

 Initial View

 Security

 Fonts

 Description

**General**

| | |
|---|---|
| File | C:\Users\Nate\Dropbox (JMFPC)\3-Law Office\Alvord 287 Lawsuit\Pleadings Filed\Motion to Disqualify\Evidence\20161107 Original Petition.pdf |
| PDF Version | PDF-1.6 |
| Fast Web View | No |
| Page Size | [8.50 * 11.00 inch] |
| Pages | 10 |
| Title | Add a title |
| Subject | Add a subject |
| Creator | Microsoft® Office Word 2007 |
| Author | Ian Ghrist |
| Producer | Microsoft® Office Word 2007 |
| Keywords | Add a keywords |

Custom

**Related Dates**

| | |
|---|---|
| Last Modified | 2016-11-07 14:01:56 |
| Created | 2016-11-07 13:31:32 |

Show More Information

Exh DEF035 - Page 2 of 40

FILED
TARRANT COUNTY
11/7/2016 1:55:52 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. _____  342-288776-16

| | | |
|---|---|---|
| **FRAZIER ASSET MANAGEMENT, INC.** | § § § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § § § | |
| **VS.** | § § § | **_____ JUDICIAL DISTRICT** |
| **ANSON FINANCIAL, INC.** | § § | |
| **Defendant.** | § | **TARRANT COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION AND DEMAND FOR ACCOUNTING

**TO THE HONORABLE COURT:**

Plaintiff Frazier Asset Management, Inc., files this Original Petition and Request for Accounting and in support would show:

### I. DISCOVERY CONTROL PLAN

1.1    Plaintiff intends to conduct discovery under Discovery Control Plan Level 3. *See* Tex. R. Civ. P. 190.

### II. PARTIES

2.1    Plaintiff Frazier Asset Management, Inc., is a Texas Professional Corporation located at 3345 Western Center Blvd., #160, Fort Worth, Texas 76137.

2.2    Defendant Anson Financial, Inc., is a Texas corporation doing business in the state of Texas and may be served with process through its registered agent J. Michael Ferguson at 1210 Hall Johnson Road, Suite 100, Colleyville, Texas 76034.

### III. JURISDICTION

3.1    The district court has jurisdiction over this cause of action because it is within the

jurisdictional limits of the court. Venue in Tarrant County is proper under the Civil Practice and Remedies Code because Tarrant County is the Defendant's registered agent's county of residence; and Tarrant County is the county in which all or a substantial part of the events giving rise to the claim occurred.

3.2     Pursuant to Texas Rule of Civil Procedure 47, based on the information to date, Plaintiff states that it seeks monetary relief over $200,000.00, but not more than $1,000,000.00, and non-monetary relief.

## IV.     STATEMENT OF FACTS

4.1     In 1996, Frazier Asset Management, Inc. ( "FAM") and Jentex Financial, Inc. ("JFI"), (collectively referred to as the "Venturers), entered into a Joint Venture Agreement (the "Agreement") creating The Alvord 287 Joint Venture (the "JV") for the sole purpose of purchasing, owning, managing, improving and selling real property described as 127.21 Acres in Wise County, Texas.

4.2     The Agreement, among other things, requires correct and complete books of account to be kept and maintained at all times, showing Joint Venture assets and liabilities and all income received and all monies paid out. The books are to be kept at the office or offices of the Joint Venture and used in common by the Joint Venturers, so that any one of them can have access without interruption or hindrance from the other. Said books and records are to be kept in accordance with generally accepted accounting principles.

4.3     The Agreement requires that Accounts in the name of the Joint Venture be maintained in such bank or banks as the Joint Venturers chose. All money in the Joint Venture and all instruments for the payments of money when received are required to be deposited to the credit of the Joint Venturer on a timely basis. All checks drawn on any bank account are to be

signed and drawn by both Joint Venturers if more than $10,000.00 in amount. The Agreement is binding on the Joint Venturers, their heirs, personal representatives and assigns.

    4.4    Pursuant to the Agreement, FAM was tasked with (1) selling and marketing the tracts; (2) installing septic systems, as needed, on a direct cost basis, i.e. no overhead, labor, etc.; (3) overseeing the installation of a well on each of the tracts; (4) overseeing and maintaining unsold tracts in saleable condition; and (5) handling foreclosures and resale of foreclosed tracts.

    4.5    Pursuant to the Agreement, JFI is responsible for (1) servicing all loans resulting from the sale of tracts out of the land; (2) preparing monthly accounting to the partners; (3) preparing year-end documents and financials; and (4) maintaining a bank account for the JV and accounting monthly for all transactions.

    4.6    After two years of successfully operating the JV, the Venturers agreed to expand the purpose of the JV from only the single land project in Wise County to allow the JV to acquire additional land. The Agreement was thereafter amended to restate and slightly amend the specific duties/obligations of the Venturers. Later, by Addendum to Joint Venture Agreement dated April 27, 2000, the parties unanimously agreed that either FAM or JFI could sell, convey or acquire property on behalf of the JV.

    4.7    For more than eighteen (18) years from January 30, 1996, until September 9, 2014, FAM and JFI successfully operated the JV. FAM completed its initial obligations to develop the tracts (roads, septic, water, etc.), and to sell and market the lots. JFI used its own servicing company to service the loans, but properly transferred the money paid to the servicing company directly into the JV bank accounts. JFI also provided access to bank statements and accounted for all transactions on a regular basis.

4.8     In 2014, Jay Lesok ("Lesok"), President of JFI, informed Frazier, President of FAM, that because of his advanced age and health conditions, he was no longer able to keep up with the amount of work required to fulfill his obligations under the Agreement. He asked Frazier to purchase his interest, but a price could not be agreed upon and Frazier did not purchase JFI's interest.  FAM's obligation to develop the tracts was already complete or substantially complete, while JFI' obligations, including servicing obligations, were largely ongoing or incomplete.

4.9     Anson Financial, Inc. ("AFI") purchased JFI's interest in the JV.  On September 9, 2014, FAM received a letter from J. Michael Ferguson ("Ferguson"), President of AFI, stating that AFI purchased JFI's interest in the JV because of Lesok's health and medical issues. In the letter, Ferguson promised that AFI would continue to handle JFI's duties as set forth in the Agreement and subsequent amendments.

4.10    AFI has failed to continue handling JFI's duties as set forth in the Agreement, thereby preventing FAM from exercising its right to ensure proper operation of the JV.  AFI has refused to maintain a separate bank account for the JV or to account monthly for all transactions as required in the Agreement, made representations related to forthcoming payments that turned out to be false, and repeatedly denied FAM access to the JV's financial records, thereby preventing FAM from exercising its right to ensure proper operation of the JV.

4.11    Although AFI has provided FAM with some journal entries, Profit & Loss Statements and Balance Sheets, and lists of Notes Receivable, AFI has not provided any supporting documents, bank statements, or other verifiable financial records to allow FAM to ensure proper operation of the JV.  Currently, FAM has insufficient documentation to determine what, if any, of the reports created by AFI are accurate.

4.12    Based on the foregoing, AFI has (a) failed to adequately and reasonably manage the bookkeeping for the JV; (b) failed to maintain a separate bank account for the JV and to account monthly for all transactions; (c) failed to produce timely tax statements for the JV; (d) made false representations related to forthcoming payments; (e) failed to make monthly disbursements; (f) failed to comply with the duty of loyalty, utmost good faith, candor, the duty to refrain from self-dealing, the duty to act with integrity of the strictest kind, the duty of fair and honest dealing, and the duty of full disclosure as stated in this Petition.

## V.    CAUSES OF ACTION

**BREACH OF FIDUCIARY DUTY**

5.1    Plaintiff incorporates by reference all of the allegations contained in this petition as if fully set forth herein.

5.2    The elements of a breach-of-fiduciary-duty claim are: (1) a fiduciary relationship existed between the plaintiff and defendant; (2) the defendant breached its fiduciary duty to the plaintiff; and (3) the defendant's breach resulted in injury to the plaintiff or benefit to the defendant.

5.3    Defendant owed Plaintiff fiduciary duties as a joint venturer in the Joint Venture Agreement.  As such, Defendant was obligated to comply with the duty of loyalty, utmost good faith, and candor, to refrain from self-dealing, to act with integrity of the strictest kind, and to be fair and honest in the parties dealing.

5.4    Defendant breached those duties in several ways as stated above, including, but not limited to, failing to: make timely payments; provide complete financial information regarding the servicing of the mortgages, which constitutes constructive fraud[1]; and failing to

---

[1] Constructive fraud arises when a fiduciary fails to disclose all material information in a transaction or when there is an unfair transaction between persons in a fiduciary relationship. *Archer v. Griffith*, 390 S.W.2d 735, 740 (Tex.

maintain a separate JV bank account and to account monthly for all transactions. In breaching these duties, Defendant continues to profit from the servicing of the mortgages, and Plaintiff remains uninformed about the financial status of its assets.

5.5     When there is an abuse of a confidential or fiduciary relationship, the burden of proof is on the fiduciary to establish the fairness of the transaction, that there was full disclosure of all the facts and circumstances, and that there was good faith and the absence of pressure and influence on the part of the fiduciary. *Fitz-Gerald v. Hull*, 150 Tex. 39, 237 S.W.2d 256, 261 (1951). This is particularly relevant when it appears that AFI is hiring Ferguson, an interested party, to perform services at an above market rate or to perform services that AFI should already be performing and improperly deducting those fees from the amounts owed to Plaintiff/Joint Venturer.

5.6     As a result of Defendant's breaches of fiduciary duties, Plaintiff has suffered and continues to suffer damages, and Defendant has benefitted. Defendant's breaches have caused, and will continue to cause harm to Plaintiff.

**DEFALCATION**

5.7     Plaintiff incorporates by reference all of the allegations contained in this petition as if fully set forth herein.

5.8     Defalcation occurs when a fiduciary breaches its duty by inadequately accounting for funds held in a fiduciary capacity or by misapplying those funds contrary to an agreement. In this case, Defendant is liable to Plaintiff for defalcation for failing to account for the revenues and expenses of the Joint Venture.

---

1964). The plaintiff need not prove negligence and needs only to prove the existence of a confidential relationship. *Id.* The defendant must then establish that the transaction was fair, honest, and equitable. *Id.*

5.9     As a result of Defendant's defalcation, Plaintiff has suffered and continues to suffer damages, and Defendant has benefitted.  Defendant's defalcation has caused, and will continue to cause, irreparable harm to Plaintiff.

**BREACH OF CONTRACT**

5.10    Plaintiff incorporate by reference all of the allegations contained in this petition as if fully set forth herein.

5.11    In this case, AFI breached the Joint Venture Agreement as amended by failing to provide access to correct and complete books of account and supporting documents and account information showing JV assets and liabilities and all income received and all monies paid out, as required in the Joint Venture Agreement.  AFI further breached the Agreement by failing to maintain a bank account for the Joint Venture and failing to account monthly for all transactions of the JV.  As a result, Plaintiff has suffered and continues to suffer damages.  AFI's breaches have caused, and will continue to cause, irreparable harm to Plaintiff.

**WRIT OF MANDAMUS**

5.12    A writ of mandamus is requested ordering AFI to turn over a complete set of records dating back to the date on which AFI acquired its interest in the JV in 2014.  A writ of mandamus filed in the trial court is the proper remedy to enforce a statutory right of inspection. Burton v. Cravey, 759 S.W.2d 160, 161 (Tex. App.—Houston  [1st Dist.] 1988, no writ), disapproved on other grounds by Huie v. DeShazo, 922 S.W.2d 920, 924 (Tex.1996); 9 see Uvalde v. Rock Asphalt Co. v. Loughridge, 425 S.W.2d 818, 820 (Tex.1968) ("A method for the enforcement of the right of inspection or examination of the books and records of a corporation is by mandamus."). FAM does not have to establish an independent cause of action; it merely has to establish its statutory right to inspect. Id.  The purpose for the inspection is to uncover errors

in the accounting of the JV, over payments and any fraud, embezzlement or mismanagement of the JV's money in the last two years. To date, AFI has failed to account monthly for all transactions of the JV so that FAM can ensure proper operation of the JV.

## VI. DEMAND FOR ACCOUNTING

6.1     Plaintiff incorporates by reference all of the allegations contained in the foregoing paragraphs as if fully set forth herein.

6.2     Plaintiff demands a complete, certified accounting of the Joint Venture from the date of AFI's acquisition of the Jentex interest to present, which Plaintiff is entitled to pursuant to the Joint Venture Agreement. The accounting information provided by AFI cannot be verified as the supporting documentation was not included. Accordingly, adequate relief may not be obtained at law, and Plaintiff requests that the Court exercise its equitable power and order Defendant to account for the following:

A complete, certified accounting in accord with reasonable or generally accepted accounting principles from the date of AFI's acquisition of the Jentex interest to present (including a certification that such information is true and correct and an independent audit from a certified public accountant hired by the JV). The bookkeeping must be adequate for federal tax reporting and should be in accord with reasonable bookkeeping practices for businesses that service or own notes secured by deeds of trust.

## VII. ATTORNEY'S FEES

7.1     Plaintiff incorporates by reference all of the allegations contained in the foregoing paragraphs as if fully set forth herein.

7.2     Because of Defendant's wrongful conduct, Plaintiff has been required to retain the undersigned counsel to initiate and prosecute this suit. According to Texas Civil Practice and

Remedies Code chapters 37 and 38 and other applicable law, Plaintiff is entitled to their reasonable attorneys' fees and court costs.

## VIII. PUNTIVE DAMAGES

8.1      Plaintiff incorporates by reference all of the allegations contained in this petition as if fully set forth herein. Punitive damages are proper when self-dealing by a fiduciary has occurred. "*Texas Bank and Trust Co. v. Moore*, 595 S.W.2d 502 (Tex. 1980). Defendant engaged in self-dealing. Moreover, Defendant's conduct was aggravated by the kind of willfulness, wantonness, and malice for which the law allows the imposition of punitive damages. Defendant's conduct was intentional, willful and without justification or excuse.

8.2      Plaintiff seeks exemplary or punitive damages against Defendant in an amount commensurate with: a) the nature of the wrong committed; b) the character of the conduct involved; c) the degree of culpability of the Defendant; d) the situation and sensibilities of the parties concerned; e) the extent to which conduct, such as Defendant, offends a public sense of justice and propriety; f) the net worth of Defendant. The conduct of Defendant alleged hereinabove justifies an award of exemplary or punitive damages in an amount sufficient to deter Defendant and other individuals and attorneys similarly situated from engaging in this conduct in the future. Plaintiff further requests that past sanctions, fines, reprimands and settlements entered into, if any, for similar conduct related to the servicing of mortgage accounts or breaches of fiduciary duty be considered in determining the appropriate amount of damages.

## IX. CONDITIONS PRECEDENT

9.1 All conditions precedent to Plaintiff's claims for relief have been performed or have occurred, as required by Texas Rule of Civil Procedure 54.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests the following relief:

Plaintiff further request that, upon trial, the Court:

 a. Enter a judgment against ordering that it turn over the required records along with an accounting sufficient to identify the claimed income and expenses of the Joint Venture;

 b. Award Plaintiff all actual, foreseeable, and incidental damages, as may be proven after sufficient financial records are obtained;

 c. Award Plaintiff all reasonable and necessary attorney's fees in prosecuting Plaintiff's claims through trial, and if necessary, through appeal;

 d. Award Plaintiff prejudgment interest as provided by law;

 e. Award Plaintiff post-judgment interest as provided by law;

 f. Award Plaintiff exemplary damages;

 g. Award Plaintiff their costs of suit, and

 h. Award such other and further relief, at law or in equity, to which the Plaintiff may show itself to be justly entitled.


Respectfully submitted,

**LAW FIRM OF CALEB MOORE, PLLC**
2205 Martin Drive, Suite 200
Bedford, TX 76021
Telephone: (817) 953-2420
Facsimile: (817) 581-2540
cmoore@thedfwlawfirm.com

By: */s/ Caleb Moore*
Caleb I. Moore
cmoore@thedfwlawfirm.com
Texas Bar No. 24067779



Highlight Tool

File   Home   Convert   Edit   Organize   Comment   View   Form   Protect   Share   Help   Comment Format

Properties

Create

Open

Save

Save As

Reduce File Size

Optimize Scanned PDF

PDF Optimizer

Action Wizard

Export

Accessibility Checker

Print

Close

Preferences

Change Skin

# Properties

 Description

Initial View

Security

Fonts

## Description

### General

| | |
|---|---|
| File | C:\Users\Nate\Dropbox (JMFPC)\3-Law Office\Alvord 287 Lawsuit\Pleadings Filed\Motion to Disqualify\Evidence\20170207 First Amended Petition.pdf |
| PDF Version | PDF-1.6 |
| Fast Web View | No |
| Page Size | [8.50 * 11.00 inch] |
| Pages | 11 |
| Title | Add a title |
| Subject | Add a subject |
| Creator | Microsoft® Office Word 2007 |
| Author | Ian Ghrist |
| Producer | Microsoft® Office Word 2007 |
| Keywords | Add a keywords |

Custom

### Related Dates

| | |
|---|---|
| Last Modified | 2017-02-07 16:23:12 |
| Created | 2017-02-07 16:14:02 |

Show More Information

342-288776-16

FILED
TARRANT COUNTY
2/7/2017 4:16:14 PM
THOMAS A. WILDER
DISTRICT CLERK

**CAUSE NO. 342-288776-16**

| | | |
|---|---|---|
| B. FRAZIER MANAGEMENT, LLC, | § | IN THE DISTRICT COURT |
| FORMALLY KNOWN AS FRAZIER | § | |
| ASSET MANAGEMENT, INC. and | § | |
| BRIAN H. FRAZIER, Individually | § | |
| | § | |
| Plaintiffs, | § | |
| | § | 342ND JUDICIAL DISTRICT |
| | § | |
| VS. | § | |
| | § | |
| | § | |
| ANSON FINANCIAL, INC. AS | § | |
| SUCCESSOR IN INTEREST TO | § | |
| JENTEX FINANCIAL, INC | § | |
| | § | |
| Defendant. | § | TARRANT COUNTY, TEXAS |

---

### PLAINTIFF'S FIRST AMENDED PETITION AND DEMAND FOR ACCOUNTING

---

**TO THE HONORABLE COURT:**

Plaintiffs, B. FRAZIER MANAGEMENT, LLC, formally known as, FRAZIER ASSET MANAGEMENT, INC. and BRIAN H. FRAZIER, Individually, files this First Amended Petition and Request for Accounting and in support would show:

### I. DISCOVERY CONTROL PLAN

1.1    Plaintiff intends to conduct discovery under Discovery Control Plan Level 3. *See* TEX. R. CIV. P. 190.

### II. PARTIES

2.1    Plaintiff B. Frazier Management, LLC, Formally Known as, Frazier Asset Management, Inc. (herein some time referred to "FAM" is a Texas Professional Corporation located at 3345 Western Center Blvd., #160, Fort Worth, Texas 76137.

2.2     Plaintiff Brian H. Frazier, is an individual and sole owner of B. Frazier Management, LLC. The last three digits of his social security number are 720 and last three digits of his driver's license number are 648.  He appears in his individual capacity as the owner of any claims not owned by B. Frazier Management, LLC.

2.3     Defendant Anson Financial, Inc., is a Texas corporation doing business in the state of Texas and may be served with process through its attorney who has appeared in this case.

### III. JURISDICTION

3.1     The district court has jurisdiction over this cause of action because it is within the jurisdictional limits of the court.  Venue in Tarrant County is proper under the Civil Practice and Remedies Code because Tarrant County is the Defendant's registered agent's county of residence; and Tarrant County is the county in which all or a substantial part of the events giving rise to the claim occurred.

3.2     Pursuant to Texas Rule of Civil Procedure 47, based on the information to date, Plaintiff states that it seeks monetary relief over $200,000.00, but not more than $1,000,000.00, and non-monetary relief.

### IV.     STATEMENT OF FACTS

4.1     In 1996, Frazier Asset Management, Inc. ( "FAM") and Jentex Financial, Inc. ("JFI"), (collectively referred to as the "Venturers), entered into a Joint Venture Agreement (the "Agreement") creating The Alvord 287 Joint Venture (the "JV") for the sole purpose of purchasing, owning, managing, improving and selling real property described as 127.21 Acres in Wise County, Texas.

4.2     The Agreement, among other things, requires correct and complete books of account to be kept and maintained at all times, showing Joint Venture assets and liabilities and

all income received and all monies paid out. The books are to be kept at the office or offices of

the Joint Venture and used in common by the Joint Venturers, so that any one of them can have

access without interruption or hindrance from the other. Said books and records are to be kept in

accordance with generally accepted accounting principles.

4.3      The Agreement requires that Accounts in the name of the Joint Venture be

maintained in such bank or banks as the Joint Venturers chose. All money in the Joint Venture

and all instruments for the payments of money when received are required to be deposited to the

credit of the Joint Venturer on a timely basis. All checks drawn on any bank account are to be

signed and drawn by both Joint Venturers if more than $10,000.00 in amount.  The Agreement is

binding on the Joint Venturers, their heirs, personal representatives and assigns.

4.4      Pursuant to the Agreement, FAM was tasked with (1) selling and marketing the

tracts; (2) installing septic systems, as needed, on a direct cost basis, i.e. no overhead, labor, etc.;

(3) overseeing the installation of a well on each of the tracts; (4) overseeing and maintaining

unsold tracts in saleable condition; and (5) handling foreclosures and resale of foreclosed tracts.

4.5      Pursuant to the Agreement, JFI is responsible for (1) servicing all loans resulting

from the sale of tracts out of the land; (2) preparing monthly accounting to the partners; (3)

preparing year-end documents and financials; and (4) maintaining a bank account for the JV and

accounting monthly for all transactions.

4.6      After two years of successfully operating the JV, the Venturers agreed to expand

the purpose of the JV from only the single land project in Wise County to allow the JV to acquire

additional land. The Agreement was thereafter amended to restate and slightly amend the

specific duties/obligations of the Venturers.  Later, by Addendum to Joint Venture Agreement

dated April 27, 2000, the parties unanimously agreed that either FAM or JFI could sell, convey or acquire property on behalf of the JV.

4.7    For more than eighteen (18) years from January 30, 1996, until September 9, 2014, FAM and JFI successfully operated the JV.  FAM completed its initial obligations to develop the tracts (roads, septic, water, etc.), and to sell and market the lots. JFI used its own servicing company to service the loans, but properly transferred the money paid to the servicing company directly into the JV bank accounts. JFI also provided access to bank statements and accounted for all transactions on a regular basis.

4.8    In 2014, Jay Lesok ("Lesok"), President of JFI, informed Frazier, President of FAM, that because of his advanced age and health conditions, he was no longer able to keep up with the amount of work required to fulfill his obligations under the Agreement. He asked Frazier to purchase his interest, but a price could not be agreed upon and Frazier did not purchase JFI's interest.  FAM's obligation to develop the tracts was already complete or substantially complete, while JFI' obligations, including servicing obligations, were largely ongoing or incomplete.

4.9    Anson Financial, Inc. ("AFI") purchased JFI's interest in the JV.  On September 9, 2014, FAM received a letter from J. Michael Ferguson ("Ferguson"), President of AFI, stating that AFI purchased JFI's interest in the JV because of Lesok's health and medical issues. In the letter, Ferguson promised that AFI would continue to handle JFI's duties as set forth in the Agreement and subsequent amendments.

4.10    AFI has failed to continue handling JFI's duties as set forth in the Agreement, thereby preventing FAM from exercising its right to ensure proper operation of the JV.  AFI has refused to maintain a separate bank account for the JV or to account monthly for all transactions

as required in the Agreement, made representations related to forthcoming payments that turned out to be false, and repeatedly denied FAM access to the JV's financial records, thereby preventing FAM from exercising its right to ensure proper operation of the JV.

4.11    Although AFI has provided FAM with some journal entries, Profit & Loss Statements and Balance Sheets, and lists of Notes Receivable, AFI has not provided any supporting documents, bank statements, or other verifiable financial records to allow FAM to ensure proper operation of the JV. Currently, FAM has insufficient documentation to determine what, if any, of the reports created by AFI are accurate.

4.12    Based on the foregoing, AFI has (a) failed to adequately and reasonably manage the bookkeeping for the JV; (b) failed to maintain a separate bank account for the JV and to account monthly for all transactions; (c) failed to produce timely tax statements for the JV; (d) made false representations related to forthcoming payments; (e) failed to make monthly disbursements; (f) failed to comply with the duty of loyalty, utmost good faith, candor, the duty to refrain from self-dealing, the duty to act with integrity of the strictest kind, the duty of fair and honest dealing, and the duty of full disclosure as stated in this Petition.

4.13    To the extent that any assets, real or personal property, rights, duties or obligations that were owned by FAM at the time its corporate charter was extinguished, those assets, real or personal property, rights, duties or obligations passed to Frazier individually as the sole owner.

4.14    The date the conduct the subject of this suit began by Anson is currently unknown and without discovery and financial records not currently available to Plaintiffs, cannot be accurately identified.

## V. CAUSES OF ACTION ASSSERTED BY BOTH PLAINTIFFS

**BREACH OF FIDUCIARY DUTY**

5.1     Plaintiff incorporates by reference all of the allegations contained in this petition as if fully set forth herein.

5.2     The elements of a breach-of-fiduciary-duty claim are: (1) a fiduciary relationship existed between the plaintiff and defendant; (2) the defendant breached its fiduciary duty to the plaintiff; and (3) the defendant's breach resulted in injury to the plaintiff or benefit to the defendant.

5.3     Defendant owed Plaintiff fiduciary duties as a joint venturer in the Joint Venture Agreement.  As such, Defendant was obligated to comply with the duty of loyalty, utmost good faith, and candor, to refrain from self-dealing, to act with integrity of the strictest kind, and to be fair and honest in the parties dealing.

5.4     Defendant breached those duties in several ways as stated above, including, but not limited to, failing to: make timely payments; provide complete financial information regarding the servicing of the mortgages, which constitutes constructive fraud[1]; and failing to maintain a separate JV bank account and to account monthly for all transactions.  In breaching these duties, Defendant continues to profit from the servicing of the mortgages, and Plaintiff remains uninformed about the financial status of its assets.

5.5     When there is an abuse of a confidential or fiduciary relationship, the burden of proof is on the fiduciary to establish the fairness of the transaction, that there was full disclosure of all the facts and circumstances, and that there was good faith and the absence of pressure and

---

[1] Constructive fraud arises when a fiduciary fails to disclose all material information in a transaction or when there is an unfair transaction between persons in a fiduciary relationship. *Archer v. Griffith*, 390 S.W.2d 735, 740 (Tex. 1964). The plaintiff need not prove negligence and needs only to prove the existence of a confidential relationship. *Id.* The defendant must then establish that the transaction was fair, honest, and equitable. *Id.*

influence on the part of the fiduciary. *Fitz-Gerald v. Hull*, 150 Tex. 39, 237 S.W.2d 256, 261 (1951). This is particularly relevant when it appears that AFI is hiring Ferguson, an interested party, to perform services at an above market rate or to perform services that AFI should already be performing and improperly deducting those fees from the amounts owed to Plaintiff/Joint Venturer.

5.6     As a result of Defendant's breaches of fiduciary duties, Plaintiff has suffered and continues to suffer damages, and Defendant has benefitted. Defendant's breaches have caused, and will continue to cause harm to Plaintiff.

**DEFALCATION**

5.7     Plaintiff incorporates by reference all of the allegations contained in this petition as if fully set forth herein.

5.8     Defalcation occurs when a fiduciary breaches its duty by inadequately accounting for funds held in a fiduciary capacity or by misapplying those funds contrary to an agreement. In this case, Defendant is liable to Plaintiff for defalcation for failing to account for the revenues and expenses of the Joint Venture.

5.9     As a result of Defendant's defalcation, Plaintiff has suffered and continues to suffer damages, and Defendant has benefitted. Defendant's defalcation has caused, and will continue to cause, irreparable harm to Plaintiff.

**BREACH OF CONTRACT**

5.10     Plaintiff incorporate by reference all of the allegations contained in this petition as if fully set forth herein.

5.11     In this case, AFI breached the Joint Venture Agreement as amended by failing to provide access to correct and complete books of account and supporting documents and account

information showing JV assets and liabilities and all income received and all monies paid out, as required in the Joint Venture Agreement. AFI further breached the Agreement by failing to maintain a bank account for the Joint Venture and failing to account monthly for all transactions of the JV. As a result, Plaintiff has suffered and continues to suffer damages. AFI's breaches have caused, and will continue to cause, irreparable harm to Plaintiff. Based on the available information, some of the breaches of contract did not occur until sometime in 2016 or are breaches that began prior to that date, but are of an ongoing nature and occur each month, such as withdrawals from Joint Venture funds or deposits in private accounts.

**WRIT OF MANDAMUS**

5.12 A writ of mandamus is requested ordering AFI to turn over a complete set of records dating back to the date on which AFI acquired its interest in the JV in 2014. A writ of mandamus filed in the trial court is the proper remedy to enforce a statutory right of inspection. Burton v. Cravey, 759 S.W.2d 160, 161 (Tex. App.—Houston [1st Dist.] 1988, no writ), disapproved on other grounds by Huie v. DeShazo, 922 S.W.2d 920, 924 (Tex.1996); 9 see Uvalde v. Rock Asphalt Co. v. Loughridge, 425 S.W.2d 818, 820 (Tex.1968) ("A method for the enforcement of the right of inspection or examination of the books and records of a corporation is by mandamus."). FAM does not have to establish an independent cause of action; it merely has to establish its statutory right to inspect. Id. The purpose for the inspection is to uncover errors in the accounting of the JV, over payments and any fraud, embezzlement or mismanagement of the JV's money in the last two years. To date, AFI has failed to account monthly for all transactions of the JV so that FAM can ensure proper operation of the JV.

## VI. DEMAND FOR ACCOUNTING

6.1     Plaintiff incorporates by reference all of the allegations contained in the foregoing paragraphs as if fully set forth herein.

6.2     Plaintiff demands a complete, certified accounting of the Joint Venture from the date of AFI's acquisition of the Jentex interest to present, which Plaintiff is entitled to pursuant to the Joint Venture Agreement.  The accounting information provided by AFI cannot be verified as the supporting documentation was not included.  Accordingly, adequate relief may not be obtained at law, and Plaintiff requests that the Court exercise its equitable power and order Defendant to account for the following:

A complete, certified accounting in accord with reasonable or generally accepted accounting principles from the date of AFI's acquisition of the Jentex interest to present (including a certification that such information is true and correct and an independent audit from a certified public accountant hired by the JV).  The bookkeeping must be adequate for federal tax reporting and should be in accord with reasonable bookkeeping practices for businesses that service or own notes secured by deeds of trust.

## VII. ATTORNEY'S FEES

7.1     Plaintiff incorporates by reference all of the allegations contained in the foregoing paragraphs as if fully set forth herein.

7.2     Because of Defendant's wrongful conduct, Plaintiff has been required to retain the undersigned counsel to initiate and prosecute this suit.  According to Texas Civil Practice and Remedies Code chapters 37 and 38 and other applicable law, Plaintiff is entitled to their reasonable attorneys' fees and court costs.

## VIII. PUNTIVE DAMAGES

8.1      Plaintiff incorporates by reference all of the allegations contained in this petition as if fully set forth herein.  Punitive damages are proper when self-dealing by a fiduciary has occurred.  "*Texas Bank and Trust Co. v. Moore*, 595 S.W.2d 502 (Tex. 1980).  Defendant engaged in self-dealing.  Moreover, Defendant's conduct was aggravated by the kind of willfulness, wantonness, and malice for which the law allows the imposition of punitive damages.  Defendant's conduct was intentional, willful and without justification or excuse.

8.2      Plaintiff seeks exemplary or punitive damages against Defendant in an amount commensurate with:  a) the nature of the wrong committed; b) the character of the conduct involved; c) the degree of culpability of the Defendant; d) the situation and sensibilities of the parties concerned; e) the extent to which conduct, such as Defendant, offends a public sense of justice and propriety; f) the net worth of Defendant.  The conduct of Defendant alleged hereinabove justifies an award of exemplary or punitive damages in an amount sufficient to deter Defendant and other individuals and attorneys similarly situated from engaging in this conduct in the future.  Plaintiff further requests that past sanctions, fines, reprimands and settlements entered into, if any, for similar conduct related to the servicing of mortgage accounts or breaches of fiduciary duty be considered in determining the appropriate amount of damages.

## IX. CONDITIONS PRECEDENT

9.1 All conditions precedent to Plaintiff's claims for relief have been performed or have occurred, as required by Texas Rule of Civil Procedure 54.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully requests the following relief:

Plaintiffs further request that, upon trial, the Court:

a.   Enter a judgment against ordering that it turn over the required records along with an accounting sufficient to identify the claimed income and expenses of the Joint Venture;

b.   Award Plaintiff all actual, foreseeable, and incidental damages, as may be proven after sufficient financial records are obtained;

c.   Award Plaintiff all reasonable and necessary attorney's fees in prosecuting Plaintiff's claims through trial, and if necessary, through appeal;

d.   Award Plaintiff prejudgment interest as provided by law;

e.   Award Plaintiff post-judgment interest as provided by law;

f.   Award Plaintiff exemplary damages;

g.   Award Plaintiff their costs of suit, and

h.   Award such other and further relief, at law or in equity, to which the Plaintiff may show itself to be justly entitled.


Respectfully submitted,

**LAW FIRM OF CALEB MOORE, PLLC**
2205 Martin Drive, Suite 200
Bedford, TX 76021
Telephone: (817) 953-2420
Facsimile:   (817) 581-2540
cmoore@thedfwlawfirm.com

By: */s/ Caleb Moore*
Caleb I. Moore
cmoore@thedfwlawfirm.com
Texas Bar No. 24067779


### Certificate of Service

I certify that a true copy of the above was served on each attorney of record or party in accordance with the Texas Rules of Civil Procedure on February 7, 2017.

*/s/ Caleb Moore*
Caleb I. Moore

20171019 Second Amended Petition.pdf - Foxit PhantomPDF

Exh DEF 035 - Page 24 of 40

File  Home  Convert  Edit  Organize  Comment  View  Form  Protect  Share  Help  Comment Format

Properties
Create
Open
Save
Save As
Reduce File Size
Optimize Scanned PDF
PDF Optimizer
Action Wizard
Export
Accessibility Checker
Print
Close
Preferences
Change Skin

# Properties

 Description

 Initial View

 Security

 Fonts

## Description

### General

| | |
|---|---|
| File | C:\Users\Nate\Dropbox (JMFPC)\3-Law Office\Alvord 287 Lawsuit\Pleadings Filed\Motion to Disqualify\Evidence\20171019 Second Amended Petition.pdf |
| PDF Version | PDF-1.6 |
| Fast Web View | No |
| Page Size | [8.50 * 11.00 inch] |
| Pages | 12 |
| Title | Add a title |
| Subject | Add a subject |
| Creator | Microsoft® Office Word 2007 |
| Author | Ian Ghrist |
| Producer | Microsoft® Office Word 2007 |
| Keywords | Add a keywords |

Custom

### Related Dates

| | |
|---|---|
| Last Modified | 2017-10-20 08:12:18 |
| Created | 2017-10-18 16:52:18 |

Show More Information

342-288776-16

FILED
TARRANT COUNTY
10/19/2017 9:24 PM
THOMAS A. WILDER
DISTRICT CLERK

## CAUSE NO. 342-288776-16

| | | |
|---|---|---|
| B. FRAZIER MANAGEMENT, INC., | § | IN THE DISTRICT COURT |
| FORMALLY KNOWN AS FRAZIER | § | |
| ASSET MANAGEMENT, INC. and | § | |
| BRIAN H. FRAZIER, Individually | § | |
| | § | |
| Plaintiffs, | § | |
| | § | 342ND JUDICIAL DISTRICT |
| | § | |
| VS. | § | |
| | § | |
| | § | |
| ANSON FINANCIAL, INC. AS | § | |
| SUCCESSOR IN INTEREST TO | § | |
| JENTEX FINANCIAL, INC | § | |
| | § | |
| Defendant. | § | TARRANT COUNTY, TEXAS |

---

## PLAINTIFF'S SECOND AMENDED PETITION AND DEMAND FOR ACCOUNTING

---

**TO THE HONORABLE COURT:**

Plaintiffs, B. FRAZIER MANAGEMENT, Inc., formally known as, FRAZIER ASSET MANAGEMENT, INC. and BRIAN H. FRAZIER, Individually, files this Second Amended Petition and Request for Accounting and in support would show:

### I. DISCOVERY CONTROL PLAN

1.1    Plaintiff intends to conduct discovery under Discovery Control Plan Level 3. *See* TEX. R. CIV. P. 190.

### II. PARTIES

2.1    Plaintiff B. Frazier Management, Inc., Formally Known as, Frazier Asset Management, Inc. (herein some time referred to "FAM" is a Texas Professional Corporation located at 3345 Western Center Blvd., #160, Fort Worth, Texas 76137.

2.2     Plaintiff Brian H. Frazier, is an individual and sole owner of B. Frazier Management, Inc. The last three digits of his social security number are 720 and last three digits of his driver's license number are 648.  He appears in his individual capacity as the owner of any claims not owned by B. Frazier Management, Inc.

2.3     Defendant Anson Financial, Inc. is a Texas corporation doing business in the state of Texas and may be served with process through its attorney who has appeared in this case.

### III. JURISDICTION

3.1     The district court has jurisdiction over this cause of action because it is within the jurisdictional limits of the court.  Venue in Tarrant County is proper under the Civil Practice and Remedies Code because Tarrant County is the Defendant's registered agent's county of residence; and Tarrant County is the county in which all or a substantial part of the events giving rise to the claim occurred.

3.2     Pursuant to Texas Rule of Civil Procedure 47, based on the information to date, Plaintiff states that it seeks monetary relief over $200,000.00, but not more than $1,000,000.00, and non-monetary relief.

### IV.     STATEMENT OF FACTS

4.1     In 1996, Frazier Asset Management, Inc. ( "FAM") and Jentex Financial, Inc. ("JFI"), (collectively referred to as the "Venturers), entered into a Joint Venture Agreement (the "Agreement") creating The Alvord 287 Joint Venture (the "JV") for the sole purpose of purchasing, owning, managing, improving and selling real property described as 127.21 Acres in Wise County, Texas.

4.2     The Agreement, among other things, requires correct and complete books of account to be kept and maintained at all times, showing Joint Venture assets and liabilities and

all income received and all monies paid out. The books are to be kept at the office or offices of

the Joint Venture and used in common by the Joint Venturers, so that any one of them can have

access without interruption or hindrance from the other. Said books and records are to be kept in

accordance with generally accepted accounting principles.

4.3     The Agreement requires that Accounts in the name of the Joint Venture be

maintained in such bank or banks as the Joint Venturers chose. All money in the Joint Venture

and all instruments for the payments of money when received are required to be deposited to the

credit of the Joint Venturer on a timely basis. All checks drawn on any bank account are to be

signed and drawn by both Joint Venturers if more than $10,000.00 in amount.  The Agreement is

binding on the Joint Venturers, their heirs, personal representatives and assigns.

4.4     Pursuant to the Agreement, FAM was tasked with (1) selling and marketing the

tracts; (2) installing septic systems, as needed, on a direct cost basis, i.e. no overhead, labor, etc.;

(3) overseeing the installation of a well on each of the tracts; (4) overseeing and maintaining

unsold tracts in saleable condition; and (5) handling foreclosures and resale of foreclosed tracts.

4.5     Pursuant to the Agreement, JFI is responsible for (1) servicing all loans resulting

from the sale of tracts out of the land; (2) preparing monthly accounting to the partners; (3)

preparing year-end documents and financials; and (4) maintaining a bank account for the JV and

accounting monthly for all transactions.

4.6     After two years of successfully operating the JV, the Venturers agreed to expand

the purpose of the JV from only the single land project in Wise County to allow the JV to acquire

additional land. The Agreement was thereafter amended to restate and slightly amend the

specific duties/obligations of the Venturers.  Later, by Addendum to Joint Venture Agreement

dated April 27, 2000, the parties unanimously agreed that either FAM or JFI could sell, convey or acquire property on behalf of the JV.

4.7    For more than eighteen (18) years from January 30, 1996, until September 9, 2014, FAM and JFI successfully operated the JV.  FAM completed its initial obligations to develop the tracts (roads, septic, water, etc.), and to sell and market the lots. JFI used its own servicing company to service the loans, but properly transferred the money paid to the servicing company directly into the JV bank accounts. JFI also provided access to bank statements and accounted for all transactions on a regular basis.

4.8    In 2014, Jay Lesok ("Lesok"), President of JFI, informed Frazier, President of FAM, that because of his advanced age and health conditions, he was no longer able to keep up with the amount of work required to fulfill his obligations under the Agreement. He asked Frazier to purchase his interest, but a price could not be agreed upon and Frazier did not purchase JFI's interest.  FAM's obligation to develop the tracts was already complete or substantially complete, while JFI' obligations, including servicing obligations, were largely ongoing or incomplete.

4.9    Anson Financial, Inc. ("AFI") purchased JFI's interest in the JV.  On September 9, 2014, FAM received a letter from J. Michael Ferguson ("Ferguson"), President of AFI, stating that AFI purchased JFI's interest in the JV because of Lesok's health and medical issues. In the letter, Ferguson promised that AFI would continue to handle JFI's duties as set forth in the Agreement and subsequent amendments.

4.10    AFI has failed to continue handling JFI's duties as set forth in the Agreement, thereby preventing FAM from exercising its right to ensure proper operation of the JV.  AFI has refused to maintain a separate bank account for the JV or to account monthly for all transactions

as required in the Agreement, made representations related to forthcoming payments that turned out to be false, and repeatedly denied FAM access to the JV's financial records, thereby preventing FAM from exercising its right to ensure proper operation of the JV.

4.11    Although AFI has provided FAM with some journal entries, Profit & Loss Statements and Balance Sheets, and lists of Notes Receivable, AFI has not provided any supporting documents, bank statements, or other verifiable financial records to allow FAM to ensure proper operation of the JV.  Currently, FAM has insufficient documentation to determine what, if any, of the reports created by AFI are accurate.

4.12    Based on the foregoing, AFI has (a) failed to adequately and reasonably manage the bookkeeping for the JV; (b) failed to maintain a separate bank account for the JV and to account monthly for all transactions; (c) failed to produce timely tax statements for the JV; (d) made false representations related to forthcoming payments; (e) failed to make monthly disbursements; (f) failed to comply with the duty of loyalty, utmost good faith, candor, the duty to refrain from self-dealing, the duty to act with integrity of the strictest kind, the duty of fair and honest dealing, and the duty of full disclosure as stated in this Petition.

4.13    To the extent that any assets, real or personal property, rights, duties or obligations that were owned by FAM at the time its corporate charter was extinguished, those assets, real or personal property, rights, duties or obligations passed to Frazier individually as the sole owner.

4.14    The date the conduct the subject of this suit began by Anson is currently unknown and without discovery and financial records not currently available to Plaintiffs, cannot be accurately identified.

## V.    CAUSES OF ACTION ASSSERTED BY BOTH PLAINTIFFS

**BREACH OF FIDUCIARY DUTY**

5.1    Plaintiff incorporates by reference all of the allegations contained in this petition as if fully set forth herein.

5.2    The elements of a breach-of-fiduciary-duty claim are: (1) a fiduciary relationship existed between the plaintiff and defendant; (2) the defendant breached its fiduciary duty to the plaintiff; and (3) the defendant's breach resulted in injury to the plaintiff or benefit to the defendant.

5.3    Defendant owed Plaintiff fiduciary duties as a joint venturer in the Joint Venture Agreement.  As such, Defendant was obligated to comply with the duty of loyalty, utmost good faith, and candor, to refrain from self-dealing, to act with integrity of the strictest kind, and to be fair and honest in the parties dealing.

5.4    Defendant breached those duties in several ways as stated above, including, but not limited to, failing to: make timely payments; provide complete financial information regarding the servicing of the mortgages, which constitutes constructive fraud[1]; and failing to maintain a separate JV bank account and to account monthly for all transactions.  In breaching these duties, Defendant continues to profit from the servicing of the mortgages, and Plaintiff remains uninformed about the financial status of its assets.

5.5    When there is an abuse of a confidential or fiduciary relationship, the burden of proof is on the fiduciary to establish the fairness of the transaction, that there was full disclosure of all the facts and circumstances, and that there was good faith and the absence of pressure and

---

[1] Constructive fraud arises when a fiduciary fails to disclose all material information in a transaction or when there is an unfair transaction between persons in a fiduciary relationship. *Archer v. Griffith*, 390 S.W.2d 735, 740 (Tex. 1964). The plaintiff need not prove negligence and needs only to prove the existence of a confidential relationship. *Id.* The defendant must then establish that the transaction was fair, honest, and equitable. *Id.*

influence on the part of the fiduciary. *Fitz-Gerald v. Hull*, 150 Tex. 39, 237 S.W.2d 256, 261 (1951). This is particularly relevant when it appears that AFI is hiring Ferguson, an interested party, to perform services at an above market rate or to perform services that AFI should already be performing and improperly deducting those fees from the amounts owed to Plaintiff/Joint Venturer.

5.6    As a result of Defendant's breaches of fiduciary duties, Plaintiff has suffered and continues to suffer damages, and Defendant has benefitted. Defendant's breaches have caused, and will continue to cause harm to Plaintiff.

**DEFALCATION**

5.7    Plaintiff incorporates by reference all of the allegations contained in this petition as if fully set forth herein.

5.8    Defalcation occurs when a fiduciary breaches its duty by inadequately accounting for funds held in a fiduciary capacity or by misapplying those funds contrary to an agreement. In this case, Defendant is liable to Plaintiff for defalcation for failing to account for the revenues and expenses of the Joint Venture.

5.9    As a result of Defendant's defalcation, Plaintiff has suffered and continues to suffer damages, and Defendant has benefitted. Defendant's defalcation has caused, and will continue to cause, irreparable harm to Plaintiff.

**BREACH OF CONTRACT**

5.10    Plaintiff incorporate by reference all of the allegations contained in this petition as if fully set forth herein.

5.11    In this case, AFI breached the Joint Venture Agreement as amended by failing to provide access to correct and complete books of account and supporting documents and account

information showing JV assets and liabilities and all income received and all monies paid out, as required in the Joint Venture Agreement. AFI further breached the Agreement by failing to maintain a bank account for the Joint Venture and failing to account monthly for all transactions of the JV. As a result, Plaintiff has suffered and continues to suffer damages. AFI's breaches have caused, and will continue to cause, irreparable harm to Plaintiff. Based on the available information, some of the breaches of contract did not occur until sometime in 2016 or are breaches that began prior to that date, but are of an ongoing nature and occur each month, such as withdrawals from Joint Venture funds or deposits in private accounts.

**WRIT OF MANDAMUS**

5.12    A writ of mandamus is requested ordering AFI to turn over a complete set of records dating back to the date on which AFI acquired its interest in the JV in 2014. A writ of mandamus filed in the trial court is the proper remedy to enforce a statutory right of inspection. Burton v. Cravey, 759 S.W.2d 160, 161 (Tex. App.—Houston [1st Dist.] 1988, no writ), disapproved on other grounds by Huie v. DeShazo, 922 S.W.2d 920, 924 (Tex.1996); 9 see Uvalde v. Rock Asphalt Co. v. Loughridge, 425 S.W.2d 818, 820 (Tex.1968) ("A method for the enforcement of the right of inspection or examination of the books and records of a corporation is by mandamus."). FAM does not have to establish an independent cause of action; it merely has to establish its statutory right to inspect. Id. The purpose for the inspection is to uncover errors in the accounting of the JV, over payments and any fraud, embezzlement or mismanagement of the JV's money in the last two years. To date, AFI has failed to account monthly for all transactions of the JV so that FAM can ensure proper operation of the JV.

## VI. DEMAND FOR ACCOUNTING

6.1      Plaintiff incorporates by reference all of the allegations contained in the foregoing paragraphs as if fully set forth herein.

6.2      Plaintiff demands a complete, certified accounting of the Joint Venture from the date of AFI's acquisition of the Jentex interest to present, which Plaintiff is entitled to pursuant to the Joint Venture Agreement.  The accounting information provided by AFI cannot be verified as the supporting documentation was not included.  Accordingly, adequate relief may not be obtained at law, and Plaintiff requests that the Court exercise its equitable power and order Defendant to account for the following:

A complete, certified accounting in accord with reasonable or generally accepted accounting principles from the date of AFI's acquisition of the Jentex interest to present (including a certification that such information is true and correct and an independent audit from a certified public accountant hired by the JV).  The bookkeeping must be adequate for federal tax reporting and should be in accord with reasonable bookkeeping practices for businesses that service or own notes secured by deeds of trust.

## VII. ATTORNEY'S FEES

7.1      Plaintiff incorporates by reference all of the allegations contained in the foregoing paragraphs as if fully set forth herein.

7.2      Because of Defendant's wrongful conduct, Plaintiff has been required to retain the undersigned counsel to initiate and prosecute this suit.  According to Texas Civil Practice and Remedies Code chapters 37 and 38 and other applicable law, Plaintiff is entitled to their reasonable attorneys' fees and court costs.

## VIII. PUNTIVE DAMAGES

8.1      Plaintiff incorporates by reference all of the allegations contained in this petition as if fully set forth herein. Punitive damages are proper when self-dealing by a fiduciary has occurred. "*Texas Bank and Trust Co. v. Moore*, 595 S.W.2d 502 (Tex. 1980). Defendant engaged in self-dealing. Moreover, Defendant's conduct was aggravated by the kind of willfulness, wantonness, and malice for which the law allows the imposition of punitive damages. Defendant's conduct was intentional, willful and without justification or excuse.

8.2      Plaintiff seeks exemplary or punitive damages against Defendant in an amount commensurate with: a) the nature of the wrong committed; b) the character of the conduct involved; c) the degree of culpability of the Defendant; d) the situation and sensibilities of the parties concerned; e) the extent to which conduct, such as Defendant, offends a public sense of justice and propriety; f) the net worth of Defendant. The conduct of Defendant alleged hereinabove justifies an award of exemplary or punitive damages in an amount sufficient to deter Defendant and other individuals and attorneys similarly situated from engaging in this conduct in the future. Plaintiff further requests that past sanctions, fines, reprimands and settlements entered into, if any, for similar conduct related to the servicing of mortgage accounts or breaches of fiduciary duty be considered in determining the appropriate amount of damages.

## IX. CONDITIONS PRECEDENT

9.1 All conditions precedent to Plaintiff's claims for relief have been performed or have occurred, as required by Texas Rule of Civil Procedure 54.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully requests the following relief:

Plaintiffs further request that, upon trial, the Court:

    a.    Enter a judgment against ordering that it turn over the required records along with an accounting sufficient to identify the claimed income and expenses of the Joint Venture;

    b.    Award Plaintiff all actual, foreseeable, and incidental damages, as may be proven after sufficient financial records are obtained;

    c.    Award Plaintiff all reasonable and necessary attorney's fees in prosecuting Plaintiff's claims through trial, and if necessary, through appeal;

    d.    Award Plaintiff prejudgment interest as provided by law;

    e.    Award Plaintiff post-judgment interest as provided by law;

    f.    Award Plaintiff exemplary damages;

    g.    Award Plaintiff their costs of suit, and

    h.    Award such other and further relief, at law or in equity, to which the Plaintiff may show itself to be justly entitled.

Respectfully submitted,

**LAW FIRM OF CALEB MOORE, PLLC**
2205 Martin Drive, Suite 200
Bedford, TX 76021
Telephone: (817) 953-2420
Facsimile:  (817) 581-2540
cmoore@thedfwlawfirm.com

By: */s/ Caleb Moore*
Caleb I. Moore
cmoore@thedfwlawfirm.com
Texas Bar No. 24067779

Exh DEF035 - Page 36 of 40

**Certificate of Service**

I certify that a true copy of the above was served on each attorney of record or party in accordance with the Texas Rules of Civil Procedure on October 19, 2017.

*/s/ Caleb Moore*
Caleb I. Moore

# Properties



### Description

**General**

| | |
|---|---|
| File | C:\Users\Nate\Dropbox (JMFPC)\3-Law Office\Alvord 287 Lawsuit\Pleadings Filed\Motion to Disqualify\Evidence\RFD.pdf |
| PDF Version | PDF-1.5 |
| Fast Web View | No |
| Page Size | [8.50 * 11.00 inch] |
| Pages | 3 |
| Title | Add a title |
| Subject | Add a subject |
| Creator | Microsoft® Office Word 2007 |
| Author | Ian Ghrist |
| Producer | Microsoft® Office Word 2007 |
| Keywords | Add a keywords |

Custom

**Related Dates**

| | |
|---|---|
| Last Modified | 2017-03-21 10:54:50 |
| Created | 2017-03-21 10:54:50 |

Show More Information

**CAUSE NO. 342-288776-16**

| | | |
|---|---|---|
| **B. FRAZIER MANAGEMENT, LLC,** | § | **IN THE DISTRICT COURT** |
| **FORMALLY KNOWN AS FRAZIER** | § | |
| **ASSET MANAGEMENT, INC. and** | § | |
| **BRIAN H. FRAZIER, Individually** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | **342ND JUDICIAL DISTRICT** |
| | § | |
| **VS.** | § | |
| | § | |
| | § | |
| **ANSON FINANCIAL, INC. AS** | § | |
| **SUCCESSOR IN INTEREST TO** | § | |
| **JENTEX FINANCIAL, INC** | § | |
| | § | |
| **Defendant.** | § | **TARRANT COUNTY, TEXAS** |

**PLAINTIFF BRIAN H. FRAZIER'S REQUEST FOR DISCLOSURES**

To:    **Defendant, Anson Financial, Inc., by and through its attorney of record, Jeffrey Cook and M. Jason Ankele of Sullivan & Cook, LLC, at 600 East Las Colinas Boulevard, Suite 1300, Irving, Texas 75039 via email at jcook@sullivancook.com and jankele@sullivancook.com.**

Pursuant to rule 194 of the Texas Rules of Civil Procedure, you are requested to disclose, within 30 days after service of this request, the information or material described in rule 194 as set forth in the attached request. The originals or copies of documents and other tangible items requested must be produced for inspection and copying at 2205 Martin Drive Suite 200, Bedford, Texas 76021 within 30 days after service of this request, together with a written response. Each written response must be preceded by the request to which it applies. No objection or assertion of work product privilege is permitted to a request under this rule. If you fail to comply with this request, the court may order sanctions against you in accordance with the Texas Rules of Civil Procedure. Your response must be signed.

Respectfully submitted,


**LAW FIRM OF CALEB MOORE, PLLC**
2205 Martin Drive, Suite 200
Bedford, TX 76021
Telephone: (817) 953-2420
Facsimile:   (817) 581-2540
cmoore@thedfwlawfirm.com


By: */s/ Caleb Moore*
Caleb I. Moore
Texas Bar No. 24067779

**ATTORNEY FOR PLAINTIFF**


**CERTIFICATE OF SERVICE**

I certify that on March 21, 2017, a true and correct copy of these Requests for Disclosure have been furnished to all defense counsel of record in accordance with the Texas Rules of Civil Procedure, on the following recipient via email.

Jeffrey Cook via electronic mail at jcook@sullivancook.com
M. Jason Ankele via electronic mail at jankele@sullivancook.com


*/s/ Caleb Moore*
Caleb Moore


**REQUESTS FOR DISCLOSURE**

**Request 1:**    R.194.2(a).    State the correct names of the parties to the lawsuit.

**Request 2:**    R.194.2(b).    State the name, address, and telephone number of each potential party.

**Request 3:**    R.194.2(c).    State the legal theories and, in general, the factual bases for your claims or defenses.

**Request 4:**    R.194.2(d).    State the amount of economic damages and any method of calculating the damages.

**Request 5:**    R.194.2(e).    State the name, address, and telephone number of persons having knowledge of relevant facts, and state each person's connection with the case.

**Request 6:**    R.194.2(f).    For each individual who may be called by you or your attorney as an expert witness, state:

    1.    the expert's name, address, and telephone number;

    2.    the subject matter on which the expert will testify;

    3.    the mental impressions and opinions held by the expert and the basis for them (or documents reflecting such information if the expert is not retained by, employed by, or otherwise subject to your control);

**Request 7:**    R.194.2(g).    Produce any indemnity and insuring agreements as described in Rule 192.3(f).

**Request 8:**    R.194.2(h).    Produce any settlement agreements as described in Rule 192.3(g).

**Request 9:**    R.194.2(i).    Produce any witness statements as described in Rule 192.3(h).

**Request 10:**    R.194.2(j).    Produce all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills.

**Request 11:**    R.194.2(k).    Produce all medical records and bills obtained by you by virtue of an authorization furnished by Plaintiffs.

**Request 12:**    R.194.2(l).    Produce the name, address, and telephone number of any person who may be designated as a responsible third party.