

# LAW FIRM of
# CALEB MOORE, PLLC

| | |
|---|---|
| Mailing & Physical Address:<br>2205 Martin Drive, Ste 200<br>Bedford, TX 76021 | Telephone: (817) 953-2420<br>Facsimile: (817) 581-2540<br>cmoore@thedfwlawfirm.com |

Conferring re Discovery

February 18, 2021

Jason Ankele
Jeffrey Cook
**SULLIVAN & COOK, LLC**              Sent via email and certified
600 E. Las Colinas Blvd., Suite 1300            mail
Irving, Texas 75039
Telephone: (214) 520-7494
Facsimile: (214) 528-6925

Re: *Frazier v. Anson Financial Inc;* Cause No. 342-288776-16

Hi Jeff, Jason:

Hope you have power and are staying warm and dry.

Please find enclosed a flashdrive being sent in conjunction with Plaintiffs Interrogatories requesting Authentication of Records pursuant to TRCP 190.3, 190.4 and 197.1.

As you will see, the records on the flash drive were provided by Chase to Ian Ghrist in response to a subpoena he issued in another case he was litigating with your client. I have determined that these records are relevant to the issues being litigated in this case. Moreover, under the doctrine of shared discovery, the fruits of discovery are available not only to the parties in a particular case but may be disseminated in turn to other litigants and potential litigants. *Eli Lilly & Co. v. Marshall*, 850 S.W.2d 155, 160 (Tex. 1993), subsequent mandamus proceeding, 850 S.W.2d 164 (Tex. 1993).

I do not at this time have a business records affidavit from Chase regarding the Anson account, though at some point in the future, I might. Though I know the source of the documents to be Chase, out of an abundance of caution, I am serving interrogatories requesting that your client authenticate the records.

For an unknown reason, Chase bates labeled the documents for the Anson account in the right-hand corner two times with the result looking like: 78  15862  18233 .

Page **1** of **2**

To avoid any confusion, we are adding a simple numerical only bates number on the bottom left corner and will use and referenced the documents by the bottom left hand corner bates number. The actual Anson account records have **SB1094492-F1** stamped in the middle of the bottom of the page. There are also MBH and Ferguson PC records in the documents. I don't think these will be relevant, but I am producing them anyway so you have what I have. I am not certain if you were counsel in the other case in which the subpoena and use of these records were "litigated" or not, but I wanted to make sure you had them.

Lastly, I know Covid and the "Great freeze of 2021" has slowed the practice of law for many. If you or your client need additional time, within reason, please just communicate what you need and I will do my best to reasonably agree. I believe now that I have these records, the pending motion to compel that the court never ruled on is moot unless for some reason your client refuses to authenticate the records and I can't use what I have. If we can just agree by Rule 11 regarding the authentication and use, I am fine with that also. Other than the motion to compel ruling no longer being needed, The issues I raised in my November 16, 2020 letter still need to be addressed. In short, Anson needs to supplement the financial records of the JV re the amount of money there is now according to Anson, note reductions etc., verification of the agreed upon procedures etc. Please make time to respond. My understanding is you were going to discuss without client and another motion to compel was likely not going to be needed.

Please let me know by Monday at least that you received this and if that date is not going to be a complete response, when you will have a complete response to the pending issues.

Kind regards,

*Caleb Moore*

Caleb Moore



# LAW FIRM of
# CALEB MOORE, PLLC

Mailing & Physical Address:  
2205 Martin Drive, Ste 200  
Bedford, TX 76021

Telephone: (817) 953-2420  
Facsimile: (817) 581-2540  
cmoore@thedfwlawfirm.com

Notice of Intent to Use Business Records

March 5, 2021

Jason Ankele  
Jeffrey Cook  
**SULLIVAN & COOK, LLC**  
600 E. Las Colinas Blvd., Suite 1300  
Irving, Texas 75039  
Telephone: (214) 520-7494  
Facsimile: (214) 528-6925

**Sent via email and certified mail**

Re:  *Frazier v. Anson Financial Inc;* Cause No. 342-288776-16

Hi Jeff, Jason:

Please find enclosed a flashdrive being sent in conjunction with a business records affidavit that I received last night and reviewed today.  I believe these to be the same records I sent you previously, with an updated **SB1094492-F3** label and a business records affidavit.  I missed today's mail, I am confirming that the records are going out on March 6, 2021

   As I stated to you previously, records we received from Chase had what I will call garbled page numbers and were missing the business records affidavit.  As you can see in the included documents, Chase re labeled the documents and re stamped them **SB1094492-F3** and fixed the page numbers.  Accordingly, pursuant to Texas Rules of Evidence 803(6), 901 and 902(10) you are hereby being provided service of documents bates labeled **SB1094492-F3 1-18,766** and the accompanying Chase Business Records Affidavit.

As you will see, the records on the flash drive were provided by Chase to Ian Ghrist in response to a subpoena he issued in another case he was litigating with your client.  I have determined that these records are relevant to the issues being litigated in this case.  Moreover, under the doctrine of shared discovery, the fruits of discovery are available not only to the parties in a particular case but may be disseminated in turn to other litigants and potential litigants. *Eli Lilly & Co. v. Marshall*, 850 S.W.2d 155, 160 (Tex. 1993), subsequent mandamus proceeding, 850 S.W.2d 164 (Tex. 1993).

Page **1** of 2

Please accept this as my notice of intent to use these records at trial. Because the records are voluminous and it would take hours, if not days, to go through them with a jury, my office is in the process of preparing one or more summaries of the evidence pursuant to Tex. R. Evid. 1006 to be used at trial. These will be produced as required in any scheduling order as to the exchange of exhibits when complete.

Now that the Chase business records affidavit has been received and it fixed the page numbering issues, the need to have Anson authenticate the documents is lessened and potentially moot if Anson does not challenge the authenticity of these Chase records.

If your client wishes to be excused from responding to the February 18, 2021 interrogatories requesting authentication of records, please send me a proposed draft of a Rule 11 Agreement addressing the issue and I will work with you to reach an agreement relieving your client of its obligation to respond.

Kind regards,

*Caleb Moore*

Caleb Moore