**From:** Kyle Hendrick <kyle@milbern-ray.com>
**Sent:** Monday, August 26, 2019 6:05 PM
**To:** cmoore <cmoore@thedfwlawfirm.com>; Kent Ray <kar@milbern-ray.com>; J. Michael Ferguson <mike@fnalegal.com>; Nate Richards <nate@fnalegal.com>; Thomas Herald <Tom@taheraldpc.com>
**Subject:** RE: Alvord 287 Joint Venture Audit

Caleb,

See responses in red below.

Thanks,
Kyle

**From:** Caleb Moore <cmoore@thedfwlawfirm.com>
**Sent:** Monday, August 26, 2019 3:07 PM
**To:** Kyle Hendrick <kyle@milbern-ray.com>; Kent Ray <kar@milbern-ray.com>; J. Michael Ferguson <mike@fnalegal.com>; Nate Richards <nate@fnalegal.com>; Thomas Herald <tom@taheraldpc.com>
**Subject:** Alvord 287 Joint Venture Audit

1

Hi Kyle:

Please let me know if my below statements accurately represent the state of the audit (technically this engagement is not an audit, this is an agreed-upon procedures (AUPs) engagement for the Alvord 287 Joint Venture (JV)) as we sit here today. We need to make some decisions in the case and I want to make sure I have this right before I reach out to opposing counsel about moving this forward.

If any part of this is wrong, please let me know.

-As of 8/26/19 (today) you do not have a response from Mike or Tom to your 8/16/19 email sent at 11:53 a.m. that indicates how Mike or Tom want to deal with the issues you point out in that email? As of today, I am still on hold for the AUPs engagement for the JV pending: 1) approval form Mike to continue based on the revised budget (i.e. Approval) and 2) either agreement from all parties with regards to the changes to the AUPs that I outlined in my e-mail dated 8/16/2019 or a different set of revisions to the AUPs that both parties agree to (i.e. Agreement).

-As of today, you do not have the documents you reference in that email as being needed to complete the audit. I don't believe I mentioned any missing documents in my e-mail dated 8/16/2019. I had some questions (that I had highlighted in green) to Mike, which I have not yet received a response. Per my last discussion with Mike on 7/16/2019 and per his e-mail to me on 8/2/2019, "This is finally ready. I got rid of all the clutter. Every expense is bookmarked if we have it and a check is present or the view of statment if we have it. If its not there, please just mark that there are not 2 types of backup, i.e. there is invoice but no check or check but no invoice or there is no support at all. It does not matter. Just please mark them as they are with as little time as possible. I need you to estimate the time and we need to discuss that. Thanks." I took this to mean that all information that is available has been provide and per the original AUPs outlined in the Engagement Letter dated 2/4/2019 I would document whether the expenses either had or did not have sufficient support. In order to continue to move forward with this engagement I need both Approval and Agreement as outlined above.

-When we briefly spoke on the phone a week or so ago, my understanding in part from that conversation is that the Joint Venture does not have a bank account, so you have not independently verified if the money the Joint Venture has according to its financial records is in fact in a bank account on any given date. Correct, per my discussions with Mike the JV does not maintain a separate bank account, so the JV does not have any directly cash thus there is no bank account statement to agree to. Per my discussion with Mike, the JV's QuickBooks (QB) file had an general ledger account called "Chase Bank". This is not a true bank account that the JV had with Chase Bank. The account was set up in QB to utilize QB's functionality for bank accounts for bookkeeping purposes.

-My understanding is that because Anson closed the JV's bank account and is storing the money in its own account and recording what is owed to the JV in its quick books file that you don't view Anson's bank account as being part of the audit.
The JV's QB file has bank account "Summit Community Bank CB". Per my discussions with Mike, this was the JV's checking account that was utilized by Jentex Financial, Inc prior to selling their interest to Anson in September 2014. This account had minimal activity between 9/1/2014 and 12/31/2014 with no activity after 12/31/2014.

Per Mike, Anson collects all fund and pays all expenses on behalf of the JV. This is accounted for utilizing a series of due to/due from accounts within QB.

We were engaged to perform the AUP's for the JV, which includes recalculating the amount due to/from the JV from/to Anson base on the cash items in/cash items out for the JV. We have not been engaged to perform any work on the financials for Anson Financial Inc.. Thus the viewing the bank accounts for Anson Financial would be outside the scope of this engagement.

-The agreed upon procedures, Exhibit 3 for the Audit state:

> o Detail and support for transaction on the Due to/From Account with Alvord on Anson's books. Assuming this would tie to cash per tax returns since no separate bank account exist for Alvord. Including verification that monies went into account (i.e. bank statements, if needed).
> o Support/detail for expenses incurred or capitalized (invoices and payment):

You have not been provided any bank records for the JV.
Per my discussions with Mike the JV has no bank records to provide.

-The only records you have showing the amount of money that Anson is holding for the JV on any given date are the quick book records Anson has provided you.
The JV's QB file, which is maintained by Anson, is the record of how much the JV is either owed funds from Anson or owes funds to Anson as of any given date.   Part of the AUPs was to recalculate balances and activity in the various due to/due from amount and determine if the balance is properly supported.

-As we sit here today, you are looking at the earliest you could issue your report based on the issues you have identified in the last email as 9/10/19.
The timeframe and schedule that I outlined in my e-mail dated 8/16/2019 was assuming that we would get both Approval and Agreement in a timely fashion in order to keep moving forward on this engagement.  Since over a week has passed since my e-mail, I would need to revisit the timeframe and proposed schedule.  Best case scenario would be pushing out all the date by however long it take to get both Approval and Agreement to move forward.

Kind Regards,

Caleb Moore



**Law Firm of Caleb Moore, PLLC**
2205 Martin Drive, Ste 200
Bedford, TX 76021
Telephone: (817) 953-2420
Facsimile: (817) 581-2540
By Appointment Only

This electronic mail message is intended only for the use of the individual or entity to which it is addressed. This electronic mail message contains information from the LAW FIRM OF CALEB MOORE, PLLC and may be subject to attorney-client privilege, attorney work product or other privilege under applicable law. Any dissemination, copying or use of this electronic mail message by or to anyone other than the recipient(s) designated by the sender is unauthorized. If you have received this electronic mail message in error, please notify the sender by telephone or reply electronic mail and permanently delete this communication from your system.