Kathryn Hernandez (TX SBN: 24107854)
Magan Law, PLLC
62 Main St., Ste. 310
Colleyville, Texas 76034
Telephone: (817) 209-4298
E-mail: k.magan@maganlawpllc.com

SPECIAL COUNSEL FOR ANSON FINANCIAL INC. DEBTOR AND DEBTOR IN POSSESSION

And

COUNSEL FOR DEFENDANT

Jason Ankele (TX SBN: 00786989)
Sullivan & Cook, LLC
600 Las Colinas Blvd. E. Ste. 1300
Irving, Texas 75039-5699
Telephone: (214) 520-7494
E-mail: jankele@sullivancook.com

PROPOSED SPECIAL COUNSEL FOR ANSON FINANCIAL INC. DEBTOR AND DEBTOR IN POSSESSION

And

COUNSEL FOR DEFENDANT

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ANSON FINANCIAL, INC., | § | CASE NO. 21-41517 |
| | § | |
| DEBTOR. | § | |
| | § | |
| B. FRAZIER ASSET MANAGEMENT, INC. F/K/A FRAZIER ASSET MANAGEMENT, INC., AND BRIAN H. FRAZIER, INDIVIDUALLY | § | Adv. No. 21-04071 |
| Plaintiffs | § | Removed From: |
| | § | Cause No. 342-288776-16 |
| vs. | § | 342nd Judicial District Court |
| | § | Tarrant County, Texas |
| ANSON FINANCIAL, INC., | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

**TO THE HONORABLE EDWARD L. MORRIS, U.S. BANKRUPTCY JUDGE:**

Anson Financial, Inc. Defendant and Debtor/Debtor in possession ("**Anson**" or the "**Defendant**") and files this *Defendant's Proposed Findings of Fact and Conclusions of Law* in the above-entitled and numbered cause and would show the Court as follows:

## I. PROPOSED FINDINGS OF FACT

1. In 1996 Jentex Financial, Inc. ("**Jentex**") and Frazier Asset Management, Inc. ("**FAM**") entered into a Joint Venture with the purpose to purchase, sell, improve and manage real estate property (the "**JV**" or the "**Partnership**").

2. As alleged at paragraph 5.10 of Plaintiffs' Fifth Amended Petition, "The only contract alleged to exist between these parties is the "Joint Venture Agreement" originally between Frazier Asset Management Inc. and Jentex Financial Inc., signed on or about January 24, 1996, including written amendments."

3. The partners' roles in the JV are stated in the Second Amendment to the Joint Venture Agreement dated October 1, 1998.

4. On April 27, 2000, FAM and Jentex executed an addendum to the JV Agreement, amending Article XII which "provides that Joint Venture Property may be acquired and conveyed in the name of any Joint Venturer or other person who is a nominee for the Joint Venture by unanimous consent. We the Joint Venturers, do hereby unanimously agree that either Frazier Asset Management, Inc. or Jentex Financial, Inc. may sell, convey or acquire property on behalf of the Alvord 287 Joint Venture."

5. On February 8, 2013, the Texas Secretary of State ("**SOS**") terminated FAM's corporate charter pursuant to Section 171.309 of the Texas Tax Code.

6. It was FAM's practice to sustain a tax-related forfeiture of its corporate charter and then seek reinstatement of its corporate charter every few years as cash flow became available or for other reasons.

7. From 1996 through September 2014, the bank account for the JV was held in the name of its servicing agent, Jentex Financial, Inc. dba Alvord 287, and neither FAM nor Frazier was ever a signatory on the bank account.

8. On or about September 5, 2014, Anson purchased Jentex's interest in the JV for $325,000 after FAM declined to buy Jentex's interest.

9. Upon purchase of Jentex's interest by Anson, Anson maintained a bank account in the same manner in which Jentex maintained a bank account for the JV (i.e. Anson dba Alvord JV) and serviced all loans from the sale of the tracts, preparing accounting and financial reporting documents, including year-end financial documents.

10. On April 4, 2015, Anson offered to split the assets 50/50 in order to terminate the JV, but FAM declined the offer.

11. On April 6, 2015, Anson forwarded a check to FAM in the amount of $12,500.00 to represent FAM's fifty-percent profit distribution for that time period, and Brian Frazier ("**Frazier**") tore the check in half and returned the torn check to Anson.

12. On October 11, 2016, Anson emailed information to FAM's attorney, Kelly Gongloff, and offered $335,000 cash to buy out FAM's interest in the JV.

13. Anson's offer to buy out FAM's JV interest was characterized as a total cash offer of $459,000. Anson suggested as an alternative that Anson and FAM could split the assets with FAM picking the first loan and Anson picking the second loan until all loans and lots were taken. FAM declined that offer.

14. On November 7, 2016, FAM filed its Original Petition in this cause against Anson. Subsequent to FAM filing suit, Anson learned that FAM was a terminated entity.

15. On December 12, 2016, Anson filed its Answer to the Original Petition.

16. On January 5, 2017, the Texas Secretary of State reinstated FAM's charter. When FAM reinstated its charter, it did so under the name, B. Frazier Asset Management, Inc.

17. On April 24, 2019, Anson sent to Plaintiffs a Full Satisfaction Notice "Redemption Offer and Calculation" in the amount of $105,900.17 plus accrued interest thru April 24, 2019, until paid. Anson's offer was based upon a redemption price for Frazier's interest in the amount of $325,000 with 6% interest from February 8, 2013 through April 24, 2019 less part of the attorney fees expended by Anson in defending itself from the current lawsuit and FAM's half of the cost for the accounting done by Milbern Ray and Company, L.L.P.

18. To date, FAM has not responded to the Redemption Offer and Calculation.

19. On April 29, 2019, Anson filed its First Amended Counterclaim.

20. On May 10, 2019, Plaintiffs filed their Answer to Anson's First Amended Counterclaim.

21. On December 10, 2019, an accounting for the JV was completed by Milbern Ray and Company, L.L.P., and Plaintiffs were provided with a detailed accounting report for the agreed review period of September 1, 2014 to October 31, 2018. Anson paid the $50,000 cost for that accounting on behalf of the JV

22. No later than February 2021, Plaintiffs obtained approximately 18,000 pages of financial documents from Ian Ghrist who obtained the records through discovery means in an unrelated matter in the 67th District Court of Tarrant County, Texas, Cause No. 067-311209-19, *Ferguson, et. al v. Ghrist, et. al.*

23. On or about May 19, 2021, Anson provided to FAM updated financial information regarding the JV notes through April 30, 2021.

24. On June 25, 2021, (the "**Petition Date**") Anson filed a voluntary petition under Chapter 11 United States Bankruptcy Code, Title 11 of the United States Code. On July 27, 2021, Anson amended its petition to proceed under Subchapter V of Chapter 11.

25. On November 1, 2021, Defendant/Debtor removed Plaintiffs' lawsuit to the Bankruptcy Court.

26. On November 9, 2021, Plaintiffs filed Proof of Claim 21 into the Defendant/Debtor's bankruptcy case in the amount of $674,515.57.

27. From February 8, 2013 through September 10, 2017, Anson forwarded to FAM and FAM received a total of $262,500.00 in payments from the JV.

28. FAM did not transfer via assignment or otherwise any interest to Frazier at any time.

29. FAM has never dissolved, and Frazier is not a successor in interest to any interest in FAM.

30. Anson has not distributed any JV funds due to FAM to itself.

31. Anson has complied with all of its duties in the JV Agreement.

## II. PROPOSED CONCLUSIONS OF LAW

32. This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157 (b)(1), (b)(2)(H).

33. Venue in this Court is proper pursuant to 28 U. S. C. §1409.

34. Both parties have consented to this Court entering final judgment in this matter.

35. This matter arises from a dispute between partners of the JV. To the extent the written JV Agreement, as amended, does not otherwise provide, chapters 152 (General

Partnerships) and 11 (Winding Up and Termination of Domestic Entity) of the Texas Business and Organizations Code ("**TBOC**") govern the relationship of the partners and as between the partners and the JV. TEX. BUS. ORG. CODE §152.002

### Termination of corporate entity is event of withdrawal causing automatic redemption

36. FAM became a terminated entity on February 8, 2013 pursuant to Section 171.309 of the Texas Tax Code and TEX. BUS. ORGS. CODE §11.001(4)(B).

37. Accordingly, FAM is a *withdrawn partner* in the Partnership pursuant to TEX. BUS. ORGS. CODE §§152.001(1)(6), 152.501(a) and (b)(2)(8).

38. FAM's withdrawn partner interest was automatically redeemed by the Partnership as of the date of withdrawal, February 8, 2013. TEX. BUS. ORGS. CODE §152.601(1).

39. FAM's right to redemption is now expired pursuant to TEX. BUS. ORGS. CODE §§ 152.608 and 152.609.

### FAM's claims extinguished because corporate entity not reinstated within 3 years

40. FAM did not, as required by TEX. BUS. ORGS. CODE § 11.356(a), reinstate its corporate status within three (3) years from the date the Texas Secretary of State involuntarily forfeited FAM's corporate charter. Therefore, FAM may not continue its existence for the purpose of continuing the business or affairs for which the terminated filing entity was formed because it did not reinstate under Subchapter E of the TBOC. TEX. BUS. ORGS. CODE § 11.356(b).

41. FAM's claims were extinguished per TEX. BUS. ORGS. CODE § 11.359, and FAM does not have standing to bring forth its claims. *See* TEX. BUS. ORGS. CODE §§ 11.356 and 11.359.

42. At the time FAM brought suit against Defendant, FAM was a forfeited entity who had been a forfeited entity for a period of longer than three years and, therefore, this Court does

not have jurisdiction over Plaintiffs' claims pursuant to TEX. TAX CODE §§ 171.251, 171.2515 & 171.252 & TEX. BUS. ORGS. CODE § 11.356(b).

### Brian Frazier has no standing because not transferee or successor in interest

43. Frazier, Individually, does not have standing in this matter. FAM is the party that signed the JV Agreement. Plaintiffs contend that Frazier took assignment of FAM's interest and that he has interest in the JV property; however, no assignment has been made. Frazier is also not a successor in interest to FAM because FAM is not a dissolved corporation.

44. Further, a partner does not have an interest that can be transferred, voluntarily or involuntarily, in partnership property. TEX. BUS. ORGS. CODE §§ 154.002, 152.101. A partnership is an entity distinct from its partners, and partnership property is not property of the partners. TEX. BUS. ORGS. CODE §152.056, 152.101.

45. If FAM's interest was transferred to Frazier individually as he claims, then, at best, Frazier has FAM's right to redemption of FAM's withdrawn partner interest (TEX. BUS. ORGS. CODE §§ 152.001(1)(6), 152.501(a)(b)(9)), and redemption of that withdrawn partner interest in the partnership would be the only remedy available to Frazier as a Transferee, and the right to redemption has now expired. TEX. BUS. ORGS. CODE §§ 152.601, 152.611.

46. Moreover, both FAM and Frazier, individually, cannot concurrently claim to hold the same interest in the JV and pursue a claim related to that interest against Anson. Therefore, Frazier has no claims against Anson.

### Redemption of Withdrawn Partner Interest

47. Plaintiffs' claims are limited to Remedies of Partnerships and Partners under TEX. BUS. ORGS. CODE § 152.211.

48. FAM's withdrawal from the Partnership was wrongful because, when it permitted its corporate charter to lapse as was its practice, FAM willfully dissolved or terminated. *See* TEX. BUS. ORGS. CODE § 152.503(a) and (b)(2)(A)(C).

49. Given that FAM willfully withdrew and acted vexatiously, FAM's entitlement to redemption value is offset by costs associated with this litigation. *See* TEX. BUS. ORGS. CODE § 152.503(b) and §§ 152.601-152.612.

50. On Defendant's Redemption Offer, Defendant used the Fair Value (the value a willing buyer would pay in cash to a willing seller) that it paid to Jentex on September 4, 2014, which was $325,000.00 plus interest on the balance owed at 6% until paid in full. Defendant has paid a total of $262,000.00 to FAM since February 8, 2013, which amount has been deducted from the balance on the date paid.

51. However, because FAM wrongfully withdrew and refused Defendant's redemption offers and also did not negotiate a redemption price, FAM acted arbitrary, vexatiously, and in bad faith, the redemption value should be offset by costs associated with this litigation in the total sum of $230,064.09 plus $50,000 that was paid to Milburn Ray & Company for an AUP during the state court litigation. Accordingly, the redemption value of FAM's withdrawn partner interest is completely offset by the litigation costs and, in fact, Anson should recover from FAM the amount of $108,052.56 plus accrued interest of 6% from June 28, 2021. Anson reserves its rights to assert any calculation allowed under the JV Agreement or the TBOC.

**Additional defenses of Anson**

52. FAM cannot recover for any tort claim because of the economic loss rule. *See LAN/STV v. Martin K. Eby Const. Co.*, 435 S.W.3d 234, 235 (Tex. 2014).

53. FAM cannot prevail on a cause of action for breach of fiduciary duty against Defendant because FAM is a withdrawn partner and does not have standing to assert a cause of action for breach of fiduciary duty against Defendant. Nevertheless, FAM cannot prevail because no duty was breached per the JV agreement by Defendant as Defendant has continued to act in line with its specified duties. *See* TEX. BUS. ORGS. CODE § 152.210. In relation to a breach of fiduciary duty as to the JV, FAM did <u>not</u> bring a derivative suit on behalf of the Partnership. Additionally, Defendant is protected from such a claim by (i) the business judgment rule [*see Sneed v. Webre,* 465 S.W.3d 169, 178 (Tex. 2015) (quoting *Cates v. Sparkman,* 11 S.W. 846, 848-49 (Tex. 1889)], (ii) TEX. BUS. ORGS. CODE §152.204(c) as a partner does not violate a duty or obligation under this chapter or under the partnership agreement merely because the partner's conduct furthers the partner's own interest, and (iii) TEX. BUS. ORGS. CODE § 152.204(d) as a partner, in the partner's capacity as partner, is not a trustee and is not held to the standards of a trustee.

54. FAM cannot prevail on its claim for Defalcation. Defendant acting in the capacity as a partner to the JV is not a trustee who was entrusted with money. TEX. BUS. ORGS. CODE § 152.204(d). Further, Plaintiff's defalcation claim is just a breach of contract claim as it alleges Defendant inadequately accounted and misapplies funds contrary to the JV Agreement. Also, the economic loss rule prevents recovery.

55. FAM cannot prevail on its claim for Breach of Contract because FAM is a withdrawn partner, willfully withdrew, and any claims FAM had, are now extinguished. FAM's only remedy is redemption under TEX. BUS. ORGS. CODE §§ 152.601-152.612. Moreover, Defendant did not breach the JV Agreement and has provided a full accounting. TEX. BUS. ORGS. CODE § 152.212(d).

56. FAM cannot prevail on its claim for conversion, because FAM is a withdrawn partner, whose claims are now extinguished, and it is only entitled to redemption value less the damages caused by the wrongful withdrawal and the Plaintiffs' bad faith actions in refusing to discuss redemption and instead causing the parties to litigate this matter for over 5 years. *See* TEX. BUS. ORGS. CODE §152.501(a)(b)(1)(A)(B), 4(A)(B), (8), or (9) and §§ 152.601-612. In any event, the plaintiffs cannot recover for conversion of money. *Edlund v. Bounds*, 842 S.W.2d 719, 727 (Tex. App.—Dallas 1992, writ denied) (plaintiff could recover for conversion of notes receivable, but not money); *Cherry v. Hollie*, 2015 Tex. App. LEXIS 1405 (Tex. App.—Eastland 2015, no pet.) (to establish a claim for conversion of money, the plaintiff must show that the money is not the subject of a title claim by its keeper). Alternatively, Plaintiffs had no conversion claim at the time of filing suit. Additionally, Plaintiffs' have no right to the money from the JV except the possible redemption value for FAM's wrongful withdrawal from the JV.

57. FAM is a withdrawn partner whose claims for damages are now extinguished; accordingly, FAM is not entitled to further accounting. TEX. BUS. ORGS. CODE § 152.212(d). In any event, FAM was only entitled to access to the JV's books of account pertaining to the period during which FAM, as a former partner, was actually a partner or for any other proper purpose with respect to another period. TEX. BUS. ORGS. CODE §152.212(d). Anson provided that information and access to FAM. Nonetheless, FAM no longer has a cause of action for an accounting because an accounting was completed by Milbern Ray and Company, L.L.P. on December 10, 2019, which provided a full accounting report for the time period of September 1, 2014 to October 31, 2018. In addition, Defendant provided updated financials to FAM through the period ending April 30, 2021, obviating the need for further accounting. Finally, given FAM's

unclean hands in its wrongful acquisition of Anson's financial documents through discovery means in an unrelated lawsuit, FAM's any further request for an accounting is denied.

58. Anson has not violated the Joint Venture Agreement.

59. Anson has not breached a fiduciary duty to FAM.

60. Anson owes no fiduciary duty to Frazier.

61. FAM did not bring a derivative suit on behalf of the JV.

62. FAM lacked capacity at the time it filed its claim.

63. FAM's prior periods of tax forfeiture do not constitute waiver as to the February 8, 2013 tax forfeiture.

64. FAM is not entitled to attorney's fees or punitive damages.

Dated: March 28, 2022

Respectfully submitted:

Magan Law, PLLC

By: /s/ *Kathryn Hernandez*
Kathryn Hernandez (TX SBN: 24107854)
62 Main St., Ste. 310
Colleyville, Texas 76034
Telephone: (817) 209-4298
Email: k.magan@maganlawpllc.com

Sullivan & Cook

By: /s/ M. Jason Ankele
M. Jason Ankele (TX SBN: 00786989)
600 Las Colinas Blvd. E. Ste. 1300
Irving, Texas 75039-5699
Telephone: (214) 520-7494
Email: jankele@sullivancook.com

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served on March 28, 2022 (1) by electronic notice to all ECF users who have appeared in this case to date.

*/s/ Kathryn Hernandez*
KATHRYN Hernandez