Lyndel Anne Vargas
State Bar No. 24058913
CAVAZOS HENDRICKS POIROT, P.C.
Suite 570, Founders Square
900 Jackson Street
Dallas, TX 75202
Phone: (214) 573-7344
Fax: (214) 573-7399
Email: LVargas@chfirm.com

Attorneys for Brian Frazier and B. Frazier Management, Inc.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| IN RE: | § § § | Case No. 21-41517-elm11 |
| ANSON FINANCIAL, INC. | § § | |
| Debtor. | § § | |
| | § § | |
| B. FRAZIER ASSET MANAGEMENT, INC. F/K/A FRAZIER ASSET MANAGEMENT, INC., AND BRIAN H. FRAZIER INDIVIDUALLY | § § § § § § | Adv. No. 21-04071 |
| Plaintiffs, | § § § | Removed From: Cause No. 342-288776-16; 342nd Judicial District Court |
| v. | § § | Tarrant County, Texas |
| ANSON FINANCIAL, INC. | § § | Docket Call: April 4, 2022 |
| Defendant. | § § § | Time: 1:30 |

# PLAINTIFFS' TRIAL BRIEF

COMES NOW movants, B. Frazier Asset Management, Inc. and Brian Frazier (jointly referred to as "FAM") and submit their Trial Brief.

## I.

## SUMMARY

Anson and FAM are each fifty percent partners under the terms of a written joint venture agreement that requires a majority vote to take any action. Since becoming a partner, Anson has acted unilaterally in taking possession of partnership assets, distributed partnership money to itself and taken other actions objected to by FAM. FAM filed suit in state court to enforce the JV agreement and for damages under various causes of action. As stated in Anson's First Amended Counterclaim filed April 29, 2019 and Objection To Proof of Claim 20-1, Anson alleges that FAM's 2013 forfeiture of its corporate charter under the tax code was a wrongful withdrawal from the JV/Partnership under the Texas Business Organizations Code (TBOC) that as a matter of law allows Anson to simply disregard the JV agreement and act unilaterally. That is just not the law. A corporate charter forfeiture under the Tax Code, that has been reinstated, is not a "termination of existence" as required in the TBOC for a withdrawal and is not even governed by the cited TBOC, which regulates forfeitures under the TBOC, not the Tax Code. As laid out in detail below, the $2_{nd}$ Court of Appeals has stated as a matter of law, that the Tax Code, not the TBOC, controls the reinstatement process for a company whose charter was forfeited under the Tax Code, not the TBOC. Further, a forfeiture under the tax code creates an incapacitated corporation that can be revived or reinstated as provided in the Tax Code at any time. That has happened here. FAM has reinstated and the reinstatement relates back as if it never happened according to the $2_{nd}$ Court of Appeals and the Tax Code.

Thus, its existence was not terminated under the TBOC and the tax forfeiture was not a withdrawal of any kind under the TBOC and Anson's unilateral control of the JV assets, its disregard of FAM's objections are not legal defenses to Anson's actions. Its attempt to redeem FAM's interest in the JV at liquidation value should is not supported by Texas law and should be dismissed.

## II. STATEMENT OF RELEVANT FACTS

1.      Anson's seeks to avoid its obligations under the JV Agreement and treat the same as though Anson is the sole partner based solely on the unfounded allegation that Frazier's Certificate/Charter forfeiture under § 171.309 of the Texas Tax Code constituted a wrongful withdrawal from the JV or partnership entitling Anson to redeem all of Frazier's interest for the "liquidation value" after deducting penalties, costs, expenses, prejudgment interest and its attorney fees.          Exhibit 1, § 5

2.      Anson claims that a section 171.309 Texas Tax Code forfeiture is a "termination of existence" under Texas Bus. Orgs. Code § 152.002(b)(5) and was an automatic event of withdrawal under § 152.501(b)(8) triggering Anson's right to redeem or buyout Frazier's interest in the JV. *Id.* §'s 72-77

3.      Anson claims this "withdrawal" was a "wrongful" withdrawal because it willfully" dissolved or terminated its existence under § Tex. Bus. Orgs. Code § 52.503(b)(2)(C). *Id.* §'s 80-87.

4. According to Anson, the "consequences" of the tax forfeiture are that Anson may offer to redeem Frazier's interest in the JV at a "liquidation" value in substitution for actual payment until the JV is wound up in the future. *Id.* §'s 88-90.

5. Anson claims the exclusive remedy of Frazier for any claim related to the JV is to receive the value of the redemption price, which Anson has brought as a Counterclaim. *Id.* §'s 95-99. Anson asserts that the liquidation value is the exclusive determination. *Id.* §'s 100-104

6. Sections 105-114 deal with Anson's claim that Frazier has acted in bad faith, breached his fiduciary duty and for attorney fees related to that alleged conduct.

## FRAZIER'S RELEVANT CORPORATE TIMELINE

7. FAM had tax forfeitures under the Tax Code in 1993, 1995, 1997, 2003 and a more than 6 year tax forfeiture from July 8, 2005 until reinstated December 16, 2011.

8. Frazier Asset Management Inc. forfeited its corporate charter under § 171.309 of the Texas Tax Code on February 8, 2013.

9. On or about September 9, 2014, Anson purchased 50% of the JV from Jentex aka JFI.

10. Frazier Asset Management, Inc. reinstated its corporate charter on January 5, 2017 by filing all delinquent reports and paying any delinquent taxes in December of 2016.

11. Frazier Asset Management, Inc changed its name to B. Frazier Management, Inc., as Michael Ferguson created a new company naming it B. Frazier Management, Inc prior to FAM's 2017 reinstatement. FAM is the same company as the

12. FAM is the same company as the Secretary of State entity ID, 0119293200, remained the same after the name changes.

## III.

## Statutes and Cases Relevant to the Corporate Forfeiture

**A. As a matter of law, a tax forfeiture is not a "termination of existence" under the § 152 or any other section of The TBOC.**

3.1 The evidences to be admitted at trial shows that FAM has been reinstated with all privileges the Texas Secretary of State. FAM's corporate privileges were forfeited pursuant to Section 171.309 of the Texas Tax Code. No action by the State of Texas or any other party for forfeiture under the Tex. Bus. Org. Code has ever taken place. Section 11.356 of the Tex. Bus. Orgs. Code expressly states it applies to "termination of a domestic filing entity under this chapter." Tex. Bus. Orgs. Code Ann. § 11.356 (West) (emphasis added).

3.2 All of Anson's arguments related to the legal effect of a tax forfeiture of an entities corporate charter were addressed in 2019 by the Beaumont Court of Appeals, with the petition for review denied by the Texas Supreme Court. *See Wallace Constr. & Dev. Co. v. Madison Plaza, LP,* No. 09-18-00364-CV, 2019 WL 4677508, (Tex. App.—Beaumont Sept. 26, 2019, pet. denied) In *Wallace,* the trial court applied the 3 year limitation to the reinstatement and dismissed the claims, leading to an appeal. *Id.* at 3. The Beaumont Court addressed every issue and stated:

> "In 2003, the Legislature repealed the TBCA, and the TBOC provided that the TBOC would become effective as of January 1, 2010, even as to corporations formed before the TBOC was recodified and corporations that had yet not affirmatively adopted the TBOC. *See* Act of March 30, 1955, 54th Leg., R.S., ch. 64, 1955 Tex. Gen. Laws 239, *repealed and recodified by* Act of May 13, 2003, 78th Leg., R.S., ch. 182, § 1, sec. 402.005, 2003 Tex. Gen. Laws 267, 593. Under the repealed TBCA, one of the grounds for involuntary dissolution of a corporation by the Secretary of State specifically included the corporation's failure to pay its franchise taxes. *See* Act of May 25, 1981, 67th Leg., R.S., ch. 297, § 25(B)(1), 1981 Tex. Gen. Laws 831, 843 (repealed 2003) (providing for forfeiture when a corporation had failed "to pay any fees, franchise taxes[,] or penalties prescribed by law"). However, when the Legislature recodified the TBCA as the TBOC, the Legislature removed failure to pay franchise taxes as a basis for involuntarily dissolving a corporation, leaving only the previous TBCA categories of fees or penalties prescribed by law. *See* Tex. Bus. Orgs. Code Ann. § 11.251(b) (West 2012) (providing that the Secretary of State may terminate the existence of a "filing entity" for failure to "pay a fee or penalty prescribed by law when due and payable"). Courts must construe statutory language to ascertain and effectuate legislative intent, and we presume that the Legislature intends the plain meaning of its words. *Epco Holdings, Inc. v. Chicago Bridge & Iron Co.*, 352 S.W.3d 265, 269-70 (Tex. App.—Houston [14th Dist.] 2011, pet. dism'd). In addition, courts presume that every word of a statute was used for a purpose and every omitted word was purposefully not chosen. *Id.* at 270.
>
> *4 We must presume that the Legislature purposefully omitted nonpayment of franchise tax as a basis for involuntary termination when it repealed the TBCA and enacted the TBOC. *See id.* The TBOC defines a "terminated entity" as a domestic entity whose existence has been either (1) terminated in a manner authorized by the TBOC, "unless the entity has been reinstated in the manner provided by [the TBOC];" or (2) "forfeited pursuant to the Tax Code, unless the forfeiture has been set aside." Tex. Bus. Orgs. Code Ann. § 11.001(4). We conclude that, under the terms of section 11.001(4) of TBOC, Wallace never became a terminated entity because (1) its existence was not terminated in a manner authorized by the TBOC, since the TBOC no longer authorizes termination for failure to pay franchise taxes, and (2) Wallace's forfeiture pursuant to the Tax Code was set aside in 2018. Accordingly, because Wallace was not a terminated entity under the TBOC, Wallace's right to file suit for existing claims had not been extinguished. *Cf. id.* § 11.356 (providing that a terminated filing entity's existence continues for purposes of (1) prosecuting or defending a claim in the entity's name and (2) permitting the survival of an

existing claim by the terminated filing entity until the third anniversary of the effective date of its termination).

Section 171.313 of the Tax Code states that if a corporation's charter or certificate of authority has been forfeited, a stockholder, director, or officer of the corporation at the time of the forfeiture may request that the Secretary of State set the forfeiture aside. Tex. Tax Code Ann. § 171.313(a) (West 2015). According to the Tax Code, if such a request is made and the delinquent tax has been paid, "the secretary shall set aside the forfeiture of the corporation's charter or certificate of authority." *Id.* § 171.313(b) (West 2015). Section 171.313 does not contain a time limitation for setting aside the forfeiture. *See id.* § 171.313. The cases cited by Madison in support of its argument before the trial court and on appeal either deal with corporations that were governed by the TBCA rather than the TBOC or rely upon case law that predates the TBOC; therefore, they are distinguishable. *See, e.g.*, *Cohen Acquisition Corp. v. EEB, P.C.*, No. 14-14-00330-CV, 2015 WL 2404869 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) (mem. op.) (involving a corporation that was forfeited while the TBCA was in effect); *Emmett Props. v. Halliburton Energy Servs.*, 167 S.W.3d 365, 368 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).

For all these reasons, we conclude that Wallace's right to assert its claims against Madison was not extinguished, and, therefore, Madison did not demonstrate that it was entitled to judgment as a matter of law. *See Johnson*, 891 S.W.2d at 644; *see also* Tex. R. Civ. P. 166a(c). Accordingly, the trial court erred by granting summary judgment in favor of Madison on that basis. We sustain issue one."

*Wallace Constr. & Dev. Co. v. Madison Plaza, LP*, No. 09-18-00364-CV, 2019 WL 4677508, at *3 (Tex. App.—Beaumont Sept. 26, 2019, pet. denied)

3.3  The 2nd Court of Appeals has also addressed the issue related to tax forfeitures and conflicts between the Texas Bus. Corp. Act (predecessor to the TBOC) and the Franchise Tax Act (now contained in the Tax Code) stating, "We find and hold that **none of the various provisions of the Texas Business Corporation Act relating to forfeiture, dissolution and reinstatement** of the charter of a corporation have any application to the facts of this case." *McGown v. Kittel*, 480 S.W.2d 47, 50 (Tex. Civ. App.—Fort Worth 1972, writ ref'd n.r.e.) (emphasis added). Based on the controlling law in this jurisdiction, no part of the TBOC, including the withdrawal statutes relied on by Anson in its withdrawal claim, have any relevance to FAM's charter forfeiture under the Tax Code.

3.4  Reinstatement under the Tax Code "relates back" to the date of forfeiture.[1] The 2nd Court of Appeals follows this line of cases and is thus controlling over this dispute. *See Parker Cty.'s Squaw Creek Downs, L.P. v. Watson,* 2-08-255-CV, 2009 WL 885941, at *6 (Tex. App.—Fort Worth Apr. 2, 2009, pet. denied) ("The tax code, however, allows a corporation whose charter is forfeited by the secretary of state to have its charter and corporate privileges revived if the corporation files the required reports; pays any taxes, penalties, and interest owed; and has the secretary of state set aside the forfeiture pursuant to a section 171.313 proceeding."). **Neither the**

**forfeiture of corporate privileges by the comptroller nor the forfeiture of a corporation's charter by the secretary of state extinguishes the corporation as an entity and once reinstated it is as though the forfeiture never existed.** *Id* (emphasis added). There is no deadline to reinstate corporate privileges after a tax forfeiture under § 171. *See generally* Tex. Tax Code § 171.

1 *See Hinkle v. Adams*, 74 S.W.3d 189 (Tex. App.–Texarkana 2002, no pet.); *Mello v. A.M.F. Inc.*, 7 S.W.3d 329 (Tex. App.–Beaumont 1999, pet. denied); *G. Richard Goins Const. Co., Inc. v. S.B. McLaughlin Assocs., Inc.*, 930 S.W.2d 124 (Tex. App.–Tyler 1996, writ denied); *M & M Const. Co. v. Great Am. Ins. Co.*, 747 S.W.2d 552 (Tex.

3.5  Further, a filing entity whose certificate of formation has been forfeited under the provisions of the Tax Code must follow the procedures in the Tax Code to reinstate its certificate of formation. Tex. Bus. Orgs. Code Ann. § 11.254 (West). Forfeitures under the Tax Code have never been intended to extinguish claims of companies, but only to encourage payment of taxes for reinstatement. *See Cognata v. Down Hole Injection, Inc.,* 375 S.W.3d 370, 375–76 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) stating:

> ("Under the Texas Tax Code, a corporation without corporate privileges is "denied the right to sue or defend in a court of this state." *See* Tex. Tax Code Ann. § 171.252 (West 2008). Despite such clear language, this statute has historically been limited to prohibit delinquent corporations from bringing cross-actions, not from merely defending lawsuits. *See* \*376 *Mello v. A.M.F., Inc.,* 7 S.W.3d 329, 331 (Tex. App.—Beaumont 1999, pet. denied). The restriction against bringing an action in state court functions as a revenue measure, promoting the collection of state franchise taxes. *G. Richard Goins Constr. Co. v. S.B. McLaughlin Assocs., Inc.,* 930 S.W.2d 124, 128 (Tex. App.—Tyler 1996, writ denied). The Tax Code contains other provisions, however, that enable dissolved corporations to have their corporate privileges restored. *See* Tex. Tax Code Ann. §§ 171.312–.313. Under these provisions, if a corporation pays its delinquent taxes, its disability is removed, and the corporation may sue or defend any action, regardless of whether the cause arose before or during the period of forfeiture. G. Richard Goins Constr., 930 S.W.2d at 128.")

App.–Corpus Christi 1988, no writ); *Bluebonnet Farms, Inc. v. Gibraltar Savings Ass'n*, 618 S.W.2d 81(Tex. Civ. App.–Houston [1st Dist.] 1980, writ ref'd n.r.e.).

3.6  Forfeitures under the Tex. Bus. Org. Code are similar to Tex. Tax Code forfeitures, but the distinctions are crucial and controlling here. Notably, FAM's charter was forfeited and reinstated pursuant to Tex. Tax Code. Exhibits 2, 3. FAM is not a "Terminated Entity" and did not have a "termination of existence" or "automatically withdraw" under the Tex. Bus. Org. Code as a matter of law.

3.7  FAM's tax forfeiture and reinstatement process is expressly excluded from TBOC's termination process:

(4) "Terminated entity" means a domestic entity the existence of which has been:

(A) terminated in a manner authorized or required **by this code**, unless the entity has been reinstated in the manner provided by **this code**; or

(B) forfeited pursuant to the Tax Code, **unless the forfeiture has been set aside**.

Tex. Bus. Orgs. Code Ann. § 11.001 (West)(emphasis added)

FAM has been reinstated, the tax forfeiture has been set aside and it is not a "Terminated entity" within the meaning of TBOC.

*3.8* Anson it attempting to use the TBOC as mechanism to require FAM to forfeit its property to Anson at a liquidated value. For more than fifty years the Texas Supreme Court has consistently held that when a corporation has been denied the right to use Texas courts as a penalty for its failure to comply with the laws of Texas, the corporation's property is not forfeited or subject to appropriation by third parties, but is held in trust for the stockholder and in such cases suit must be brought by the individual stockholders, suing in their own right, not for the benefit of the corporation, but to protect their own property rights. *Pratt-Hewit Oil Corp. v. Hewit*, 122 Tex. 38, 47, 52 S.W.2d 64, 67 (1932). This is why Mr. Frazier is a party in the alternative as the sole stock holder and holder of any beneficial interest.

*3.9* Again, in 1951, the Texas Supreme Court held that when the Texas Secretary of State has entered in its records the forfeiture of a corporation's right to do business the legal title to assets remains with the corporation, but beneficial title rests with the stockholders. *Humble Oil & Ref. Co. v. Blankenburg,* 149 Tex. 498, 503, 235 S.W.2d 891, 893 (1951). The Supreme Court goes on to note, the stockholders as beneficial owners must prosecute such actions necessary to protect their property interests by suing in their own right, not for the benefit of the corporation. In 1994, the Texas Supreme Court allowed the owner of a forfeited entity to pursue claims of ownership related to real property owned by the forfeited company, noting the owner held equitable title to the forfeited corporation's property, subject to creditor claims. *Rogers v. Ricane Enterprises, Inc.,* 884 S.W.2d 763, 768 (Tex. 1994).

3.10 The 2nd Court of Appeals, noted that a sole share holder or all of the shareholders may themselves deal with the property of a corporation, including binding by contract the corporation as the shareholders are the equitable owners of all of the corporation's assets so long as a creditor of the corporation is not harmed. *Martin v. Martin, Martin & Richards, Inc.*, 12 S.W.3d 120, 124 (Tex. App.—Fort Worth 1999, no pet.). Forfeiture of corporate privileges deprives a corporation of capacity to sue during that time; but it does not void the suit itself. *Cognata v. Down Hole Injection, Inc.*, 375 S.W.3d 370, 376 (Tex. App.—Houston [14th Dist.] 2012, pet. denied). In a federal case applying Texas law, the court decided a shareholder could sue to recover on claims that its corporation could not pursue during forfeiture. *Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2004 WL 6389547, at *10 (N.D. Tex. Nov. 23, 2004). The court reasoned that the "**forfeiture of a corporate charter does not destroy or forfeit the property of the corporation, and the company's stockholders, who are the beneficial owners of the property, are authorized to prosecute or defend such actions in the courts as necessary to protect their property rights**." *Id.2* (emphasis added)

3.11 After a tax forfeiture, a corporation continues to exist as an incapacitated corporation. EL *T. Mexican Restaurant v. Bacon*, 921 S.W.2d 247, 251 (Tex. App.—Houston [1st Dist.] 1995). The court found that legal title to an incapacitated corporation, including title to a cause of action, remained in the corporation and beneficial title vests in a shareholder. *Id*. FAM's

tax forfeiture in 2013 did not extinguish or divest it of the real and personal property it owned at that time. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 2004 WL 6389547, at *10 (N.D. Tex. Nov. 23, 2004)(emphasis added) s*tating,* "**forfeiture of a corporate charter does not destroy or forfeit the property** of the corporation, and the company's stockholders, who are the beneficial owners of the property, are authorized to prosecute or defend such actions in the courts as necessary to protect their property rights." *See also Regal Construction Co. v. Hansel,* 596 S.W.2d 150, 153-157 (Tex. Civ. App. 1979, writ ref d n.r.e.) (holding the beneficial owners of the company's assets could pursue claims related to their beneficial interest in property owned by the forfeited company by suing in their own right.)

## IV. Additional Legal Issues

1. A breach of fiduciary duty claim has a four-year limitations period. TEX. CIV. PRAC. & REM. CODE § 16.004(a)(5).

2. Breach of contract and defalcation claims fall under the residual limitations period, giving the claimant "four years after the day the cause of action accrues" to bring a cause of action. TEX. CIV. PRAC. & REM. CODE § 16.051.

3. When a defalcation is concealed, limitations are tolled and do not begin running until a person should have discovered the defalcation with reasonable diligence.

4. If justice requires: (1) a derivative proceeding brought by a shareholder of a closely held corporation may be treated by a court as a direct action brought by the shareholder for the shareholder's own benefit; and (2) a recovery in a direct or derivative proceeding by a shareholder may be paid directly to the plaintiff or to the corporation if necessary to protect the interests of creditors or other shareholders of the corporation. Tex. Bus. Orgs. Code Ann. § 21.563 (West).

5. The elements of a joint venture are (1) an express or implied agreement to engage in a joint venture, (2) a community of interest in the venture, (3) an agreement to share profits and losses from the enterprise, and (4) a mutual right of control or management of the enterprise. *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 225 (Tex. 2017)

6. Parties to a joint venture owe each other a fiduciary duty in their dealings within the scope of the joint venture. *Rankin v. Naftalis*, 557 S.W.2d 940, 944 (Tex. 1977)

7. A contract can be formed by the conduct and course of dealings of the parties. *Haws & Garrett Gen. Contractors, Inc. v. Gorbett Bros. Welding Co.*, 480 S.W.2d 607, 609 (Tex. 1972)

8. Joint ownership of JV property and a meeting of the minds to operate under the JV agreements, thus creating privity between Mr. Frazier and Anson, if the Court finds FAM's reinstatement did not revive its corporate privileges.

9. Tex. Bus. Orgs. Code § 21.563 expressly authorizes Mr. Frazier to bring any claim of FAM, a closely held corporation he solely owns, in his individual capacity.

Dated this 28th day of March, 2022.

                                      Respectfully Submitted,

                                      **LAW FIRM OF CALEB MOORE, PLLC**
2205 Martin Drive, Suite 200
Bedford, TX 76021
Telephone: (817) 953-2420
Facsimile: (817) 581-2540
cmoore@thedfwlawfirm.com

By: */s/ Caleb Moore*
Caleb I. Moore
cmoore@thedfwlawfirm.com
Texas Bar No. 24067779

        ~ and ~

/s/Lyndel Anne Vargas
Lyndel Anne Vargas
State Bar No. 24058913
CAVAZOS HENDRICKS POIROT, P.C.
900 Jackson Street, Suite 570
Dallas, Texas 75202
Phone: (214) 573-7344
Fax: (214) 573-7399
Email:  LVargas@chfirm.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served this 28th day of March, 2022 by electronic transmission through the Court's automated Case Management and Electronic Docketing System for the U. S. Bankruptcy Court for the Northern District of Texas on all parties-in-interest submitting to service of papers in this case by said means.

                                      /s/ Lyndel Anne Vargas
                                      Lyndel Anne Vargas