Kathryn Hernandez (TX SBN: 24107854)
Magan Law, PLLC
62 Main St., Ste. 310
Colleyville, Texas 76034
Telephone: (817) 209-4298
E-mail: k.magan@maganlawpllc.com

Jason Ankele (TX SBN: 00786989)
Sullivan & Cook, LLC
600 Las Colinas Blvd. E. Ste. 1300
Irving, Texas 75039-5699
Telephone: (214) 520-7494
E-mail: jankele@sullivancook.com

SPECIAL COUNSEL FOR ANSON FINANCIAL INC.
DEBTOR AND DEBTOR IN POSSESSION

PROPOSED SPECIAL COUNSEL FOR ANSON
FINANCIAL INC. DEBTOR AND DEBTOR IN
POSSESSION

And

COUNSEL FOR DEFENDANT

And

COUNSEL FOR DEFENDANT

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ANSON FINANCIAL, INC., | § | CASE NO. 21-41517 |
| | § | |
| DEBTOR. | § | |
| | § | |
| B. FRAZIER ASSET MANAGEMENT, INC. F/K/A FRAZIER ASSET MANAGEMENT, INC., AND BRIAN H. FRAZIER, INDIVIDUALLY | § § § § § § | Adv. No. 21-04071 |
| Plaintiffs | § § | Removed From: |
| | § | Cause No. 342-288776-16 |
| vs. | § | 342nd Judicial District Court |
| | § | Tarrant County, Texas |
| ANSON FINANCIAL, INC., | § | |
| | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S PLEA TO THE JURISDICTION AND MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO RULE 12(B)(1) AND BRIEF IN SUPPORT

## Table of Contents

**Introduction** .................................................................................................................. 1

**History Of Case** ............................................................................................................. 2

**Applicable Texas Statutes** ........................................................................................... 3

**Relevant Timeline Including Statutory Deadlines** .................................................... 5

**Argument and Authorities** .......................................................................................... 5

    **A. FAM has no standing as its Claims were *Extinguished* as a Matter of Law** ................. 6

    **B. Following the Tax Forfeiture of its Charter, FAM *only* had a statutory right to Redemption of its Withdrawn Partnership Interest in the JV, *but FAM has not asserted that Redemption Claim at all*, even as an alternative claim, and Limitations to do so Expired Nearly Two Years Ago; therefore, FAM has no Standing to Assert a Redemption Claim, the Only Claim that is even potentially not Extinguished** ................................................... 10

        *i. Automatic withdrawal as partner* ..................................................................... 10

        *ii. Automatic redemption of withdrawn partner's interest* ..................................... 12

        *iii. FAM's reinstatement of its corporate status does not "reinstate" FAM to partner status in JV.* ............................................................................................................ 12

    **C. Brian Frazier, individually, has no standing.** .............................................. 16

**Conclusion** ................................................................................................................... 16

## Table of Authorities

### Federal Cases

*Conolly v. Taylor*, 27 U.S. 556 (1829)...................................................................................... 6

*Founders Ins. Co. v. Billy's Bar & Grill, LLC,* Civil Action No. 3:18-cv-00367-M, 2019 U.S. Dist. LEXIS 183293 (N.D. Tex. Oct. 23, 2019) ............................................................................. 4, 8

*Gormley v. Bunyan,* 138 U.S. 623 (1891)................................................................................... 3

*In re Two Wheels Props., LLC,* 625 B.R. 869 (Bankr. S.D. Tex. 2020)................................... 8, 14

*Lujan v. Defenders of Wildlife,* 504 U.S. 555 (1992) .................................................................. 6

*Perry v. Dearing (In re Perry),* 345 F.3d 303 (5th Cir. 2003)..................................................... 10

*Spokeo, Inc. v. Robins,* 578 U.S. 330 (2016) ........................................................................... 5, 6

*Sun Packing v. XenaCare Holdings, Inc.,* 924 F. Supp. 2d 749 (S.D. Tex. 2012) ……………..6, 7

*United States v. Sharon Steel Corp.*, 681 F. Supp. 1492 (D. Utah 1987) .................................... 10

*Valley Forge Christian College v. American United for Separation of Church & State,* 454 U.S. 464 (1982).......................................................................................................................... 6

*Yarls v. Bunton,* 905 F.3d 905 (5th Cir. 2018)........................................................................... 5

### State Cases

*Anemelu v. Iraheta,* No. 14-19-00018-CV, 2020 Tex. App. LEXIS 4958 (Tex. App. July 7, 2020) .................................................................................................................................... 8

*Atcco Mortg., Inc. v. Beasley*, No. 11-14-00066-CV, 2016 Tex. App. LEXIS 3318 (Tex. App. Mar. 31, 2016) ............................................................................................................................ 9

*Cohen Acquisition Corp. v. EEPB, P.C.,* No. 14-14-00330-CV, 2015 Tex. App. LEXIS 5058, 2015 WL 2404869 (Tex. App.—Houston [14th Dist.] May 19, 2015, pet. denied) (mem.op.) ............. ……………………………………………………………………………..4, 7, 8, 9

*Emmett Props. v. Halliburton Energy Servs.,* 167 S.W.3d 365 (Tex. App. 2005) ....................... 4

*Golden State Mut. Life Ins. Co.* v. *Kelley*, 380 S.W.2d 139 (Tex. Civ. App. -- Houston 1964, writ ref'd n.r.e.).......................................................................................................................... 10

*In re Aguilar,* 344 S.W.3d 41 (Tex. App.-El Paso 2011, no pet.)................................................. 4

*In re Brothers Oil & Equip., Inc.,* No. 03-17-00349-CV, 2017 Tex. App. LEXIS 7157 (Tex. App. – Austin Aug. 22, 2017, orig. proceeding) (mem. Op. ) ........................................................... 8

*Lord, Lewis & Coleman, LLC v. Bellaco, LLC,* No. 12-18-00126-CV, 2019 Tex. App. LEXIS 1989 (Tex. App. Mar. 12, 2019) ............................................................................................... 7, 9

*(Continued from Previous)*

*Pitman v. Sanditen*, 611 S.W.2d 663 (Tex. Civ. App. -- San Antonio 1980), rev'd on other grounds, 626 S.W.2d 496 (Tex. 1982).................................................................................................... 10

*Texas Workers' Compensation Com'n v. Garcia*, 893 S.W.2d 504 (Tex. 1995) .......................... 6

*Wood Motor Co. v. Nebel*, 150 Tex. 86, 238 S.W.2d 181 (1951)................................................. 10

## State Statutes

TEX. BUS. CORP. ACT ART. 7.12 ................................................................................................... 8
TEX. TAX CODE § 171.251 ........................................................................................................... 6
TEX. TAX CODE § 171.252 ........................................................................................................... 6
TEX. TAX CODE § 171.309 ........................................................................................................... 6
TEX. BUS. ORGS. CODE § 11.001................................................................................... 7, 8, 9, 11
TEX. BUS. ORGS. CODE § 11.201................................................................................................ 15
TEX. BUS. ORGS. CODE § 11.253........................................................................................... 13, 14
TEX. BUS. ORGS. CODE § 11.356..................................................................................... 7, 8, 11, 15
TEX. BUS. ORGS. CODE § 11.359…………………………………………………………7, 8, 16
TEX. BUS. ORGS. CODE § 152.001........................................................................................... 12, 16
TEX. BUS. ORGS. CODE § 152.002........................................................................................... 10, 12
TEX. BUS. ORGS. CODE § 152.501................................................................................................ 11
TEX. BUS. ORGS. CODE § 152.502........................................................................................... 12, 13
TEX. BUS. ORGS. CODE § 152.601........................................................................................... 12, 15
TEX. BUS. ORGS. CODE § 152.602................................................................................................ 15
TEX. BUS. ORGS. CODE § 152.608................................................................................................ 16
TEX. BUS. ORGS. CODE § 152.609........................................................................................... 15, 16
TEX. BUS. ORGS. CODE § 152.612................................................................................................ 12

## Other Authorities

*Aimee Raimer, What's in A Claim?: Utilizing the Bankruptcy Conduct and Pre-Petition Relationship Tests to Evaluate Existing Claims Against a Terminated Filing Entity,* 66 Baylor L. Rev. 760, 781 (2014) ......................................................................................................... 8

www.sos.state.tx.us/corp/boc.shtml............................................................................................ 4

## Rules

FED. R. EVID. 201 ......................................................................................................................... 3

## <u>Exhibits and Supplemental Aids</u>

Exhibit DEF001, Certified Copy of FAM Forfeiture ...................................................... 2

Exhibit DEF002, Reinstatement ....................................................................................... 3

Exhibit DEF003, Plaintiffs' Fifth Amended Petition ……………………………………2, 3, 16

Exhibit DEF004, Joint Venture Agreement ……………………………………..2, 10

Exhibit DEF007, Bill of Sale/Purchase Agreement...................................................... 2

Exhibit DEF025, Redemption Offer ……………………………………………3, 15, 16

Exhibit Supplement DEFAID2, Timeline ……………………………………… 10

Exhibit Supplement DEFAID3, Texas Statutes............................................................ 3

Exhibit Supplement DEFAID4 Texas SOS Instructional Information......................... 8

Joint Pretrial Order, Stipulated Fact.................................................................. 2, 3, 11, 15

Live Pleadings and Orders (Docket 26), Exhibit 2 State Court Docket ....................... 2

**TO THE HONORABLE EDWARD L. MORRIS, U.S. BANKRUPTCY JUDGE:**

Anson Financial, Inc. Defendant and Debtor/Debtor in possession ("**Anson**" or the "**Defendant**") and files this *Defendant's Plea to the Jurisdiction and Motion to Dismiss for lack of Subject Matter Jurisdiction* pursuant to Fed. R. Civ. P. 12(b)(1) in the above-entitled and numbered cause and would show the Court as follows:

<u>**Introduction**</u>

1.      This Court does not have subject matter jurisdiction to hear Plaintiffs' claims as Plaintiffs lack standing to assert their claims which were extinguished as a matter of law.

2.      Plaintiff B. Frazier Management, Inc. f/k/a Frazier Asset Management, Inc. ("**FAM**") permitted its corporate charter to be forfeited and failed to reinstate its corporate charter within three years.  While FAM absolutely has the continuing right to reinstate its corporate status (in fact, FAM has reinstated its corporate status), the claims, if any, that FAM had were *extinguished* as a matter of law three years after the date its corporate charter lapsed.  There is no basis for "reinstatement" of the claims.

3.      Moreover, when FAM permitted its corporate charter to be forfeited, FAM became a withdrawn partner as a matter of law, entitled only to a right of redemption of its withdrawn partner interest in the JV.  FAM has not asserted a claim for redemption of its withdrawn partnership interest within the one-year statute of limitations proscribed by statute (which expired April 24, 2020), so FAM has no standing to assert a redemption claim.

4.      Plaintiff Brian Frazier ("**Frazier**") is not a transferee of FAM nor a successor in interest of FAM and does not have standing to assert any claim against Defendant.  Even if Frazier was either a transferee or successor in interest of FAM, as explained above, FAM's claims were extinguished on the third anniversary of FAM's lapsed charter.

## History Of Case and Undisputed Facts in Record

5.　　In 1996, Jentex Financial, Inc. ("**Jentex**") and FAM entered into a joint venture partnership known as the Alvord 287 Joint Venture ("the **JV**") for the purpose of purchasing, owning, managing, improving, and selling real property described as 127.21 acres in Wise County, Texas.[1]

6.　　On February 8, 2013, the Texas Secretary of State forfeited FAM's charter pursuant to Section 171.309 of the Texas Tax Code.[2]

7.　　In 2014, Jay Lesok ("**Lesok**"), President of Jentex, informed Frazier, as President of FAM, that because of Lesok's advanced age and health conditions, he was no longer able to keep up with the amount of work required to fulfill his obligations under the JV.  Lesok asked Frazier to purchase his interest in the JV, but a price could not be agreed upon and Frazier declined to purchase Jentex's interest.[3]

8.　　On or about September 5, 2014, Anson purchased Jentex's interest in the Partnership for $325,000.[4]

9.　　*Prior to reinstating*, FAM filed suit against Anson in Tarrant County District Court on November 7, 2016 under Cause No. 342-288776-16, asserting claims for breach of fiduciary duty, defalcation, breach of contract, and writ of mandamus.[5] Subsequent to FAM's filing of the lawsuit, Anson discovered that FAM was a terminated entity and filed a Plea in Abatement.[6]  On January 5, 2017, <u>nearly four years after its charter was forfeited</u>, FAM reinstated its charter as B.

---

[1] *See* Joint Pretrial Order, Stipulated Fact No. 1; *see also* Exhibit DEF003, Plaintiffs' Fifth Amended Petition ¶ 4.1; Exhibit DEF004, Joint Venture Agreement
[2] *See* Joint Pretrial Order, Stipulated Fact No. 5; *see also* Exhibit DEF001, Certified Copy of FAM Forfeiture
[3] Joint Pretrial Order, Stipulated Fact No. 8; *see also* Exhibit DEF003, Plaintiffs' Fifth Amended Petition ¶ 4.8.
[4] Joint Pretrial Order, Stipulated Fact No. 8; *see also* Exhibit DEF007, Bill of Sale/Purchase Agreement
[5] Joint Pretrial Order, Stipulated Fact No. 13; *see also* Live Pleadings and Orders (Docket 26), Exhibit 2 State Court Docket
[6] Live Pleadings and Orders (Docket 26), Exhibit 2 State Court Docket

Frazier Management, Inc.[7]  It is undisputed that FAM did not assert any claims against Anson within three (3) years of the termination of FAM's charter.

10.    FAM later amended its petition, adding Frazier, individually as a plaintiff on the premise, "He appears in his individual capacity as the successor in interest and sole owner of property, rights and duties of [FAM] if that entity is determined to be legally terminated."[8]

11.    On April 24, 2019, Anson sent to Plaintiffs a Full Satisfaction Notice "*Redemption Offer and Calculation*" in the amount of $105,900.17 plus accrued interest thru April 24, 2019, until paid.[9] Anson's offer amount was based upon a redemption price for Frazier's interest in the amount of $325,000 with 6% interest from February 8, 2013 through April 24, 2019 less part of the attorney fees expended by Anson in defending itself from this lawsuit and less FAM's half of the cost for an accounting performed by Milbern Ray and Company, L.L.P. in the state district court and which cost had been paid in full by Anson.  Plaintiffs made no response to Anson's redemption offer and have not asserted, even as an alternative claim, any right to redemption of its withdrawn partnership interest in the JV.[10]

## **Applicable Texas Statutes**

12.    Pursuant to Rule 201, Defendant respectfully requests that the Court take judicial notice of the following public statutes in the State of Texas:[11]

     a.  Texas Tax Code § 171.251;
     b.  Texas Tax Code § 171.252;
     c.  Texas Tax Code § 171.309;
     d.  Texas Tax Code § 171.314;
     e.  Texas Business & Organizations Code § 1.002;
     f.  Texas Business & Organizations Code § 11.001;

---

[7] Joint Pretrial Order, Stipulated Fact No. 15; *see also* Exhibit DEF002, Reinstatement
[8] *See* Exhibit DEF003, Plaintiffs' Fifth Amended Petition, ¶2.2.
[9] Joint Pretrial Order, Stipulated Fact No. 16; *see also* Exhibit DEF025, Redemption Offer
[10] *See* Exhibit DEF003, Plaintiffs' Fifth Amended Petition
[11] *See* FED. R. EVID. 201; *see also Gormley v. Bunyan,* 138 U.S. 623, 635 (1891) ("the courts of the United States take judicial notice of all public statutes of the several States."). Defendant attaches copies of the Texas Statues referenced herein as Exhibit Supplement DEFAID3.

    g.  Texas Business & Organizations Code § 11.201;
    h.  Texas Business & Organizations Code § 11.253;
    i.  Texas Business & Organizations Code § 11.356;
    j.  Texas Business & Organizations Code § 11.359;
    k.  Texas Business & Organizations Code § 152.001;
    l.  Texas Business & Organizations Code § 152.002;
    m. Texas Business & Organizations Code § 152.501;
    n.  Texas Business & Organizations Code § 152.502;
    o.  Texas Business & Organizations Code § 152.503;
    p.  Texas Business & Organizations Code § 152.601;
    q.  Texas Business & Organizations Code § 152.602;
    r.  Texas Business & Organizations Code § 152.603;
    s.  Texas Business & Organizations Code § 152.604;
    t.  Texas Business & Organizations Code § 152.605;
    u.  Texas Business & Organizations Code § 152.606;
    v.  Texas Business & Organizations Code § 152.607;
    w. Texas Business & Organizations Code § 152.608;
    x.  Texas Business & Organizations Code § 152.609;
    y.  Texas Business & Organizations Code § 152.612; and
    z.  Texas Business & Organizations Code § 402.005

13. Due process requires that the judicial system respect and protect all legal rights of a litigant. "Since the mandatory application date of January 1, 2010, the BOC applies to all Texas corporations, partnerships, limited liability companies, and other domestic filing entities, as well as all foreign filing entities registered to transact business in Texas. The BOC applies regardless of an entity's formation date or whether the entity has taken affirmative steps to adopt the BOC."[12] Prior to the BOC being enacted, the Texas Business Corporations Act ("**TCBA**") applied.[13]

---

[12] www.sos.state.tx.us/corp/boc.shtml; *see also Cohen Acquisition Corp. v. EEPB, P.C.,* No. 14-14-00330-CV, 2015 Tex. App. LEXIS 5058 at *5-6, 2015 WL 2404869, at *3-4 (Tex. App.—Houston [14th Dist.] May 19, 2015, pet. denied) (mem.op.); *In re Aguilar,* 344 S.W.3d 41, 41 n.3 (Tex. App.-El Paso 2011, no pet.).

[13] *See Emmett Props. v. Halliburton Energy Servs.,* 167 S.W.3d 365, 369 (Tex. App. 2005) (Applying the TCBA to a corporation who forfeited its' corporate charter under the franchise tax statute but did not bring its claims within three years of dissolution and therefore, its claims were dissolved.); *see also Founders Ins. Co. v. Billy's Bar & Grill, LLC,* Civil Action No. 3:18-cv-00367-M, 2019 U.S. Dist. LEXIS 183293, at *20 (N.D. Tex. Oct. 23, 2019) ("On January 1, 2010, TBOC replaced the Texas Business Corporations Act (TBCA).").

## Relevant Timeline Including Statutory Deadlines



## Argument and Authorities

14.     Lack of standing means that the Court lacks jurisdiction to hear the dispute.[14] In order to have standing, "the plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."[15] "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements."[16]

15.     Injury in fact is a constitutional requirement, and "[it] is settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing."[17] To establish injury in fact, a plaintiff must show that he or she suffered "an invasion of a legally protected interest" that is "concrete and particularized"

---

[14] *Yarls v. Bunton,* 905 F.3d 905, 909 (5th Cir. 2018) ("Lack of standing means lack of jurisdiction. And lack of jurisdiction means lack of judicial power.").
[15] *Spokeo, Inc. v. Robins,* 578 U.S. 330, 338 (2016).
[16] *Id.*
[17] *Id.* at 339.

and "actual or imminent, not conjectural or hypothetical."[18]   For an injury to be "particularized," it "must affect the plaintiff in a personal and individual way."[19]   An injury in fact must also be "concrete," meaning "real," and not "abstract."[20]

16.     To have standing, there must be (1) a real controversy between the parties, which (2) will be actually determined by the judicial declaration sought.[21]   "Jurisdiction depending on the condition of the parties, is governed by that condition as it was at the commencement of the suit."[22] It is undisputed that, at the commencement of this lawsuit, FAM had been a terminated entity for a period of longer than three years, which by statute, means that FAM's claims, if any, were extinguished, thereby depriving FAM of standing.

## A.     FAM has no standing as its Claims were *Extinguished* as a Matter of Law

17.     Under Texas Tax Code § 171.251, the comptroller shall forfeit the corporate privileges of a corporation for failure to pay assessed franchise taxes within 45 days of becoming due.[23] The effect of a forfeiture under § 171.251 is that: (1) the corporation *shall be denied the right to sue or defend in a court of this state*; and (2) each director or officer of the corporation is liable for a debt of the corporation as provided by § 171.255 of this code.[24] If the entity does not revive its forfeited privileges within one hundred and twenty (120) days after the date that the privileges were forfeited, the Secretary of State may then forfeit the charter.[25] At that point, the

---

[18] *Id.*  (*quoting Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992).
[19] *Id.*; *Valley Forge Christian College v. American United for Separation of Church & State,* 454 U.S. 464, 472 (1982) (standing requires that the plaintiff "personally has suffered some actual or threatened injury").
[20] *Spokeo,* 578 U.S. at 339-340.
[21] *Texas Workers' Compensation Com'n v. Garcia*, 893 S.W.2d 504, 517–518 (Tex. 1995)
[22] *Conolly v. Taylor*, 27 U.S. 556, 2 Pet. 556, 565, 7 L.Ed. 518 (1829).
[23] *See* TEX. TAX CODE § 171.251.
[24] *See* TEX. TAX CODE § 171.252 (emphasis added); *see also Sun Packing,* 924 F. Supp. 2d at 754.
[25] *See* TEX. TAX CODE § 171.309.

BOC provides, a dissolved business to conduct certain activities, including adversarial proceedings for a three-year period.[26]

18.     A "terminated entity" is a domestic entity of which the *existence has been forfeited pursuant to the Tax Code* unless the forfeiture has been set aside.[27]  The BOC specifically sets a three-year window following termination during which the terminated entity continues to survive for certain purposes, including prosecution of legal claims, and provides, in pertinent part, as follows:

> (c)  If an action on an existing claim by or against a terminated filing entity has been brought before the expiration of the three-year period after the date of the entity's termination and the claim was not extinguished under Section 11.359, the terminated filing entity continues to survive for purposes of:
>
> > (1)  the action until all judgments, orders, and decrees have been fully executed;  and
> >
> > (2)  the application or distribution of any property of the terminated filing entity as provided by Section 11.053 until the property has been applied or distributed.[28]

19.     That three-year period following termination also operates as a specific window of time in which a claim *must* be asserted by the terminated entity or it will be *extinguished*.

> Sec. 11.359.  EXTINGUISHMENT OF EXISTING CLAIM.  (a)  Except as provided by Subsection (b), **an existing claim by or against a terminated filing entity is extinguished**

---

[26] *Sun Packing,* 924 F. Supp. 2d at 754-755 (finding that in 2012, an organization who is dissolved for failing to pay their franchise taxes has the limited rights to sue and be sued for three years from the date of dissolution.); *see also Lord, Lewis & Coleman, LLC v. Bellaco, LLC,* No. 12-18-00126-CV, 2019 Tex. App. LEXIS 1989, at *5 (Tex. App. Mar. 12, 2019); *Cohen,* 2015 Tex. App. LEXIS 5058 at *5-6.

[27] TEX. BUS. ORGS. CODE §11.001(4)(B); *see also* STATUTORY NOTES or Revisor's Notes under Section 11.001 which defines terms used in the chapter. "Chapter 11 uses the term "**terminated entity**" to refer to a **domestic entity whose legal existence has come to an end, either voluntarily or involuntarily**. This generic term replaces the term "dissolved corporation" from the source law. **The definition of "terminated entity" refers generally to the termination of existence of the entity instead of attempting to list all the different methods of dissolving an entity as found in the source law.** The revised law also introduces the term "terminated filing entity," which is a terminated entity that was a filing entity." (emphasis added).

[28] TEX. BUS. ORG. CODE §11.356 (c).

---

**unless an action or proceeding is brought on the claim not later than the third anniversary of the date of termination of the entity**.[29]

20.     Pursuant to Section 11.001(3), an "existing claim" means, a claim against an entity that existed before the entity's termination and that is not barred by limitations; or a contractual obligation incurred after termination.[30]

21.     Since the enactment of the BOC, an overwhelming majority of courts (both federal and state) have held that claims of terminated entities, whose charters are forfeited pursuant to the tax code are terminated entities subject to the three-year survival period set forth in § 11.359 of the BOC.  For example, in *Founders,* the Honorable Judge Lynn of the Northern District of Texas opines, "TBOC 'did not effect a material change' in the termination statutes. In fact, TBOC broadened 'existing claim' to apply to ***all terminated entities***,"[31] which would include FAM.

22.     As recently as 2020, the Texas courts are in congruence that the BOC's three (3) year period to bring existing claims applies to entities that have forfeited their charters under the Tax Code.  In *Anemelu v. Iraheta*, the Court applies Section 11.356 to a corporation whose corporate charter was forfeited pursuant to Section 171.309 of the Texas Tax Code, finding that they are a terminated entity per the BOC and the three-year period to bring claims applies to them.[32]

---

[29] TEX. BUS. ORG. CODE §11.359 (a).

[30] Tex. Bus. Org. Code. § 11.001(3); *see also* Exhibit Supplement DEFAID4 Texas SOS Instructional Information; , p. 29-30.

[31] *See Founders*, 2019 U.S. Dist. LEXIS 183293, at *20 (citing to *Cohen,* 2015 Tex. App. LEXIS 5058, at *3; *Aimee Raimer, What's in A Claim?: Utilizing the Bankruptcy Conduct and Pre-Petition Relationship Tests to Evaluate Existing Claims Against a Terminated Filing Entity,* 66 Baylor L. Rev. 760, 781 (2014); *see also* TEX. BUS. ORGS. CODE § 11.001(3). TBCA "discusses existing claims only in regard to a terminated corporation." *Id.; see also* TEX. BUS. CORP. ACT art. 7.12 (expired Jan. 1, 2010); *see also In re Two Wheels,* 625 B.R. at 872 (applying the BOC 11.356 three-year statute of limitations to a forfeited corporation under the Texas Tax Code)(emphasis added).

[32] *See Anemelu v. Iraheta,* No. 14-19-00018-CV, 2020 Tex. App. LEXIS 4958, at *5-6 (Tex. App. July 7, 2020) (The corporation brought its suit within 3 years of becoming forfeited and therefore was allowed to pursue its claims).

; *see also In re Brothers Oil & Equip., Inc.,* No. 03-17-00349-CV, 2017 Tex. App. LEXIS 7157, at *4 n.6 (Tex. App. – Austin Aug. 22, 2017, orig. proceeding) (mem. Op. ) (company's corporate charter was forfeited in January 2016, nine months before company's claims were filed in October 2016; claims could proceed because they were filed within three-year period of Section 11.356).

23.     In *Lord,* the court states, "the plain language of the statutes makes clear that an entity whose charter has been forfeited under the tax code is a terminated entity, unless that forfeiture has been set aside. Further, an existing claim by or against a terminated filing entity is extinguished unless an action or proceeding is brought on the claim not later than the third anniversary of the date of the entity's termination."[33]  Similarly, in *Attco Mortg., Inc. v. Beasley,* the court found that an entity whose charter is forfeited by the State is a terminated filing entity and claims are extinguished if not brought before the third anniversary of the date it becomes a terminated entity.[34]

24.     In *Cohen,* the court found that the BOC applies to entities whose charter was forfeited pursuant to the Tax Code the same as the TBCA did.[35] The court concludes that an entities' extinguished claims are not revived if the entity reinstates its charter.[36] So, as far as the extinguishment of FAM's claims, once the third anniversary of the lapse of FAM's corporate charter passed without reinstatement, it simply does not matter that FAM later reinstated its corporate charter.

25.     As a result of the forfeiture of FAM's existence on February 8, 2013, FAM became a terminated entity[37] and a three-year period during which FAM had the right to bring existing claims commenced.[38] It is undisputed that FAM did not assert any claims within that three-year window.  Anson does not dispute FMI's ability to reinstate its corporate charter, nor does Anson seek to impose a time limit on FMI's ability to reinstate its corporate charter. Nonetheless, the

---

[33] *Lord,* No. 12-18-00126-CV, 2019 Tex. App. LEXIS 1989, at *5.
[34] *Atcco Mortg., Inc. v. Beasley,* No. 11-14-00066-CV, 2016 Tex. App. LEXIS 3318, at *3-4 (Tex. App.—Eastland Mar. 31, 2016)
[35] *Cohen,* No. 14-14-00330-CV, 2015 Tex. App. LEXIS 5058, at *3.
[36] *Id.* at *3-4 (the Tax Code did not provide for revival of the extinguished claims).
[37] Tex. Bus. Orgs. Code § 11.001(4)(B).
[38] Tex. Bus. Orgs. Code § 11.356(a).

BOC is unequivocally clear in its directive that a corporate entity must assert existing claims within three years of the termination date of the entity's corporate status or the claims are extinguished.[39]

**B.** **Following the Tax Forfeiture of its Charter, FAM *only* had a statutory right to Redemption of its Withdrawn Partnership Interest in the JV, *but FAM has not asserted that Redemption Claim at all,* even as an alternative claim, and Limitations to do so Expired Nearly Two Years Ago; therefore, FAM has no Standing to Assert a Redemption Claim, the Only Claim that is even potentially not Extinguished.**

26.    A partnership agreement governs the relations of the partners and between the partners and the partnership. To the extent that the partnership agreement does not otherwise provide, chapter 152 of the TBOC and the other partnership provisions govern the relationship of the partners and between the partners and the partnership.[40]

27.    On February 8, 2013, the Texas Secretary of State forfeited FAM's Charter and FAM became a "*dead corporation.*"[41] Under Article VII, of the JV Agreement titled "Death of a Joint Venturer," the agreement states "the death of any of the Joint Venturers hereto shall terminate this Agreement."[42] Thus, per the JV Agreement, when FAM became a dead corporation, the JV Agreement terminated.

28.    In the alternative, to the extent the JV Agreement does not provide procedures for termination of the JV, Chapter 152 of the BOC governs the termination of the partnership.[43]

*i. Automatic withdrawal as partner*

---

[39] *See* Supp DEFAID2, Timeline

[40] TEX. BUS. ORGS. CODE § 152.002(a).

[41] A "dead" corporation is one that is dissolved but has not yet distributed its assets. *Perry v. Dearing (In re Perry),* 345 F.3d 303, 313 (5th Cir. 2003). A "dead and buried" corporation is one that has distributed all its assets to its shareholders. *United States v. Sharon Steel Corp.*, 681 F. Supp. 1492, 1498 (D. Utah 1987).

[42] *See* Exhibit DEF004, JV Agreement p. 5; *see also Pitman v. Sanditen*, 611 S.W.2d 663, 668 (Tex. Civ. App. -- San Antonio 1980), *rev'd on other grounds*, 626 S.W.2d 496 (Tex. 1982)("While forfeitures are not favored, they are not illegal… When the parties in unambiguous language write into their agreement a provision for forfeiture, the courts will enforce the provision."); *See also*, *Golden State Mut. Life Ins. Co.* v. *Kelley*, 380 S.W.2d 139, 142 (Tex. Civ. App. -- Houston 1964, writ ref'd n.r.e.) and *Wood Motor Co. v. Nebel*, 150 Tex. 86, 238 S.W.2d 181, 185 (1951).

[43] TEX. BUS. ORGS. CODE §152.002(a).

29.     It is undisputed that FAM is a Texas corporation and that, on February 8, 2013, the Texas Secretary of State terminated FAM's corporate charter pursuant to Section 171.309 of the Texas Tax Code.[44] Chapter 11 of the BOC defines "*terminated entity*" to be a domestic entity *the existence of which has been forfeited pursuant to the Tax Code*, unless the forfeiture has been set aside.[45] Accordingly, FAM was a terminated entity.

30.     The termination of FAM's corporate existence constituted an *automatic* event of withdrawal from the JV *as a matter of law*, because a person ceases to be a partner on the occurrence of an "event of withdrawal."[46] The BOC defines an "event of withdrawal" of a partner to occur on "termination of a partner's existence."[47]

31.     As defined above, "terminated entity" is a domestic entity, the existence of which has been forfeited pursuant to the Tax Code, unless the forfeiture has been set aside.[48] FAM has argued that it is not a terminated entity because it reinstated in January 2017. Nonetheless, FAM was a terminated entity as of February 8, 2013, at which time it ceased to be a partner by operation of law[49], and continued to be a terminated entity for a period of longer than three years.[50] Although FAM may have reinstated its corporate charter on January 5, 2017, that reinstatement did not, and could not, revive FAM's long-terminated partnership interest in the JV. In fact, the BOC specifically prohibits partnership agreements and partners from varying that particular statutory

[44] *See* Joint Pretrial Order, Stipulated Fact No. 5.
[45] TEX. BUS. ORGS. CODE §11.001(4)(B); *see also* STATUTORY NOTES or Revisor's Notes under Section 11.001 which defines terms used in the chapter. "Chapter 11 uses the term "**terminated entity**" to refer to a **domestic entity whose legal existence has come to an end, either voluntarily or involuntarily**. This generic term replaces the term "dissolved corporation" from the source law. **The definition of "terminated entity" refers generally to the termination of existence of the entity instead of attempting to list all the different methods of dissolving an entity as found in the source law**. The revised law also introduces the term "terminated filing entity," which is a terminated entity that was a filing entity." (emphasis added).
[46] TEX. BUS. ORGS. CODE §152.501(a).
[47] TEX. BUS. ORGS. CODE §152.501(b)(8).
[48] TEX. BUS. ORGS. CODE §11.001(4)(B).
[49] TEX. BUS. ORGS. CODE §§152.501(a); 152.501(b)(8).
[50] TEX. BUS. ORGS. CODE § 11.356.

requirement of automatic withdrawal from a partnership upon termination of the partner's existence.[51]

32.     The BOC expressly acknowledges that a partnership continues after an event of withdrawal, but also states, "The event of withdrawal affects the relationships among the withdrawn partner, the partnership, and the continuing partners as provided by Sections 152.503-152.506 and Subchapter H."[52]     Subchapter H addresses "Redemption of Withdrawing Partner's or Transferee's Interest."[53]

*ii. Automatic redemption of withdrawn partner's interest.*

33.     Given that the event of withdrawal occurred under Section 152.501(b)(8) of the BOC (i.e., FAM permitting its corporate existence to cease to exist), FAM is a withdrawn partner with only a right to redemption of its withdrawn partner interest in the JV. By statute, if the event of withdrawal occurs under Section 152.501(b)(8), *as it did in this instance*, "The partnership interest of a withdrawn partner *automatically is redeemed* by the partnership as of the date of withdrawal…."[54]     Although the JV continued, FAM was no longer a "partner" because, as of February 8, 2013, FAM became by statute a "withdrawn partner."[55]

*iii. FAM's reinstatement of its corporate status does not "reinstate" FAM to partner status in JV.*

34.     The concepts of FAM's ability to regain its <u>*corporate*</u> status and FAM's inability to regain its <u>*partner*</u> status should not be conflated. Whether or not FAM *subsequently* reinstated its corporate charter does not change the fact that FAM was *automatically withdrawn as a partner from the JV*, and FAM's withdrawal from the JV is <u>not</u> changed by FAM's subsequent

---

[51] Tex. Bus. Orgs. Code §152.002(b)(5) ("A partnership agreement or the partners may not: (5) vary the power to withdraw as a partner under Section 152.501(b)(1), (7), or (8), except for the requirement that notice be in writing").
[52] Tex. Bus. Orgs. Code §152.502.
[53] *See* Tex. Bus. Orgs. Code §152.601-152.612.
[54] Tex. Bus. Orgs. Code §152.601.
[55] Tex. Bus. Orgs. Code §152.001(6).

reinstatement of its corporate charter years later. The BOC specifically recognizes that, while the JV continues after an event of withdrawal, the relationships among the now withdrawn partner, the continuing partner, and the JV changed.[56]

35.     Plaintiffs want to argue that the reinstatement of FAM's corporate status somehow entitles FAM to a continued "partner" status in the JV. That argument fails on multiple fronts. First, as explained above, FAM's partnership interest was *automatically* withdrawn and then that *withdrawn partnership* interest was *automatically* redeemed. By definition, those statutory automatic occurrences cannot just be undone.

36.     Second, the legislature has created a three-year window for certain matters to continue or be considered to have continued when an entity has reinstated its corporate charter. To that end, the BOC clearly sets a three-year window for retroactivity:

> **(d)** If a filing entity is reinstated before the third anniversary of the date of its involuntary termination, the entity is considered to have continued in existence without interruption from the date of termination. The reinstatement shall have no effect on any issue of personal liability of the governing persons, officers, or agents of the filing entity during the period between termination and reinstatement.[57]

37.     The legislative comments regarding that three-year limitation provision are particularly instructive regarding the requirement that the reinstatement be accomplished within three years of the involuntary termination in order to obtain the benefit of retroactivity:

> **STATUTORY NOTES**
> **Revisor's Notes.**
>
> Section 11.253 permits the reinstatement of an involuntarily terminated entity on the correction of the circumstances that led to the termination and the filing of a certificate of reinstatement. The source laws, other than the Texas Revised Limited Partnership Act, require an involuntarily dissolved entity to make its application for reinstatement within 36 months. The revised law permits reinstatement at any time in a manner

---

[56] Tex. Bus. Orgs. Code § 152.502.
[57] Tex. Bus. Orgs. Code §11.253(d).

similar to reinstatement procedures under the Tax Code after a forfeiture for nonpayment of taxes and similar to the Texas Revised Limited Partnership Act. The Tax Code and the Texas Revised Limited Partnership Act do not restrict the time within which an entity can reinstate. Thus, the lack of a time limit is not new for limited partnerships. However, although Section 11.253 eliminates the time restrictions for reinstatement found in the Texas Non-Profit Corporation Act and Texas Business Corporation Act, <u>an involuntarily terminated entity is considered to have continued in existence without interruption from the date of termination **only** when the certificate of reinstatement is filed before the third anniversary of its involuntary termination</u>. The retroactive effect is contained in the Texas Business Corporation Act and Texas Non-Profit Corporation Act for corporations and also applies to limited liability companies under the Texas Limited Liability Company Act. The explicit retroactive effectiveness of the reinstatement in the revised law could be considered a clarification of what is implicit in the Texas Revised Limited Partnership Act.

Existing provisions in the Texas Business Corporation Act, Texas Non-Profit Corporation Act, and Texas Limited Liability Company Act state that the reinstatement has no effect on the personal liability of a governing person, officer, or agent during the period between dissolution and reinstatement.

**Effect of amendments.**[58]

38.     It is undisputed that FAM did not reinstate its corporate charter within three years of its forfeiture such that FAM could even argue that it reinstated in a sufficiently timely manner to argue retroactivity is an option.

39.     Third, even had FAM reinstated within three years, retroactivity was not an option to FAM because its corporate forfeiture was the result of a tax forfeiture under the Tax Code. That, is, pursuant to Section 11.356(b) of the BOC, a terminated entity can only reinstate its existence for the purpose of continuing the business or affairs for which the terminated entity was formed under Subchapter E.[59] Subchapter E (*Reinstatement of Terminated Entity*) is specifically <u>*not applicable*</u> in this case because "[a] terminated entity may not be reinstated under this section if

---

[58] TEX. BUS. ORGS. CODE §11.253, *comment* (emphasis added).
[59] *In re Two Wheels Props., LLC,* 625 B.R. 869, 874 (Bankr. S.D. Tex. 2020) (citing to TEX. BUS. ORGS. CODE § 11.356(b) and § 11.201 *et. seq.*)).

the termination occurred as a result of … forfeiture under the Tax Code."[60] Moreover, "a terminated filing entity may not continue its existence for the purpose of continuing the business or affairs for which the terminated filing entity was formed _unless_ the terminated filing entity is reinstated under Subchapter E."[61]  As a terminated entity under the Tax Code, FAM did not, and could not, reinstate under Subchapter E such that FAM can argue retroactivity for continued business operations.

40.    In sum, FAM can currently be a reinstated corporate entity but nonetheless be a withdrawn partner of the JV whose sole interest in the JV is the redemption value of its withdrawn partner interest in the JV.[62]

41.    On April 24, 2019, Anson sent to Plaintiffs a Full Satisfaction Notice "_Redemption Offer and Calculation_" in the amount of $105,900.17 plus accrued interest through April 24, 2019, until paid.[63] Instead of using the liquidation value as of February 8, 2013, Defendant used the Fair Value (the value a willing buyer would pay in cash to a willing seller) that it paid to Jentex on September 5, 2014,[64] which was $325,000.00 plus interest on the balance owed at 6% until paid in full.

42.    Plaintiffs did not respond to Anson's Redemption Offer, nor did Plaintiffs bring an action for redemption on or before April 24, 2020.  Given that Anson provided written notice to FAM of Anson's calculation of FAM's redemption value on April 24, 2019[65] and, to date, FAM

---

[60] _Id._ (citing TEX. BUS. ORGS. CODE § 11.201(b)(3)).
[61] TEX. BUS. ORGS. CODE §11.356(b) (emphasis added).
[62] TEX. BUS. ORGS. CODE §§ 152.601-152.609.
[63] See Joint Pretrial Order Stipulated Fact #16; see Exhibit DEF025 Redemption Offer
[64] _See_ TEX. BUS. ORGS. CODE § 152.602(b) (the redemption price for the partner's interest may be its liquidation rather than going-concern value).
[65] _See_ Exhibit DEF025, Redemption Offer.

has not brought an action for its redemption value, the statute of limitations has expired and FAM is foreclosed from asserting its claim for redemption.[66]

## C.   Brian Frazier, individually, has no standing.

43.   In their live pleading, Plaintiffs alternately claim that Frazier is a transferee or assignee of FAM's partnership interest or a successor in interest to FAM's partnership interest upon FAM's termination.[67] Neither argument gives Frazier standing.

44.   In the context of general partnerships, the BOC defines a "*Transfer*" to include an assignment, a conveyance, a lease, a mortgage, a deed, an encumbrance, and the creation of a security interest.[68] There is no evidence of anything constituting a transfer of interest as defined in the BOC; moreover, the only right potentially assignable by FAM is, as of February 8, 2013, FAM's right to redemption of its withdrawn partner interest.

45.   Brian Frazier is not a transferee or successor-in-interest to any claim or other asset of FAM, as best-evidenced by the fact FAM reinstated its existence subsequent to filing the lawsuit (i.e., there can be no successor-in-interest when an entity is not dissolved and its assets distributed, and there is no evidence that FAM transferred any assets to Frazier). Any claims that Frazier even could have asserted have been extinguished as a matter of law.[69]

## Conclusion

46.   As a result, Plaintiffs have no standing because FAM's claims have been extinguished by statute as a matter of law, FAM has not even asserted a claim for redemption of its withdrawn partnership interest and is now foreclosed from doing so by limitations, and Frazier

---

[66] *See* TEX. BUS. ORGS. CODE § 152.608 and § 152.609 (a wrongful withdrawn partner must bring an action for the redemption value not later than the first anniversary of the date written notice is given).
[67] See Exhibit DEF003, Plaintiffs' Fifth Amended Petition, ¶¶2.2, 5.10.
[68] *See* TEX. BUS. ORGS. CODE §152.001(5).
[69] TEX. BUS. ORGS. CODE §11.359 (a)

has no standing because he is not a transferee or successor-in-interest to any claim or other asset of FAM and, even had he been, any potentially assignable or distributable claims have been extinguished. This Court does not have subject matter jurisdiction over the Plaintiffs' claims.

WHEREFORE, Defendants prays the Court enter an Order dismissing Plaintiffs' claims for lack of subject matter jurisdiction, and any other relief to which Defendant is entitled in equity or law.

Dated: March 29, 2022

Respectfully submitted:

Magan Law, PLLC

By: ___ /s/ *Kathryn Hernandez* _____
    Kathryn Hernandez (TX SBN: 24107854)
    62 Main St., Ste. 310
    Colleyville, Texas 76034
    Telephone: (817) 209-4298
    Email: k.magan@maganlawpllc.com

Sullivan & Cook

By: ___ /s/ M. Jason Ankele _____
    M. Jason Ankele (TX SBN: 00786989)
    600 Las Colinas Blvd. E. Ste. 1300
    Irving, Texas 75039-5699
    Telephone: (214) 520-7494
    Email: jankele@sullivancook.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served on March 29, 2022 by electronic notice to all ECF users who have appeared in this case to date.

___ /s/ *Kathryn Hernandez* _____
KATHRYN Hernandez