## JOINT VENTURE AGREEMENT

This Agreement made and entered into as of the 30th day of January, 1996, by and between Frazier Asset Management, Inc. and Jentex Financial, Inc.

WITNESSETH:

The above named parties have agreed to form a Joint Venture for the purpose of purchasing, owning, managing, improving and selling real property described as 127.21 Acres in Wise County, Texas; a complete discription is attached hereto in Exibit A.

NOW, THEREFORE, the parties hereto, in consideration of the mutual promises and covenants herein contained have agreed by these presents do agree as follows:

## ARTICLE I

## PURPOSE

The purpose of the Joint Venture shall be to purchase, sell, improve and manage the real property described above and for no other purpose.

Exh DEF004 - Page 2 of 13

## ARTICLE II

### TERM

This Agreement supersedes all prior agreements of the parties and shall be considered effective from the date of the same and shall continue in effect until modified or terminated as hereinafter provided.

## ARTICLE III

### NAME

The Joint Venture activities shall be carried on under the name of The Alvord 287 Joint Venture.

## ARTICLE IV

### BOOKS OF ACCOUNT

The Joint Venture shall keep and maintain correct and complete books of account at all times, showing Joint Venture assets and liabilities and all income received and all monies paid out, which said books of account shall be kept at the office or offices of the Joint Venture and used in common by the Joint Venturers so that any one of them may have access thereto at all times without interruption or hindrance from the other.

Exh DEF004 - Page 3 of 13

Said books and records shall be kept in accordance with generally accepted accounting principles.

## ARTICLE V

### JOINT VENTURER'S DUTIES

Joint Venturers will share equally in the duties of management of the Joint Venture property. All decisions affecting the Joint Venture or its business will be determined by a majority vote of the ownership interest.

Notwithstanding the general duties set forth above, the Venturers agree to specific duties as outlined herein:

Jentex Financial, Inc. will;
Service all loans resulting from the sale of
tracts out of the said land.
Prepare a monthly accounting to the Venturers.
Prepare year-end documents and financials.
Maintain a bank account for the Joint Venture
and account monthly for all transactions.

Frazier Asset Manaement, Inc. will;
Sell and market the tracts out of said land
according to the pricing and terms agreed to by
the Venturers.

Exh DEF004 - Page 4 of 13

Install the septic systems on each tract as needed on a direct cost basis, i.e., no overhead, labor, etc.   The costs of the septic systems shall be borne by the Venturers as follows:   Jentex Financial, Inc. funds 2/3 of the cost and Frazier Asset Management, Inc., 1/3 of the cost.

Oversee the installation of a well on each of the tracts with the expenses being allocated as above.

Oversee and maintain unsold tracts and keep them in a saleable condition.

Handle foreclosures and resales of foreclosed tracts.

## ARTICLE VI

### DURATION AND DISSOLUTION

This Joint Venture shall continue until it is dissolved and this Agreement terminated by mutual consent of the Joint Venturers and in such event, the Joint Venture business and assets shall be divided between the Joint Venturers as their interest shall appear or as they may agree among themselves.

Exh DEF004 - Page 5 of 13

## ARTICLE VII

### DEATH OF A JOINT VENTURER

The death of any of the Joint Venturers hereto shall terminate this Agreement, and the assets belonging to or owned by the individual Joint Venturers shall revert to them or their estates individually.

## ARTICLE VIII

### OWNERSHIP OF JOINT VENTURE ASSETS

### AND DIVISION OF INCOME AND EXPENSES

All property which may hereafter be acquired by the Joint Venture for the use of carrying on of its business shall be owned jointly by the Joint Venturers equal to their interest in the Joint Venture as hereinafter set out. These Joint Venture assets, and this Joint Venture entity are independent of any other ventures or assets the parties hereto may own common or individually. All income, expenses and losses which may accrue to the Joint Venture, including but not limited to, bad debts, depreciation, and all other expenses as income of the business shall be divided as follows:

| NAME | PERCENTAGE OF OWNERSHIP AND LIABILITY FOR JOINT VENTURE DEBTS | PERCENTAGE OF PARTICIPATION IN INCOME AND LOSSES |
|---|---|---|
| Jentex Financial, Inc. | 50% | 50% |
| Frazier Asset Management, Inc. | 50% | 50% |

## ARTICLE IX

### BANK ACCOUNTS

Accounts in the name of the Joint Venture shall be maintained in such bank or banks as the Joint Venturers shall from time to time select. All money in the Joint Venture and all instruments for the payments of money when received shall be deposited to the credit of the Joint Venturer a timely basis. All checks drawn on any bank account shall be signed and drawn by both Joint Venturers if more than $10,000.00 in amount.

## ARTICLE X

### JOINT VENTURER'S SALARIES

The salary for the services of any Joint Venturer may be paid only when agreed upon by a majority (in ownership interest) of the Joint Venturers.

## ARTICLE XI

### INTEREST ON CAPITAL ACCOUNTS

No interest shall be paid on a capital account.

## ARTICLE XII

### METHOD OF HOLDING JOINT VENTURE PROPERTY

Joint Venture property may, by unanimous consent of the Joint Venturers, be acquired and conveyed in the name of any Joint Venturer or other person who is nominee for the Joint Venture.

## ARTICLE XIII

### ACCOUNT ON DISSOLUTION

The capital, income and drawing accounts of the Joint Venturers shall be posted as of the date of dissolution. Assets and liabilities shall be taken at book value, but no value shall be assigned to good will or the firm name. Actual notice of dissolution shall be given all persons who have had dealings with the Joint Venture during the year prior to dissolution.

After the payment of all debts of the Joint Venture, the remaining balance of funds on the dissolution shall be distributed to the Joint Venturers. All Joint Venturers jointly shall have authority to wind up.

-7-

Exh DEF004 - Page 8 of 13

## ARTICLE XIV

### CONSTRUCTION OF AGREEMENT

The captions used in this Agreement are for convenience only and shall not be construed in interpreting this Agreement. If any portion of this Agreement shall be held invalid or inoperative, then so far as it reasonable and possible, the remainder shall be considered valid and operative and effect shall be given to the intent manifested by the portion held invalid or inoperative.

## ARTICLE XV

### BINDING EFFECT

The Agreement shall be binding on the Joint Venturers, their heirs, personal representatives and assigns.

EXECUTED IN MULTIPLE COPIES, each of which shall have the force and effect of an original, on this the $24th$ day of January, 1996.

Jentex Financial, Inc.

by Jay Lesok, President

Frazier Asset Management, Inc.

by Brian Frazier, President

-8-

EXHIBIT "A"

Being 127.21 acres in the Richard Gilliam Survey, Abstract No. 341, the C. H. Durgin Survey, Abstract No. 249, the D. D. Reel Survey, Abstract No. 709, the W. B. Lassiter Survey, Abstract No. 1462, and the S. T. Murphy Survey, Abstract No. 1460, Wise County, Texas, and being the same tract of land as deeded to J. I. Harvey in Volume 14, Page 367, Real Records, and Volume 141, Page 425, Real Records, Wise County, Texas, said 127.21 acres being more particularly described as follows:

BEGINNING at a "X" tie post for corner in the east line of said Gilliam Survey and the west line of said Durgin Survey, said point being the southeast corner of an 88.58 acre tract recorded in Volume 14, Page 367, Real Records, Wise County, Texas, said point also being South 01 degrees 26 minutes 29 seconds West 1575.0 feet from the northeast corner of said Gilliam Survey;

THENCE with a fence and the south line of said 88.58 acres North 89 degrees 47 minutes 54 seconds West 961.83 feet to a 14" post oak tree for corner at angle in said line;

THENCE with said fence North 88 degrees 53 minutes 02 seconds West 680.67 feet to a post for corner;

THENCE with a fence North 01 degrees 00 minutes 52 seconds East 1569.48 feet to a "X" tie post for corner in the north line of said Gilliam Survey;

THENCE with a fence North 48 degrees 49 minutes 53 seconds East 598.98 feet to a 1/2" iron stake set for corner;

THENCE leaving said fence South 46 degrees 29 minutes East 1752.00 feet to a 1/2" iron stake set for corner;

THENCE North 43 degrees 31 minutes East 1276.19 feet to a 1/2" iron stake set in a fence in the southwest right-of-way line of U.S. Highway No. 81-287;

THENCE with said fence and right-of-way South 46 degrees 29 minutes East 1592.44 feet to a 1/2' iron stake set for corner;

THENCE with said right-of-way South 00 degrees 56 minutes East 105.04 feet to a 3/8" spike set for corner in a county road on the southeast line of said Reel Survey and the northwest line of the F. Rozales Survey, Abstract No. 703;

THENCE with said line and road South 45 degrees 23 minutes 40 seconds West 1340.21 feet to a 1/2" iron stake set for corner in said road at the most southern southeast corner of said Durgin Survey;

THENCE with said road and south line of said Durgin Survey and the north line of the T. Stewart Survey, Abstract No. 766, South 85 degrees 42 minutes 54 seconds West 1185.00 feet to a nail set for corner in road at angle in said line;

THENCE North 89 degrees 22 minutes 36 seconds West 19.60 feet to a nail set for corner in road at the southwest corner of an 82.26 acre tract recorded in Volume 141, Page 425, Real Records, Wise County, Texas, said point being in the east line of said Gilliam Survey;

THENCE with said line North 01 degrees 26 minutes 29 seconds East 531.86 feet to the Point of Beginning, and containing 127.21 acres of land, more or less.

## AMENDMENT TO JOINT VENTURE AGREEMENT

This Amendment to Joint Venture Agreement is made and entered into by and between Frazier Asset Management, Inc., a Texas corporation, and Jentex Financial, Inc., a Texas corporation effective as of the _15th_ day of _February_, 1998. (Frazier Asset Management, Inc. and Jentex Financial, Inc. hereafter referred to as the "Parties").

WHEREAS the Parties previously entered into a Joint Venture Agreement dated January 30,1996;

WHEREAS, the Parties desire to amend the Joint Venture Agreement;

NOW THEREFORE, the Parties amend the Recitals and Article I of the Joint Venture Agreement to be replaced by and read as follows:

"The above named parties have agreed to form a Joint Venture for the purpose of purchasing, owning, managing, developing, improving and selling real property, including, but not limited to, the real property described as 127.21 acres in Wise County, Texas, a complete description is attached hereto as Exhibit A.

NOW, THEREFORE, the parties hereto, in consideration of the mutual promises and covenants herein contained have agreed by these presents do agree as follows:

ARTICLE I
PURPOSE

The purpose of the Joint Venture shall be to purchase, own, sell, manage, develop, and improve real property and for no other purpose; provided, however, no joint venturer shall pledge any property of the Joint Venture or acquire any property in the name of the Joint Venture without the prior written consent of the other Joint Venturer."

_Single purpose originally_
_The intent here was_
_11 authorize additional_
_acquisitions_

JENTEX FINANCIAL, INC.

By:_____
Jay Lesok, President

FRAZIER ASSET MANAGEMENT, INC.

By:_____
Brian Frazier, President

## SECOND AMENDMENT TO JOINT VENTURE AGREEMENT

This Amendment to Joint Venture Agreement is made and entered into by and between Frazier Asset Management, Inc., a Texas corporation and Jentex Financial, Inc., a Texas corporation effective as of the 1st day of October , 1998. (Frazier Asset Management, Inc. and Jentex Financial, Inc. hereafter referred to as the "Parties").

WHEREAS, the Parties previously entered into a Joint Venture Agreement dated January 30, 1996;

WHEREAS, the Parties desire to amend the Joint Venture Agreement;

NOW THEREFORE, the Parties amend Article V and Article IX of the Joint Venture Agreement to be replaced by and read as follows:

## ARTICLE V

### JOINT VENTURE'S DUTIES

Joint Venturers will share equally in the duties of management of the Joint Venture property. All decisions affecting the Joint Venture or its business will be determined by a majority vote of the ownership interest.

Notwithstanding the general duties set forth above, the Venturers agree to specific duties as outlined herein:

Jentex Financial, Inc. will;

Service all loans resulting from the sale of tracts out of the said land.

Prepare a ~~semi~~-bi-monthly accounting to the Venturers.

Prepare year-end documents and financials.

Maintain a bank account for the Joint Venture and account monthly for all transactions.

Frazier Asset Management, Inc. will;

Sell and market the tracts out of said land according to the pricing and terms agreed to by the Ventures.

Install the septic systems on each tract as needed at the ·lowest possible cost and at a price agreed to by both parties. The cost of the septic systems shall be borne by the Joint Venture.

Oversee the installation of a well on each of the tracts or arrange for a water system as the situation dictates; Joint

Second Amendment to Joint Venture Agreement, Page 1 of 2

Venture to bear cost of whichever system is selected.    Price to be agreed to by both parties.

Oversee and maintain unsold tracts and keep them in a saleable condition.

Handle foreclosures and resales of foreclosed tracts.


## ARTICLE IX

### BANK   ACCOUNTS

Accounts in the name of the Joint Venture shall  be  maintained  in such bank or banks as the  Joint  Venturers  shall  from  time  to  time select.  All money in the Joint Venture  and  all  instruments  for  the payments of money when received shall be deposited to the credit of  the Joint Venture on a  timely  basis.   All  checks  drawn  for  more  than $10,000.00 on any bank account shall be signed by both Joint  Venturers; however, either Joint Venturer may waive this provision if  notified  by the other Joint Venturer in advance and giving  authorization  for  such check to the  the  signing  Joint  Venturer;  this  provision  shall  be retroactive to include checks drawn to date as well as those  from  this date forward.

NOW, THEREFORE, the parties hereto, in consideration of the  mutual promises and covenants herein contained have agreed by these presents to the foregoing changes and additions.

EXECUTED  October ___|st___ , 1998.


JENTEX FINANCIAL, INC.

By: _____
    Jay Lesok, President


FRAZIER ASSET MANAGEMENT, INC.

By: _____
    Brian Frazier, President


Second Amendment To Joint Venture Agreement, Page 2 of 2

Exh DEF004 - Page 13 of 13

## Addendum to Joint Venture Agreement of The Alvord 287 Joint Venture

This addendum is hereby made and entered into on this __27th__ day of__April__, 2000, by and between Frazier Asset Management, Inc. and Jentex Financial, Inc. for the purpose of modifying Article XII of that one certain agreement dated January 30, 1996.

Article XII provides that Joint Venture property may be acquired and conveyed in the name of any Joint Venturer or other person who is nominee for the Joint Venture by unanimous consent.

We, the Joint Venturers, do hereby unanimously agree that either Frazier Asset Management, Inc. or Jentex Financial, Inc. may sell, convey or acquire property on behalf of The Alvord 287 Joint Venture.

In all other respects, the Joint Venture Agreement along with prior amendments remain valid and unchanged.

Frazier Asset Management, Inc.                    Jentex Financial, Inc.


By: Brian H. Frazier, President                   By: Jay Lesok, President

### Acknowledgment

State of Texas                    *
                                  *
County of Tarrant                 *

This instrument was acknowledged before me on the 27th day of april, 2000, by Brian H. Frazier, President of Frazier Asset Management, Inc., a Texas corporation.

CAROLYN D. CARUTHERS
NOTARY PUBLIC
State of Texas
Comm. Exp. 09-03-200_

Notary Public, State of Texas

State of Texas                    *
                                  *
County of Tarrant                 *

This instrument was acknowledged before me on the 27th day of Apui, 2000, by Jay Lesok, President of Jentex Financial, Inc.

CAROLYN D. CARUTHERS
NOTARY PUBLIC
State of Texas
Comm. Exp. 09-03-2000