COPY DEFIA653 - Page 1 of 70

## *Tex. Tax Code § 171.251*

This document is current through the 2021 Regular Session of the 87th legislature, 2021 1st, 2nd and 3rd Called Sessions, and is current with the 2021 ballot proposition contingencies.

*Texas Statutes & Codes Annotated by LexisNexis® > Tax Code > Title 2 State Taxation (Subts. A — K) > Subtitle F Franchise Tax (Chs. 171 — 180) > Chapter 171 Franchise Tax (Subchs. A — U) > Subchapter F Forfeiture of Corporate and Business Privileges (§§ 171.251 — 171.300)*

## Sec. 171.251. Forfeiture of Corporate Privileges.

The comptroller shall forfeit the corporate privileges of a corporation on which the franchise tax is imposed if the corporation:

(1) does not file, in accordance with this chapter and within 45 days after the date notice of forfeiture is mailed, a report required by this chapter;

(2) does not pay, within 45 days after the date notice of forfeiture is mailed, a tax imposed by this chapter or does not pay, within those 45 days, a penalty imposed by this chapter relating to that tax; or

(3) does not permit the comptroller to examine under Section 171.211 of this code the corporation's records.

## History

Enacted by Acts 1981, 67th Leg., ch. 389 (H.B. 1708), § 1, effective January 1, 1982; am. Acts 1984, 68th Leg., 2nd C.S., ch. 10 (S.B. 27), art. 3, § 5, effective September 1, 1984; am. *Acts 1989, 71st Leg., ch. 584 (H.B. 2519), § 110*, effective September 1, 1989; am. Acts 1991, 72nd Leg., 1st C.S., ch. 5 (H.B. 11), § 8.19, effective January 1, 1992; am. *Acts 1993, 73rd Leg., ch. 546 (H.B. 1892), § 10*, effective January 1, 1994.

Annotations

Kathryn Magan

COPY DETAILS - Page 2 of 70

*Tex. Tax Code § 171.252*

This document is current through the 2021 Regular Session of the 87th legislature, 2021 1st, 2nd and 3rd Called Sessions, and is current with the 2021 ballot proposition contingencies.

*Texas Statutes & Codes Annotated by LexisNexis® > Tax Code > Title 2 State Taxation (Subts. A — K) > Subtitle F Franchise Tax (Chs. 171 — 180) > Chapter 171 Franchise Tax (Subchs. A — U) > Subchapter F Forfeiture of Corporate and Business Privileges (§§ 171.251 — 171.300)*

## Sec. 171.252. Effects of Forfeiture.

If the corporate privileges of a corporation are forfeited under this subchapter:

(1) the corporation shall be denied the right to sue or defend in a court of this state; and

(2) each director or officer of the corporation is liable for a debt of the corporation as provided by Section 171.255 of this code.

## History

Enacted by Acts 1981, 67th Leg., ch. 389 (H.B. 1708), § 1, effective January 1, 1982.

Annotations

## LexisNexis® Notes

## Notes

STATUTORY NOTES

Revisor's Notes

COPY DETAILS - Page 3 of 70

## *Tex. Tax Code § 171.309*

This document is current through the 2021 Regular Session of the 87th legislature, 2021 1st, 2nd and 3rd Called Sessions, and is current with the 2021 ballot proposition contingencies.

*Texas Statutes & Codes Annotated by LexisNexis® > Tax Code > Title 2 State Taxation (Subts. A — K) > Subtitle F Franchise Tax (Chs. 171 — 180) > Chapter 171 Franchise Tax (Subchs. A — U) > Subchapter G Forfeiture of Charter or Certificate of Authority (§§ 171.301 — 171.350)*

## Sec. 171.309. Forfeiture by Secretary of State.

The secretary of state may forfeit the charter, certificate, or registration of a taxable entity if:

(1)  the secretary receives the comptroller's certification under Section 171.302; and

(2)  the taxable entity does not revive its forfeited privileges within 120 days after the date that the privileges were forfeited.

## History

Enacted by Acts 1981, 67th Leg., ch. 389 (H.B. 1708), § 1, effective January 1, 1982; am. Acts 1984, 68th Leg., 2nd C.S., ch. 10 (S.B. 27), art. 3, § 6, effective September 1, 1984; am. *Acts 2007, 80th Leg., ch. 1282 (H.B. 3928), § 32*, effective January 1, 2008.

Annotations

## LexisNexis® Notes

## Notes

COPY DEFAIB3 - Page 4 of 70

## *Tex. Tax Code § 171.314*

This document is current through the 2021 Regular Session of the 87th legislature, 2021 1st, 2nd and 3rd Called Sessions, and is current with the 2021 ballot proposition contingencies.

*Texas Statutes & Codes Annotated by LexisNexis® > Tax Code > Title 2 State Taxation (Subts. A — K) > Subtitle F Franchise Tax (Chs. 171 — 180) > Chapter 171 Franchise Tax (Subchs. A — U) > Subchapter G Forfeiture of Charter or Certificate of Authority (§§ 171.301 — 171.350)*

## Sec. 171.314. Corporate Privileges After Forfeiture by Secretary of State Is Set Aside.

If the secretary of state sets aside under this chapter the forfeiture of a corporation's charter or certificate of authority, the comptroller shall revive the corporate privileges of the corporation.

## History

Enacted by Acts 1981, 67th Leg., ch. 389 (H.B. 1708), § 1, effective January 1, 1982.

Annotations

## LexisNexis® Notes

## Notes

STATUTORY NOTES

Revisor's Notes

See the Revisor's Note under Sec. 171.251 of the code.

COPY DETAILS - Page 5 of 70

## *Tex. Business Organizations Code § 1.002*

This document is current through the 2021 Regular Session of the 87th legislature, 2021 1st, 2nd and 3rd Called Sessions, and is current with the 2021 ballot proposition contingencies.

*Texas Statutes & Codes Annotated by LexisNexis® > Business Organizations Code > Title 1 General Provisions (Chs. 1 — 12) > Chapter 1 Definitions and Other General Provisions (Subchs. A — C) > Subchapter A Definitions and Purpose (§§ 1.001 — 1.009)*

## Notice

⚐ This section has more than one version with varying effective dates.

## Sec. 1.002. Definitions. [Effective June 1, 2022]

In this code:

(1) "Affiliate" means a person who controls, is controlled by, or is under common control with another person.

(2) "Associate," when used to indicate a relationship with a person, means:

(A) a domestic or foreign entity or organization for which the person:

(i) is an officer or governing person; or

(ii) beneficially owns, directly or indirectly, either individually or through an affiliate, 10 percent or more of a class of voting ownership interests or similar securities of the entity or organization;

(B) a trust or estate in which the person has a substantial beneficial interest or for which the person serves as trustee or in a similar fiduciary capacity;

(C) the person's spouse or a relative of the person related by consanguinity or affinity who resides with the person; or

Kathryn Magan

COPY DETAILS - Page 6 of 70

(D)  a governing person or an affiliate or officer of the person.

(3)  "Association" means an entity governed as an association under Title 6 or 7. The term includes a cooperative association, nonprofit association, and professional association.

(4)  "Assumed name" means a name adopted for use by a person. The term includes an assumed name filed under Chapter 71, Business & Commerce Code.

(5)  "Business" means a trade, occupation, profession, or other commercial activity.

(6)  "Certificate of formation" means:

(A)  the document required to be filed with the filing officer under Chapter 3 to form a filing entity; and

(B)  if appropriate, a restated certificate of formation and all amendments of an original or restated certificate of formation.

(7)  "Certificated ownership interest" means an ownership interest of a domestic entity represented by a certificate issued in bearer or registered form.

(8)  "Close corporation" means a for-profit corporation that elects to be governed as a close corporation in accordance with Subchapter O, Chapter 21.

(9)  "Contribution" means a tangible or intangible benefit that a person transfers to an entity in consideration for an ownership interest in the entity or otherwise in the person's capacity as an owner or a member. The benefit includes cash, services rendered, a contract for services to be performed, a promissory note or other obligation of a person to pay cash or transfer property to the entity, or securities or other interests in or obligations of an entity, but does not include cash or property received by the entity:

(A)  with respect to a promissory note or other obligation to the extent that the agreed value of the note or obligation has previously been included as a contribution; or

(B)  that the person intends to be a loan to the entity.

(10)  "Conversion" means:

COPY DEFAULS - Page 7 of 70

(A)  the continuance of a domestic entity as a non-code organization of any type;

(B)  the continuance of a non-code organization as a domestic entity of any type;

(C)  the continuance of a domestic entity of one type as a domestic entity of another type;

(D)  the continuance of a domestic entity of one type as a foreign entity of the same type that may be treated as a domestication, continuance, or transfer transaction under the laws of the jurisdiction of formation of the foreign entity; or

(E)  the continuance of a foreign entity of one type as a domestic entity of the same type that may be treated as a domestication, continuance, or transfer transaction under the laws of the jurisdiction of formation of the foreign entity.

(11)  "Converted entity" means an organization resulting from a conversion.

(12)  "Converting entity" means an organization as the organization existed before the organization's conversion.

(13)  "Cooperative" or "cooperative association" means an association governed as a cooperative association under Chapter 251.

(14)  "Corporation" means an entity governed as a corporation under Title 2 or 7. The term includes a for-profit corporation, nonprofit corporation, and professional corporation.

(15)  "Debtor in bankruptcy" means a person who is the subject of:

(A)  an order for relief under the United States bankruptcy laws (Title 11, United States Code); or

(B)  a comparable order under a:

(i)  successor statute of general applicability; or

(ii)  federal or state law governing insolvency.

(16)  "Director" means an individual who serves on the board of directors of a foreign or domestic corporation.

**(17)** "Domestic" means, with respect to an entity, that the entity is formed under this code or the entity's internal affairs are governed by this code.

**(18)** "Domestic entity" means an organization formed under or the internal affairs of which are governed by this code.

**(19)** "Domestic entity subject to dissenters' rights" means a domestic entity the owners of which have rights of dissent and appraisal under this code or the governing documents of the entity.

**(20)** "Effective date of this code" means January 1, 2006. The applicability of this code is governed by Title 8.

**(20-a)** "Electronic data system" means an electronic network or database. The term includes a distributed electronic network or database, including one that employs blockchain or distributed ledger technology.

**(20-b)** "Electronic transmission" means a form of communication, including communication by use of or participation in one or more electronic data systems, that:

  **(A)** does not directly involve the physical transmission of paper;

  **(B)** creates a record that may be retained, retrieved, and reviewed by the recipient; and

  **(C)** may be directly reproduced in paper form by the recipient through an automated process.

**(21)** "Entity" means a domestic entity or foreign entity.

**(21-a)** "Fictitious name" means an assumed name:

  **(A)** that a foreign filing entity adopts for use because the name of the entity as stated in the entity's certificate of formation or similar organizational instrument is not available for use under the laws of this state; and

  **(B)** under which the foreign filing entity is registered to transact business in this state, in accordance with Chapter 9.

COPY DEFAIBS - Page 9 of 70

(22) "Filing entity" means a domestic entity that is a corporation, limited partnership, limited liability company, professional association, cooperative, or real estate investment trust.

(23) "Filing instrument" means an instrument, document, consent, or statement that is required or authorized by this code to be filed by or for an entity with the filing officer in accordance with Chapter 4.

(24) "Filing officer" means:

(A) with respect to an entity other than a domestic real estate investment trust, the secretary of state; or

(B) with respect to a domestic real estate investment trust, the county clerk of the county in which the real estate investment trust's principal office is located in this state.

(25) "For-profit corporation" means a corporation governed as a for-profit corporation under Chapter 21.

(26) "For-profit entity" means an entity other than a nonprofit entity.

(27) "Foreign" means, with respect to an entity, that the entity is formed under, and the entity's internal affairs are governed by, the laws of a jurisdiction other than this state.

(28) "Foreign entity" means an organization formed under, and the internal affairs of which are governed by, the laws of a jurisdiction other than this state.

(29) "Foreign filing entity" means a foreign entity, other than a foreign limited liability partnership, that registers or is required to register as a foreign entity under Chapter 9.

(30) "Foreign governmental authority" means a governmental official, agency, or instrumentality of a jurisdiction other than this state.

(31) "Foreign nonfiling entity" means a foreign entity that is not a foreign filing entity.

(32) "Fundamental business transaction" means a merger, interest exchange, conversion, or sale of all or substantially all of an entity's assets.

(33) "General partner" means:

SUPP DEF AIDS - Page 10 of 70

(A)  each partner in a general partnership; or

(B)  a person who has become, and has not ceased to be, a general partner in a limited partnership in accordance with the governing documents of the limited partnership or this code.

(34)  "General partnership" means a partnership governed as a general partnership under Chapter 152.  The term includes a general partnership registered as a limited liability partnership.

(35)

(A)  "Governing authority" means a person or group of persons who are entitled to manage and direct the affairs of an entity under this code and the governing documents of the entity, except that if the governing documents of the entity or this code divide the authority to manage and direct the affairs of the entity among different persons or groups of persons according to different matters, "governing authority" means the person or group of persons entitled to manage and direct the affairs of the entity with respect to a matter under the governing documents of the entity or this code. The term includes:

(i)  the board of directors of a corporation or other persons authorized to perform the functions of the board of directors of a corporation;

(ii)  the general partners of a general partnership or limited partnership;

(iii)  the managers of a limited liability company that is managed by managers;

(iv)  the members of a limited liability company that is managed by members who are entitled to manage the company;

(v)  the board of directors of a cooperative association; and

(vi)  the trust managers of a real estate investment trust.

(B)  The term does not include an officer who is acting in the capacity of an officer.

(36)  "Governing documents" means:

(A)  in the case of a domestic entity:

Tex. Business Organizations Code § 1.002

**(i)** the certificate of formation for a domestic filing entity or the document or agreement under which a domestic nonfiling entity is formed; and

**(ii)** the other documents or agreements adopted by the entity under this code to govern the formation or the internal affairs of the entity; or

**(B)** in the case of a foreign entity, the instruments, documents, or agreements adopted under the law of its jurisdiction of formation to govern the formation or the internal affairs of the entity.

**(37)** "Governing person" means a person serving as part of the governing authority of an entity.

**(38)** "Individual" means a natural person.

**(39)** "Insolvency" means the inability of a person to pay the person's debts as they become due in the usual course of business or affairs.

**(40)** "Insolvent" means a person who is unable to pay the person's debts as they become due in the usual course of business or affairs.

**(41)** "Interest exchange" means the acquisition of an ownership or membership interest in a domestic entity as provided by Subchapter B, Chapter 10. The term does not include a merger or conversion.

**(42)** "Internal Revenue Code" means the Internal Revenue Code of 1986, as amended. The term includes corresponding provisions of subsequent federal tax laws.

**(43)** "Jurisdiction of formation" means:

**(A)** in the case of a domestic filing entity, this state;

**(B)** in the case of a foreign entity for which a certificate of formation or similar organizational instrument is filed in connection with its formation, the jurisdiction in which the entity's certificate of formation or similar organizational instrument is filed; or

**(C)** in the case of a domestic nonfiling entity or a foreign entity for which a certificate of formation or similar organizational instrument is not filed in connection with its formation:

(i) the jurisdiction the laws of which are chosen in the entity's governing documents to govern its internal affairs if that jurisdiction bears a reasonable relation to the owners or members or to the entity's business and affairs under the principles of this state that otherwise would apply to a contract among the owners or members; or

(ii) if Subparagraph (i) does not apply, the jurisdiction in which the entity has its chief executive office.

(44) "Law" means, unless the context requires otherwise, both statutory and common law.

(45) "License" means a license, certificate of registration, or other legal authorization.

(46) "Limited liability company" means an entity governed as a limited liability company under Title 3 or 7. The term includes a professional limited liability company.

(47) "Limited liability limited partnership" means a partnership governed as a limited liability partnership and a limited partnership under Title 4.

(48) "Limited liability partnership" means a partnership governed as a limited liability partnership under Title 4.

(49) "Limited partner" means a person who has become, and has not ceased to be, a limited partner in a limited partnership in accordance with the governing documents of the limited partnership or this code.

(50) "Limited partnership" means a partnership that is governed as a limited partnership under Title 4 and that has one or more general partners and one or more limited partners. The term includes a limited partnership registered as a limited liability limited partnership.

(51) "Manager" means a person designated as a manager of a limited liability company that is not managed by members of the company.

(52) "Managerial official" means an officer or a governing person.

(53) "Member" means:

COPY DEF AIDS - Page 13 of 70

(A)  in the case of a limited liability company, a person who has become, and has not ceased to be, a member in the limited liability company as provided by its governing documents or this code;

(B)  in the case of a nonprofit corporation, a person who has membership rights in the nonprofit corporation under its governing documents;

(C)  in the case of a cooperative association, a member of a nonshare or share association;

(D)  in the case of a nonprofit association, a person who has membership rights in the nonprofit association under its governing documents; or

(E)  in the case of a professional association, a person who has membership rights in the professional association under its governing documents.

(54)  "Membership interest" means a member's interest in an entity. With respect to a limited liability company, the term includes a member's share of profits and losses or similar items and the right to receive distributions, but does not include a member's right to participate in management.

(55)  "Merger" means:

(A)  the division of a domestic entity into two or more new domestic entities or other organizations or into a surviving domestic entity and one or more new domestic or foreign entities or non-code organizations; or

(B)  the combination of one or more domestic entities with one or more domestic entities or non-code organizations resulting in:

(i)  one or more surviving domestic entities or non-code organizations;

(ii)  the creation of one or more new domestic entities or non-code organizations; or

(iii)  one or more surviving domestic entities or non-code organizations and the creation of one or more new domestic entities or non-code organizations.

COPY - DEF AIDS - Page 14 of 70

**(55-a)** "National securities exchange" means an exchange registered as a national securities exchange under Section 6, Securities Exchange Act of 1934 (*15 U.S.C. Section 78f*).

**(56)** "Non-code organization" means an organization other than a domestic entity.

**(56-a)** "Non-United States entity" means a foreign entity formed under, and the internal affairs of which are governed by, the laws of a non-United States jurisdiction.

**(56-b)** "Non-United States jurisdiction" means a foreign country or other foreign jurisdiction that is not the United States or a state of the United States.

**(57)** "Nonfiling entity" means a domestic entity that is not a filing entity. The term includes a domestic general partnership and nonprofit association.

**(58)** "Nonprofit association" means an association governed as a nonprofit association under Chapter 252.

**(59)** "Nonprofit corporation" means a corporation governed as a nonprofit corporation under Chapter 22.

**(60)** "Nonprofit entity" means an entity that is a nonprofit corporation, nonprofit association, or other entity that is organized solely for one or more of the purposes specified by Section 2.002.

**(61)** "Officer" means an individual elected, appointed, or designated as an officer of an entity by the entity's governing authority or under the entity's governing documents.

**(62)** "Organization" means a corporation, limited or general partnership, limited liability company, business trust, real estate investment trust, joint venture, joint stock company, cooperative, association, bank, insurance company, credit union, savings and loan association, or other organization, regardless of whether the organization is for-profit, nonprofit, domestic, or foreign.

**(63)** "Owner," for purposes of Title 1, 7, or 8, means:

    **(A)** with respect to a foreign or domestic for-profit corporation or real estate investment trust, a shareholder;

    **(B)** with respect to a foreign or domestic partnership, a partner;

SUPP DEF AIDS - Page 15 of 70

Tex. Business Organizations Code § 1.002

(C)  with respect to a foreign or domestic limited liability company or professional association, a member; or

(D)  with respect to another foreign or domestic entity, an owner of an equity interest in that entity.

(63-a)  "Owner liability" means personal liability for a liability or other obligation of an organization that is imposed on a person:

(A)  by statute solely because of the person's status as an owner or member of the organization; or

(B)  by a governing document of an organization under a provision of this code or the law of the organization's jurisdiction of formation that authorizes the governing document to make one or more specified owners or members of the organization liable in their capacity as owners or members for all or specified liabilities or other obligations of the organization.

(64)  "Ownership interest" means an owner's interest in an entity. The term includes the owner's share of profits and losses or similar items and the right to receive distributions. The term does not include an owner's right to participate in management.

(65)  "Parent" means an organization that, directly or indirectly through or with one or more of its subsidiaries:

(A)  owns at least 50 percent of the outstanding ownership or membership interests of another organization; or

(B)  possesses at least 50 percent of the voting power of the owners or members of another organization.

(66)  "Partner" means a limited partner or general partner.

(67)  "Partnership" means an entity governed as a partnership under Title 4.

(68)  "Partnership interest" means a partner's interest in a partnership. The term includes the partner's share of profits and losses or similar items and the right to receive distributions. The term does not include a partner's right to participate in management.

Tex. Business Organizations Code § 1.002

**(69)** "Party to the merger" means a domestic entity or non-code organization that under a plan of merger is divided or combined by a merger. The term does not include a domestic entity or non-code organization that is not to be divided or combined into or with one or more domestic entities or non-code organizations, regardless of whether ownership interests of the entity are to be issued under the plan of merger.

**(69-a)** "Period of duration," in reference to when a domestic entity is required to wind up its business and affairs:

  **(A)** means:

    **(i)** a specified term or period of time, such as a specified number of months or years; or

    **(ii)** a period that expires as of a specified time or date; and

  **(B)** does not include:

    **(i)** a period that expires or whose expiration is made contingent on the occurrence of a future event or fact, other than the passage of time or the occurrence of a specified time or date; or

    **(ii)** a period specified to be perpetual.

**(69-b)** "Person" means an individual or a corporation, partnership, limited liability company, business trust, trust, association, or other organization, estate, government or governmental subdivision or agency, or other legal entity, or a protected series or registered series of a domestic limited liability company or foreign entity.

**(69-c)** "Plan of conversion" means a document that conforms with the requirements of Section 10.103.

**(69-d)** "Plan of exchange" means a document that conforms with the requirements of Section 10.052.

**(69-e)** "Plan of merger" means a document that conforms with the requirements of Sections 10.002 and 10.003.

**(70)** "President" means the:

COPY DEFTAIDS - Page 17 of 70

(A)  individual designated as president of an entity under the entity's governing documents; or

(B)  officer or committee of persons authorized to perform the functions of the principal executive officer of an entity without regard to the designated name of the officer or committee.

(71)  "Professional association" has the meaning assigned by Section 301.003.

(72)  "Professional corporation" has the meaning assigned by Section 301.003.

(73)  "Professional entity" has the meaning assigned by Section 301.003.

(74)  "Professional individual" has the meaning assigned by Section 301.003.

(75)  "Professional limited liability company" has the meaning assigned by Section 301.003.

(76)  "Professional service" has the meaning assigned by Section 301.003.

(77)  "Property" includes tangible and intangible property and an interest in that property.

(77-a)  "Protected series" means a series of a domestic limited liability company that is established as a protected series in accordance with Section 101.602.

(78)  "Real estate investment trust" means an entity governed as a real estate investment trust under Title 5.

(78-a)  "Registered series" means a series of a domestic limited liability company that is formed as a registered series in accordance with Section 101.602.

(79)  "Secretary" means the:

(A)  individual designated as secretary of an entity under the entity's governing documents; or

(B)  officer or committee of persons authorized to perform the functions of secretary of an entity without regard to the designated name of the officer or committee.

COPY DEF AIDS - Page 18 of 70

Tex. Business Organizations Code § 1.002

**(79-a)** "Series," with respect to a limited liability company, means a designated series of members, managers, membership interests, or assets that is a protected series or a registered series, or that is neither a protected series nor a registered series.

**(80)** "Share" means a unit into which the ownership interest in a for-profit corporation, professional corporation, real estate investment trust, or professional association is divided, regardless of whether the share is certificated or uncertificated.

**(81)** "Shareholder" or "holder of shares" means:

    **(A)** the person in whose name shares issued by a for-profit corporation, professional corporation, or real estate investment trust are registered in the share transfer records maintained by or on behalf of the for-profit corporation, professional corporation, or real estate investment trust; or

    **(B)** the beneficial owner of shares issued by a for-profit corporation, whose shares are held in a voting trust or by a nominee on the beneficial owner's behalf, to the extent of the rights granted by a nominee statement on file with the for-profit corporation in accordance with Sections 21.201(b) and (c).

**(82)** "Signature" means any symbol executed or adopted by a person with present intention to authenticate a writing. Unless the context requires otherwise, the term includes a digital signature, an electronic signature, and a facsimile of a signature.

**(82-a)** "Social purposes" means one or more purposes of a for-profit corporation that are specified in the corporation's certificate of formation and consist of promoting one or more positive impacts on society or the environment or of minimizing one or more adverse impacts of the corporation's activities on society or the environment. Those impacts may include:

    **(A)** providing low-income or underserved individuals or communities with beneficial products or services;

    **(B)** promoting economic opportunity for individuals or communities beyond the creation of jobs in the normal course of business;

    **(C)** preserving the environment;

    **(D)** improving human health;

COPY DEF AIDS - Page 19 of 70

Tex. Business Organizations Code § 1.002

(E)  promoting the arts, sciences, or advancement of knowledge;

(F)  increasing the flow of capital to entities with a social purpose; and

(G)  conferring any particular benefit on society or the environment.

(83)  "Subscriber" means a person who agrees with or makes an offer to an entity to purchase by subscription an ownership interest in the entity.

(84)  "Subscription" means an agreement between a subscriber and an entity, or a written offer made by a subscriber to an entity before or after the entity's formation, in which the subscriber agrees or offers to purchase a specified ownership interest in the entity.

(85)  "Subsidiary" means an organization for which another organization, either directly or indirectly through or with one or more of its other subsidiaries:

(A)  owns at least 50 percent of the outstanding ownership or membership interests of the organization; or

(B)  possesses at least 50 percent of the voting power of the owners or members of the organization.

(86)  "Treasurer" means the:

(A)  individual designated as treasurer of an entity under the entity's governing documents; or

(B)  officer or committee of persons authorized to perform the functions of treasurer of an entity without regard to the designated name of the officer or committee.

(87)  "Uncertificated ownership interest" means an ownership interest in a domestic entity that is not represented by an instrument and is transferred by:

(A)  amendment of the governing documents of the entity; or

(B)  registration on books maintained by or on behalf of the entity for the purpose of registering transfers of ownership interests.

(88)  "Vice president" means the:

COPY DEF AIDS - Page 20 of 70

(A)  individual designated as vice president of an entity under the governing documents of the entity; or

(B)  officer or committee of persons authorized to perform the functions of the president of the entity on the death, absence, or resignation of the president or on the inability of the president to perform the functions of office without regard to the designated name of the officer or committee.

(89)  "Writing" or "written" means an expression of words, letters, characters, numbers, symbols, figures, or other textual information that is inscribed on a tangible medium or that is stored in an electronic or other medium that is retrievable in a perceivable form.  Unless the context requires otherwise, the term:

(A)  includes stored or transmitted electronic data, electronic transmissions, and reproductions of writings;  and

(B)  does not include sound or video recordings of speech other than transcriptions that are otherwise writings.

# History

Enacted by *Acts 2003, 78th Leg., ch. 182 (H.B. 1156), § 1*, effective January 1, 2006; am. *Acts 2005, 79th Leg., ch. 64 (H.B. 1319), § 1*, effective January 1, 2006; am. *Acts 2007, 80th Leg., ch. 688 (H.B. 1737), § 1*, effective September 1, 2007; am. *Acts 2007, 80th Leg., ch. 885 (H.B. 2278), § 2.07*, effective April 1, 2009; am. *Acts 2009, 81st Leg., ch. 84 (S.B. 1442), § 1*, effective September 1, 2009; am. *Acts 2011, 82nd Leg., ch. 139 (S.B. 748), § 1*, effective September 1, 2011; am. *Acts 2013, 83rd Leg., ch. 100 (S.B. 849), § 1*, effective September 1, 2013; *Acts 2015, 84th Leg., ch. 32 (S.B. 860), § 1*, effective September 1, 2015; *Acts 2017, 85th Leg., ch. 74 (S.B. 1517), § 1*, effective September 1, 2017; *Acts 2017, 85th Leg., ch. 503 (H.B. 2856), § 1*, effective June 1, 2018; *Acts 2019, 86th Leg., ch. 658 (S.B. 1859), § 1*, effective September 1, 2019; 2021, 87th Leg., S.B. 1203, § 1, effective September 1, 2021; 2021, 87th Leg., S.B. 1523, § 10, effective June 1, 2022.

Annotations

COPY DEF AIDS - Page 21 of 70

Tex. Business Organizations Code § 1.002

# Notes

---

STATUTORY NOTES

Revisor's Notes

**Subsection (1):** The revised law adopts the definition of "affiliate" from the Federal Securities Act of 1933, as amended. The definition is substantively the same as in the source law, which was also derived from the same federal law.

**Subsection (2):** No substantive change is intended. Paragraph (A)(ii) has been reformed to eliminate the use of the phrase "beneficial owner," which may be confused with the defined term "owner."

**Subsection (3):** The revised law uses this new term in Title 1 to denote those entities governed as an association under Title 6 or 7.

**Subsection (4):** The term "assumed name" is introduced in the revised law for clarification and as a means to cross-reference Chapter 36 [71], Business & Commerce Code.

**Subsection (5):** No substantive change is intended.

**Subsection (6):** Under the revised law, a "filing entity" is formed by filing a "certificate of formation," which replaces the existing articles of incorporation, articles of organization, certificate of limited partnership, or similar document under the source law.

**Subsection (7):** The term "certificated ownership interest" is introduced in the revised law to make generally applicable to for-profit domestic entities the certificated share provisions found in Subchapter E of Chapter 3. The use of the term "certificated" in connection with particular types of ownership interests throughout the code should have a similar meaning.

**Subsection (8):** No substantive change is intended.

**Subsection (9):** No substantive change is intended.

**Subsection (10):** No substantive change is intended.

Kathryn Magan

**Subsection (11):** No substantive change is intended.

**Subsection (12):** No substantive change is intended.

**Subsection (13):** No substantive change is intended. The revised law uses this term in Title 1 to denote entities governed by Chapter 251.

**Subsection (14):** No substantive change is intended. The revised law uses this term in Title 1 to denote entities governed as a corporation under Title 2 or 7.

**Subsection (15):** No substantive change is intended.

**Subsection (16):** No substantive change is intended.

**Subsection (17):** No substantive change is intended. If an entity is formed under the code, Sections 1.101 and 1.103 of the code provide that its internal affairs will be governed by the code.

**Subsection (18):** This key term is introduced into the revised law to denote those types of entities that are formed under or the internal affairs of which are governed by the code. It is derived from the same terms from which the definition of "domestic" is derived.

**Subsection (19):** Not all domestic entities provide to their owners the rights of dissent and appraisal in connection with a fundamental business transaction. An entity that provides to its owners such rights is referred to in the revised law as a "domestic entity subject to dissenters' rights." Those entities that provide rights of dissent and appraisal are identified in the specific titles governing the entities and in Subchapter H, Chapter 10.

**Subsection (20):** This new term is used in Title 8 of the revised law setting forth transition and miscellaneous provisions.

**Subsection (21):** In the revised law, one subset of an "organization" is an "entity," which is defined to be either a "domestic entity" or a "foreign entity." This new definition permits simplifications in Title 1.

**Subsection (22):** In the revised law, the universe of "domestic entities" is further divided into "filing entities" and "nonfiling entities." A "filing entity" includes a domestic corporation, limited

COPY DEF AIDS - Page 23 of 70

Tex. Business Organizations Code § 1.002

partnership, limited liability company, professional association, professional corporation, cooperative, or real estate investment trust. These entities require a filing with the secretary of state or a county clerk's office as a condition to formation.

**Subsection (23):** The revised law introduces a new term that covers generically all types of documents, instruments, or statements that are filed with a filing officer under the code. This new term simplifies the revised law.

**Subsection (24):** The revised law introduces a new generic term to denote the office where filing instruments are filed for different types of entities. This new term simplifies the revised law.

**Subsection (25):** No substantive change is intended. The revised law uses this term in Title 1 to denote entities governed as a for-profit corporation under Chapter 21.

**Subsection (26):** This new term is defined negatively by reference to nonprofit entities. The universe of "entities" is divided into "for-profit entities" and "nonprofit entities." This new definition permits simplifications in Title 1 of the code.

**Subsection (27):** No substantive change is intended. If an entity is formed under the laws of another jurisdiction, Sections 1.102 and 1.103 of the code provide that its internal affairs will be governed by those laws and not the laws of Texas.

**Subsection (28):** This key term is introduced into the revised law to denote those types of organizations that are formed under or the internal affairs of which are governed by the laws of a jurisdiction other than Texas. It is derived from the same terms from which the definition of "foreign" is derived.

**Subsection (29):** A "foreign filing entity" is a foreign entity that is required to register under the code to transact business in Texas.

**Subsection (30):** The revised law introduces this new generic term to refer to all types of foreign governmental officials, agencies, or instrumentalities. This new term simplifies the revised law.

**Subsection (31):** This new term is defined negatively by reference to foreign filing entities. The universe of "foreign entities" is divided into "foreign filing entities" and "foreign nonfiling entities." This new definition permits simplifications in Title 1 of the code.

Tex. Business Organizations Code § 1.002

**Subsection (32):** The term "fundamental business transaction" is new and means a merger, interest exchange, conversion, or sale of all or substantially all of an entity's assets. This definition is somewhat similar to the definition of "business combination" contained in Art. 13.02.A(4), Texas Business Corporation Act.

**Subsection (33):** No substantive change is intended. New Paragraph (A) is added to the revised law to make clear that partners in general partnerships are all general partners. This was implicit in the Texas Revised Partnership Act.

**Subsection (34):** No substantive change is intended. The addition of the word "general" to this term is needed in Title 1 of the revised law to distinguish this kind of partnership from a limited partnership also governed under Title 4.

**Subsection (35):** This new generic term permits simplifications in Title 1 of the revised law. The term encompasses the person or group of persons who are entitled to manage and direct the affairs of an entity under the revised law and the governing documents of the entity.

**Subsection (36):** This new generic term permits simplifications in Title 1 of the revised law and encompasses the certificate of formation and the other documents or agreements adopted by the entity to govern the formation or internal affairs of the entity. Similarly, for a foreign entity, the instruments, documents, and agreements that govern its formation or internal affairs constitute its "governing documents." For a corporation, the term means the certificate of formation, bylaws, and, if the corporation is managed by shareholders, the shareholders' agreement. For a general partnership, the term means the partnership agreement. For a limited partnership, the term means the certificate of formation and the limited partnership agreement. For a limited liability company, the term means the certificate of formation and the company agreement.

**Subsection (37):** This new generic term in the revised law encompasses all of the different types of persons who serve as part of the "governing authority." See the revisor's note to "governing authority" above.

**Subsection (38):** This new definition clarifies the meaning of this term when used in the code.

**Subsection (39):** No substantive change is intended.

Tex. Business Organizations Code § 1.002

**Subsection (40):** This new term is simply the adjective form of the noun "insolvency" and is defined in the same manner.

**Subsection (41):** This new term in the revised law refers to a specific type of fundamental business transaction. The term "interest exchange" is similar to the term "share exchange" as used in the Texas Business Corporation Act but applies to exchanges of membership or ownership interests in all domestic entities.

**Subsection (42):** No substantive change is intended. This new definition clarifies the meaning of this term when used in the revised law.

**Subsection (43):** This definition permits the revised law to reference in a simple manner the jurisdictional law governing an entity, domestic or foreign. The term "jurisdiction of formation" refers to the jurisdiction in which a filing entity's certificate of formation is filed. In the case of nonfiling entities, "jurisdiction of formation" means the jurisdiction chosen in the entity's governing documents to govern its internal affairs if the jurisdiction bears a reasonable relation to the owners or members or to the nonfiling entity's affairs under contract law principles or otherwise the jurisdiction in which the entity has its chief executive office.

**Subsection (44):** No substantive change is intended. This new definition clarifies the meaning of this term when used in the revised law.

**Subsection (45):** This new term in the revised law permits simplifications in Title 1 and Title 7.

**Subsection (46):** No substantive change is intended.

**Subsection (47):** This new term in the revised law is added to refer to a limited partnership that is also a limited liability partnership. This type of entity is similarly named in the laws of many other states.

**Subsection (48):** Existing law refers to "registered limited liability partnerships." The word "registered" is unnecessary and has been removed throughout the revised law when referring to limited liability partnerships. Removal follows the trend in the laws of other states.

**Subsection (49):** No substantive change is intended.

COPY DEFAIDS - Page 26 of 70

Tex. Business Organizations Code § 1.002

**Subsection (50):** No substantive change is intended. The revised law uses this term in Title 1 to denote entities governed as limited partnerships under Title 4.

**Subsection (51):** The revised law uses this term in Title 1 to denote the governing persons of a limited liability company that is not managed by its members.

**Subsection (52):** This new generic term permits simplifications in the revised law. A "managerial official" is an officer or a governing person.

**Subsection (53):** The generic term "member" has essentially the same meaning in the revised law as the source law. The term refers to those persons who are members or have membership rights in various types of nonprofit entities and in certain types of for-profit entities. See the revisor's note to "owner" below.

**Subsection (54):** The generic term "membership interest" is derived from the Texas Limited Liability Company Act, where it is used extensively without explicit definition. The term, in the revised law, is extended in application to other entities that have "members." See the revisor's note to "owner" below.

**Subsection (55):** No substantive change is intended.

**Subsection (56):** The term "non-code organization" is derived from the term "other entity" in the source law. It is used primarily in the definition of "merger" and in Chapter 10. The term "other entity" could not be used in the revised law due to the potential for confusion with the term "entity," as used in the revised law. The term includes Texas banks and insurance companies as well as foreign organizations.

**Subsection (57):** This new term is defined negatively by reference to a filing entity. See the revisor's note to "filing entity." The term "nonfiling entity" includes general partnerships and nonprofit associations. These entities do not require formal filings for their formation.

**Subsection (58):** This definition cross-references to the term as defined in Chapter 252.

**Subsection (59):** This definition cross-references to the term as defined in Chapter 22.

**Subsection (60):** The universe of entities is divided into "for-profit entities" and "nonprofit entities." A "nonprofit entity" is an entity that is organized solely for one or more of the nonprofit

SUPP DEF AIDS - Page 27 of 70

or charitable purposes specified in Section 2.002 and includes a nonprofit corporation and nonprofit association.

**Subsection (61):** The term "officer" is used extensively in existing Texas statutes without any explicit definition. The revised law supplies a definition of the term, which is implicit in the existing statutes.

**Subsection (62):** The new term "organization" is intended to refer in the broadest sense to any kind of entity or organization regardless of jurisdiction of formation or purpose. "Organizations" formed under Texas law other than the code, for example banks and insurance companies, are neither domestic entities nor foreign entities.

**Subsection (63):** This new generic term permits easy reference in Titles 1, 7, and 8 of the code to the owners of different types of for-profit entities. Each entity has either "owners" or "members," which in turn have "ownership interests" or "membership interests," respectively, in the entity. For-profit corporations, real estate investment trusts, and partnerships have "owners," while nonprofit corporations and unincorporated nonprofit associations have "members." Limited liability companies and professional associations have both "members" and "owners," and these terms are used interchangeably for these kinds of entities.

**Subsection (64):** See the revisor's note to "owner" above.

**Subsection (65):** No substantive change is intended. This term permits easy reference to the parent of a subsidiary in the revised law. Examples of the usage of this term are found in Sections 2.104 and 10.006.

**Subsection (66):** No substantive change is intended.

**Subsection (67):** No substantive change is intended. The term "partnership" includes both a general partnership and a limited partnership, which are both governed by Title 4. The term also includes limited liability partnerships by virtue of the definition of that term and the inclusion of that type of entity in the definition of "general partnership."

**Subsection (68):** No substantive change is intended.

SUPP DEF A03 - Page 28 of 70

Tex. Business Organizations Code § 1.002

**Subsection (69):** No substantive change is intended. The language of the revised law is simplified from that of the source law.

**Subsection (70):** No substantive change is intended.

**Subsection (71):** This definition cross-references to the definition of this term in Title 7.

**Subsection (72):** This definition cross-references to the definition of this term in Title 7.

**Subsection (73):** This definition cross-references to the definition of this term in Title 7.

**Subsection (74):** This definition cross-references to the definition of this term in Title 7.

**Subsection (75):** This definition cross-references to the definition of this term in Title 7.

**Subsection (76):** This definition cross-references to the definition of this term in Title 7.

**Subsection (77):** No substantive change is intended.

**Subsection (78):** No substantive change is intended. This definition cross-references to the definition of this term in Title 5.

**Subsection (79):** No substantive change is intended.

**Subsection (80):** No substantive change is intended. Although the definition of this term is taken from the Texas Business Corporation Act, it is also used in the Texas Real Estate Investment Trust Act, Texas Professional Corporation Act, and Texas Professional Association Act with the same meaning. The Texas Business Corporation Act is incorporated as supplemental law into the Texas Real Estate Investment Trust Act, Texas Professional Corporation Act, and Texas Professional Association Act.

**Subsection (81):** No substantive change is intended. Although the definition of the term is taken from the Texas Business Corporation Act, it is also used in the Texas Real Estate Investment Trust Act with the same meaning. The Texas Business Corporation Act is incorporated as supplemental law into the Texas Real Estate Investment Trust Act. The Texas Professional Association Act uses the term "members" instead of "shareholders"; therefore, the definition does not apply to professional associations under the code.

Kathryn Magan

COPY - DEFAIDS - Page 29 of 70

Tex. Business Organizations Code § 1.002

**Subsection (82):** The revised law has modernized and clarified current definitions of "signature" to include digital, as well as electronic and facsimile, signatures by defining "signature" to mean any symbol executed or adopted by a person with present intention to authenticate a writing and include a digital signature, an electronic signature, and a facsimile of such. It is derived from the Uniform Electronic Transactions Act, the Texas Miscellaneous Corporation Laws Act, the Texas Revised Limited Partnership Act, the Texas Revised Partnership Act, the Code Construction Act, and the Information Resources Management Act. This definition enables electronic filings. The term "electronic signature" in this definition should be construed to have the meaning assigned to it in the Uniform Electronic Transactions Act, *Section 43.002(8), Business & Commerce Code*. The term "digital signature" in this definition should be construed to have the meaning assigned to it in *Section 2054.060(e)(1), Government Code*.

**Subsection (83):** The revised definition of "subscriber" clarifies that the term also includes a person who agrees to purchase. Often, the entity makes the offer to sell an ownership interest and the subscriber accepts the offer. The source law depended on the offer being made by the person purchasing the ownership interest.

**Subsection (84):** The revised definition of "subscription" clarifies that the term also includes an agreement to purchase an ownership interest. See the revisor's note to "subscriber" above.

**Subsection (85):** No substantive change is intended. Examples of the usage of this term are found in Sections 2.104 and 10.006.

**Subsection (86):** No substantive change is intended.

**Subsection (87):** The revised law adds a new phrase, "uncertificated ownership interest," to mean those ownership interests in domestic entities that are not represented by an instrument and are transferred either by amendment of the governing documents or by registration on books maintained for that purpose. The use of the term "uncertificated" in connection with particular types of ownership interests throughout the code should have a similar meaning.

**Subsection (88):** No substantive change is intended.

**Subsection (89):** The terms "writing" and "written" are defined in a manner that parallels the definition of "record" in the Uniform Electronic Transactions Act and is consistent with other

Case 21-04071-elm Doc 44-8 Filed 03/29/22    Entered 03/29/22 13:06:59    Page 30 of 70
COPY DELPAIDS - Page 30 of 70
Page 26 of 38

Tex. Business Organizations Code § 1.002

provisions in the Uniform Electronic Transactions Act, the Government Code, and the Business & Commerce Code. Consequently, these terms are modernized and clarified to encompass textual information stored in an electronic or other medium that is retrievable in a perceivable form, and include electronic data and transmissions and reproductions of writings. These terms do not include sound or video recordings.

## Amendment Notes

**2005 amendment,** added (20-a); added "other than a foreign limited liability partnership," in (29); added "a general partnership registered as" in (34); added "that is," "and that has one or more general partners and one or more limited partners," and "a limited partnership registered as a" in (50); and, in (89)(A), substituted "electronic transmissions" for "and transmissions" and made related changes.

**2007 amendment,** by ch. 688, in (43)(B), substituted "foreign entity for which a certificate of formation or similar organizational instrument is filed in connection with its formation" for "foreign filing entity"; in (43)(C) substituted "domestic nonfiling entity or a foreign entity for which a certificate of formation or similar organizational instrument is not filed in connection with its formation" for "foreign or domestic nonfiling entity"; deleted "domestic or foreign nonfiling" before "entity's business and affairs" in (43)(C)(i); and added (69-a) and (69-b).

**2007 amendment,** by ch. 885, updated the chapter reference in (4).

**2009 amendment,** substituted "non-code organization" for "foreign entity" in (10)(A) and (10)(B); added (10)(D) and (10)(E); substituted "organization" for "entity" or variants in (11) and three times in (12); added (56-a) and (56-b); added the (81)(A) designation; and added (81)(B).

**2011 amendment,** added (55-a), (69-c), (69-d), and (69-e); and rewrote (69-b), which read: "'Person' has the meaning assigned by Section 311.005, Government Code."

**2013 amendment,** added (82-a).

**2015 amendment,** added (63-a).

**2017 amendment by H.B. 2856, § 1,** added (21-a), added "consent" following "document" in (23), and made a related change.

COPY DE PAIDS - Page 31 of 70

*Tex. Business Organizations Code § 11.001*

This document is current through the 2021 Regular Session of the 87th legislature, 2021 1st, 2nd and 3rd Called Sessions, and is current with the 2021 ballot proposition contingencies.

*Texas Statutes & Codes Annotated by LexisNexis® > Business Organizations Code > Title 1 General Provisions (Chs. 1 — 12) > Chapter 11 Winding Up and Termination of Domestic Entity (Subchs. A — I) > Subchapter A General Provisions (§ 11.001)*

## Sec. 11.001. Definitions.

In this chapter:

(1) "Claim" means a right to payment, damages, or property, whether liquidated or unliquidated, accrued or contingent, matured or unmatured.

(2) "Event requiring a winding up" or "event requiring winding up" means an event specified by Section 11.051.

(3) "Existing claim" with respect to an entity means:

(A) a claim that existed before the entity's termination and is not barred by limitations; or

(B) a claim that exists after the entity's termination and before the third anniversary of the date of the entity's termination and is not barred by limitations, including a claim under a contractual or other obligation incurred after termination.

(4) "Terminated entity" means a domestic entity the existence of which has been:

(A) terminated in a manner authorized or required by this code, unless the entity has been reinstated in the manner provided by this code; or

(B) forfeited pursuant to the Tax Code, unless the forfeiture has been set aside.

(5) "Terminated filing entity" means a terminated entity that is a filing entity.

COPY DEF AIDS - Page 32 of 70

Tex. Business Organizations Code § 11.001

(6)  "Voluntary decision to wind up" means the determination to wind up a domestic entity made by the domestic entity or the owners, members, or governing authority of the domestic entity in the manner specified by:

    (A)  the title of this code governing the domestic entity; or

    (B)  if applicable to the domestic entity, Section 11.057(a) or (b) or 11.058(a).

(7)  "Voluntary winding up" means winding up as a result of a voluntary decision to wind up.

(8)  "Winding up" means the process of winding up the business and affairs of a domestic entity as a result of the occurrence of an event requiring winding up.

## History

Enacted by *Acts 2003, 78th Leg., ch. 182 (H.B. 1156), § 1*, effective January 1, 2006; am. *Acts 2007, 80th Leg., ch. 688 (H.B. 1737), § 60*, effective September 1, 2007; *Acts 2015, 84th Leg., ch. 32 (S.B. 860), § 18*, effective September 1, 2015; 2021, 87th Leg., S.B. 1203, § 17, effective September 1, 2021.

Annotations

## Notes

STATUTORY NOTES

Revisor's Notes

Section 11.001 defines terms used in the chapter. Existing terminology and processes for the termination of the existence of a corporation and partnership vary. For example, a corporation's business and affairs are "liquidated" before the formal filing effecting a "dissolution," whereas a limited partnership's business and affairs are "wound up" after the occurrence of an event resulting in "dissolution." The code standardizes the language and processes relating to the winding up and termination of all domestic entities; however, Chapter 11 does not apply to

SUPP DEF AIDS - Page 33 of 70

unincorporated nonprofit associations by virtue of Section 252.017. Because most of Chapter 11 is derived from the Texas Business Corporation Act and Texas Non-Profit Corporation Act, it does not represent a material change for entities whose source governing laws incorporate the Texas Business Corporation Act or Texas Non-Profit Corporation Act by reference, such as the Texas Professional Corporation Act, Texas Professional Association Act, Cooperative Association Act, Texas Real Estate Investment Trust Act, and Texas Limited Liability Company Act.

Chapter 11 uses the term "terminated entity" to refer to a domestic entity whose legal existence has come to an end, either voluntarily or involuntarily. This generic term replaces the term "dissolved corporation" from the source law. The definition of "terminated entity" refers generally to the termination of existence of the entity instead of attempting to list all the different methods of dissolving an entity as found in the source law. The revised law also introduces the term "terminated filing entity," which is a terminated entity that was a filing entity.

The term "winding up" is used in the revised law to refer to the liquidation and termination process. New definitions of "voluntary winding up" and "voluntary decision to wind up" are introduced in the revised law to simplify many of the subsequent provisions in the revised law that relate to a voluntary determination by a domestic entity to wind up. In addition, a key new definition of "event requiring a winding up" is added through a cross-reference to Section 11.051. This definition also permits subsequent sections of the revised law to contain simplified language.

Amendment Notes

**2007 amendment,** added "or 'event requiring winding up'" in (2); redesignated part of former (6) as (6)(A); and added (6)(B).

**2015 amendment,** deleted "against the entity" after "a claim" in (3)(A).

**The 2021 amendment** rewrote (3)(B), which formerly read: "a contractual obligation incurred after termination."

## Notes to Decisions

SUPP DEFAIDS - Page 34 of 70

## *Tex. Business Organizations Code § 11.201*

This document is current through the 2021 Regular Session of the 87th legislature, 2021 1st, 2nd and 3rd Called Sessions, and is current with the 2021 ballot proposition contingencies.

*Texas Statutes & Codes Annotated by LexisNexis® > Business Organizations Code > Title 1 General Provisions (Chs. 1 — 12) > Chapter 11 Winding Up and Termination of Domestic Entity (Subchs. A — I) > Subchapter E Reinstatement of Terminated Entity (§§ 11.201 — 11.206)*

## Sec. 11.201. Conditions for Reinstatement.

(a)  A terminated entity may be reinstated under this subchapter if:

(1)  the termination was by mistake or inadvertent;

(2)  the termination occurred without the approval of the entity's governing persons when their approval is required by the title of this code governing the terminated entity;

(3)  the process of winding up before termination had not been completed by the entity; or

(4)  the legal existence of the entity is necessary to:

(A)  convey or assign property;

(B)  settle or release a claim or liability;

(C)  take an action; or

(D)  sign an instrument or agreement.

(b)  A terminated entity may not be reinstated under this section if the termination occurred as a result of:

(1)  an order of a court or the secretary of state;

(2)  an event requiring winding up that is specified in the title of this code governing the terminated entity, if that title prohibits reinstatement; or

Kathryn Magan

(3) forfeiture under the Tax Code.

# History

Enacted by *Acts 2003, 78th Leg., ch. 182 (H.B. 1156), § 1*, effective January 1, 2006.

Annotations

# Notes

STATUTORY NOTES

Revisor's Notes

Subchapter E permits a terminated entity to reinstate its status if one of the conditions in Section 11.201(a) exists, if such action is approved by its owners, members, or governing persons, and if a certificate of reinstatement is filed under Section 11.202 with the filing officer before the third anniversary of the entity's termination. (The three-year period is similar to the period set forth in the Texas Business Corporation Act and Texas Limited Liability Company Act provisions relating to an entity's survival for certain limited purposes after dissolution.) *Article 6.05, Texas Business Corporation Act*, permits a for-profit corporation to revoke a voluntary dissolution by action of its shareholders within 120 days of the filing of the certificate of dissolution. Subsection (a) of the revised law imposes conditions to reinstatement in an effort to provide a standardized provision that is fair for all filing entities. The conditions are intended to prevent unfair or unintentional consequences. Although the revised law is new for most entities, the reinstatement rights provided in the revised law parallel the entity survival provisions of Sections 11.356 and 11.357 and have several similar conditions for applicability. Sections 11.356 and 11.357 are derived from the Texas Business Corporation Act, Texas Non-Profit Corporation Act, and Texas Limited Liability Company Act. Thus, the revised law provides symmetry and consistency in application of provisions.

Texas Statutes & Codes Annotated by LexisNexis®

Kathryn Magan

SUPP DEF AIDS - Page 36 of 70

## *Tex. Business Organizations Code § 11.253*

This document is current through the 2021 Regular Session of the 87th legislature, 2021 1st, 2nd and 3rd Called Sessions, and is current with the 2021 ballot proposition contingencies.

*Texas Statutes & Codes Annotated by LexisNexis® > Business Organizations Code > Title 1 General Provisions (Chs. 1 — 12) > Chapter 11 Winding Up and Termination of Domestic Entity (Subchs. A — I) > Subchapter F Involuntary Termination of Filing Entity By Secretary of State (§§ 11.251 — 11.254)*

## Sec. 11.253. Reinstatement by Secretary of State After Involuntary Termination.

**(a)** The secretary of state shall reinstate a filing entity that has been involuntarily terminated under this subchapter if the entity files a certificate of reinstatement in accordance with Chapter 4 and:

> **(1)** the entity has corrected the circumstances that led to the involuntary termination and any other circumstances that may exist of the types described by Section 11.251(b), including the payment of fees, interest, or penalties; or

> **(2)** the secretary of state finds that the circumstances that led to the involuntary termination did not exist at the time of termination.

**(b)** A certificate of reinstatement filed under Subsection (a) must contain:

> **(1)** the name of the filing entity;

> **(2)** the filing number assigned by the filing officer to the entity;

> **(3)** the effective date of the involuntary termination;

> **(4)** a statement that the circumstances giving rise to the involuntary termination have been corrected; and

> **(5)** the name of the entity's registered agent and the address of the entity's registered office.

**(c)** A certificate of reinstatement must be accompanied by:

SUPP DEF AIDS - Page 35 of 70

Tex. Business Organizations Code § 11.253

(1)  each amendment to the entity's certificate of formation that is required by intervening events, including circumstances requiring an amendment to the filing entity's name as described in Section 11.203; and

(2)  a tax clearance letter from the comptroller stating that the filing entity has satisfied all franchise tax liabilities and may be reinstated, if the filing entity is a taxable entity under Chapter 171, Tax Code, other than a nonprofit corporation.

(d)  If a filing entity is reinstated before the third anniversary of the date of its involuntary termination, the entity is considered to have continued in existence without interruption from the date of termination. The reinstatement shall have no effect on any issue of personal liability of the governing persons, officers, or agents of the filing entity during the period between termination and reinstatement.

## History

Enacted by *Acts 2003, 78th Leg., ch. 182 (H.B. 1156), § 1*, effective January 1, 2006; am. *Acts 2009, 81st Leg., ch. 84 (S.B. 1442), § 24*, effective September 1, 2009.

Annotations

## Notes

STATUTORY NOTES

Revisor's Notes

Section 11.253 permits the reinstatement of an involuntarily terminated entity on the correction of the circumstances that led to the termination and the filing of a certificate of reinstatement. The source laws, other than the Texas Revised Limited Partnership Act, require an involuntarily dissolved entity to make its application for reinstatement within 36 months. The revised law permits reinstatement at any time in a manner similar to reinstatement procedures under the Tax Code after a forfeiture for nonpayment of taxes and similar to the Texas Revised Limited

SUPP DEFAIDS - Page 38 of 70

Partnership Act. The Tax Code and the Texas Revised Limited Partnership Act do not restrict the time within which an entity can reinstate. Thus, the lack of a time limit is not new for limited partnerships. However, although Section 11.253 eliminates the time restrictions for reinstatement found in the Texas Non-Profit Corporation Act and Texas Business Corporation Act, an involuntarily terminated entity is considered to have continued in existence without interruption from the date of termination only when the certificate of reinstatement is filed before the third anniversary of its involuntary termination. The retroactive effect is contained in the Texas Business Corporation Act and Texas Non-Profit Corporation Act for corporations and also applies to limited liability companies under the Texas Limited Liability Company Act. The explicit retroactive effectiveness of the reinstatement in the revised law could be considered a clarification of what is implicit in the Texas Revised Limited Partnership Act.

Existing provisions in the Texas Business Corporation Act, Texas Non-Profit Corporation Act, and Texas Limited Liability Company Act state that the reinstatement has no effect on the personal liability of a governing person, officer, or agent during the period between dissolution and reinstatement.

**Amendment Notes**

**2009 amendment,** added the (c)(1) designation; and added (c)(2).

Texas Statutes & Codes Annotated by LexisNexis®

Copyright © 2022 Matthew Bender & Company, Inc.

a member of the LexisNexis Group. All rights reserved.

---

End of Document

Kathryn Magan

SUPP. DEF. APPX - Page 39 of 70

*Tex. Business Organizations Code § 11.356*

This document is current through the 2021 Regular Session of the 87th legislature, 2021 1st, 2nd and 3rd Called Sessions, and is current with the 2021 ballot proposition contingencies.

*Texas Statutes & Codes Annotated by LexisNexis® > Business Organizations Code > Title 1 General Provisions (Chs. 1 — 12) > Chapter 11 Winding Up and Termination of Domestic Entity (Subchs. A — I) > Subchapter H Claims Resolution On Termination (§§ 11.351 — 11.359)*

## Sec. 11.356. Limited Survival After Termination.

(a)  Notwithstanding the termination of a domestic filing entity under this chapter, the terminated filing entity continues in existence until the third anniversary of the effective date of the entity's termination only for purposes of:

(1)  prosecuting or defending in the terminated filing entity's name an action or proceeding brought by or against the terminated entity;

(2)  permitting the survival of an existing claim by or against the terminated filing entity;

(3)  holding title to and liquidating property that remained with the terminated filing entity at the time of termination or property that is collected by the terminated filing entity after termination;

(4)  applying or distributing property, or its proceeds, as provided by Section 11.053; and

(5)  settling affairs not completed before termination.

(b)  A terminated filing entity may not continue its existence for the purpose of continuing the business or affairs for which the terminated filing entity was formed unless the terminated filing entity is reinstated under Subchapter E.

(c)  If an action on an existing claim by or against a terminated filing entity has been brought before the expiration of the three-year period after the date of the entity's

Kathryn Magan

SUPP DEF AIDS - Page 40 of 70

Tex. Business Organizations Code § 11.356

termination and the claim was not extinguished under Section 11.359, the terminated filing entity continues to survive for purposes of:

(1) the action until all judgments, orders, and decrees have been fully executed; and

(2) the application or distribution of any property of the terminated filing entity as provided by Section 11.053 until the property has been applied or distributed.

## History

Enacted by *Acts 2003, 78th Leg., ch. 182 (H.B. 1156), § 1*, effective January 1, 2006.

Annotations

## Notes

STATUTORY NOTES

Revisor's Notes

No substantive change is intended, other than extending the revised law to cover limited partnerships.

## Notes to Decisions

Business & Corporate Law: Corporations: Dissolution & Receivership: Involuntary Dissolution

Business & Corporate Law: Corporations: Dissolution & Receivership: Termination & Winding Up: Distribution of Assets: Shareholder Rights

Business & Corporate Law: Corporations: Dissolution & Receivership: Termination & Winding Up: Limited Survival

SUPP DEF AD5 - Page 41 of 70

## Tex. Business Organizations Code § 11.359

This document is current through the 2021 Regular Session of the 87th legislature, 2021 1st, 2nd and 3rd Called Sessions, and is current with the 2021 ballot proposition contingencies.

*Texas Statutes & Codes Annotated by LexisNexis® > Business Organizations Code > Title 1 General Provisions (Chs. 1 — 12) > Chapter 11 Winding Up and Termination of Domestic Entity (Subchs. A — I) > Subchapter H Claims Resolution On Termination (§§ 11.351 — 11.400)*

## Sec. 11.359. Extinguishment of Existing Claim.

(a) Except as provided by Subsection (b), an existing claim by or against a terminated filing entity is extinguished unless an action or proceeding is brought on the claim not later than the third anniversary of the date of termination of the entity.

(b) A person's claim against a terminated filing entity may be extinguished before the period prescribed by Subsection (a) if the person is notified under Section 11.358(a) that the claim will be resolved under Section 11.358 and the person:

(1) fails to properly present the claim in writing under Sections 11.358(c) and (d); or

(2) fails to bring an action on a claim rejected under Section 11.358(e) before:

(A) the 180th day after the date the notice rejecting the claim was mailed to the person; and

(B) the third anniversary of the effective date of the entity's termination.

(c) Notwithstanding Subsections (a) and (b), the extinguishment of an existing claim with respect to a terminated filing entity as provided by this section is nullified if:

(1) the filing entity's termination is revoked with retroactive effect under Section 11.153;

(2) the terminated filing entity is reinstated with retroactive effect as provided by Section 11.206;

(3)  the terminated filing entity is reinstated with retroactive effect as provided by Section 11.253(d); or

(4)  the terminated filing entity's certificate of formation is reinstated under the Tax Code with retroactive effect as provided by Section 11.254.

## History

Enacted by *Acts 2003, 78th Leg., ch. 182 (H.B. 1156), § 1*, effective January 1, 2006; 2021, 87th Leg., S.B. 1203, § 20, effective September 1, 2021.

Annotations

## LexisNexis® Notes

## Notes

STATUTORY NOTES

Revisor's Notes

No substantive change is intended, other than extending the revised law to cover limited partnerships.

Amendment Notes

**The 2021 amendment** added (c).

## Case Notes

Business & Corporate Law: Corporations: Dissolution & Receivership: Termination & Winding Up

## Tex. Business Organizations Code § 152.001

This document is current through the 2021 Regular Session of the 87th legislature, 2021 1st, 2nd and 3rd Called Sessions, and is current with the 2021 ballot proposition contingencies.

*Texas Statutes & Codes Annotated by LexisNexis® > Business Organizations Code > Title 4 Partnerships (Chs. 151 — 154) > Chapter 152 General Partnerships (Subchs. A — K) > Subchapter A General Provisions (§§ 152.001 — 152.050)*

## Sec. 152.001. Definitions.

In this chapter:

(1) "Event of withdrawal" or "withdrawal" means an event specified by Section 152.501(b).

(2) "Event requiring a winding up" means an event specified by Section 11.051 or 11.057.

(3) "Foreign limited liability partnership" means a partnership that:

(A) is foreign; and

(B) has the status of a limited liability partnership pursuant to the laws of the jurisdiction of formation.

(4) "Other partnership provisions" means the provisions of Chapters 151 and 154 and Title 1 to the extent applicable to partnerships.

(5) "Transfer" includes:

(A) an assignment;

(B) a conveyance;

(C) a lease;

(D) a mortgage;

(E) a deed;

SUPP DEF AIDS - Page 43 of 70

Tex. Business Organizations Code § 152.001

**(F)** an encumbrance; and

**(G)** the creation of a security interest.

**(6)** "Withdrawn partner" means a partner with respect to whom an event of withdrawal has occurred.

## History

Enacted by *Acts 2003, 78th Leg., ch. 182 (H.B. 1156), § 1*, effective January 1, 2006.

Annotations

## LexisNexis® Notes

## Notes

STATUTORY NOTES

Revisor's Notes

No substantive change is intended.

## Case Notes

Business & Corporate Law: General Partnerships: Formation: Partnership Agreements

Business & Corporate Law: Limited Partnerships: Management Duties & Liabilities

Business & Corporate Law: General Partnerships: Formation: Partnership Agreements

Kathryn Magan

SUPP DEF AB9 - Page 45 of 70

### *Tex. Business Organizations Code § 152.002*

This document is current through the 2021 Regular Session of the 87th legislature, 2021 1st, 2nd and 3rd Called Sessions, and is current with the 2021 ballot proposition contingencies.

*Texas Statutes & Codes Annotated by LexisNexis® > Business Organizations Code > Title 4 Partnerships (Chs. 151 — 154) > Chapter 152 General Partnerships (Subchs. A — K) > Subchapter A General Provisions (§§ 152.001 — 152.005)*

## Sec. 152.002. Effect of Partnership Agreement; Nonwaivable and Variable Provisions.

**(a)** Except as provided by Subsection (b), a partnership agreement governs the relations of the partners and between the partners and the partnership. To the extent that the partnership agreement does not otherwise provide, this chapter and the other partnership provisions govern the relationship of the partners and between the partners and the partnership.

**(b)** A partnership agreement or the partners may not:

(1) unreasonably restrict a partner's right of access to books and records under Section 152.212;

(2) eliminate the duty of loyalty under Section 152.205, except that the partners by agreement may identify specific types of activities or categories of activities that do not violate the duty of loyalty if the types or categories are not manifestly unreasonable;

(3) eliminate the duty of care under Section 152.206, except that the partners by agreement may determine the standards by which the performance of the obligation is to be measured if the standards are not manifestly unreasonable;

(4) eliminate the obligation of good faith under Section 152.204(b), except that the partners by agreement may determine the standards by which the performance of the obligation is to be measured if the standards are not manifestly unreasonable;

SCPP DEFAIDS - Page 45 of 70

(5)  vary the power to withdraw as a partner under Section 152.501(b)(1), (7), or (8), except for the requirement that notice be in writing;

(6)  vary the right to expel a partner by a court in an event specified by Section 152.501(b)(5);

(7)  restrict rights of a third party under this chapter or the other partnership provisions, except for a limitation on an individual partner's liability in a limited liability partnership as provided by this chapter;

(8)  select a governing law not permitted under Sections 1.103 and 1.002(43)(C); or

(9)  except as provided in Subsections (c) and (d), waive or modify the following provisions of Title 1:

  (A)  Chapter 1, if the provision is used to interpret a provision or to define a word or phrase contained in a section listed in this subsection;

  (B)  Chapter 2, other than Sections 2.104(c)(2), 2.104(c)(3), and 2.113;

  (C)  Chapter 3, other than Subchapters C and E of that chapter; or

  (D)  Chapters 4, 5, 10, 11, and 12, other than Sections 11.057(a), (b), (c)(1), (c)(3), (d), and (f).

(c)  A provision listed in Subsection (b)(9) may be waived or modified in a partnership agreement if the provision that is waived or modified authorizes the partnership to waive or modify the provision in the partnership's governing documents.

(d)  A provision listed in Subsection (b)(9) may be waived or modified in a partnership agreement if the provision that is modified specifies:

  (1)  the person or group of persons entitled to approve a modification; or

  (2)  the vote or other method by which a modification is required to be approved.

## History

---

Kathryn Magan

Tex. Business Organizations Code § 152.002

Enacted by *Acts 2003, 78th Leg., ch. 182 (H.B. 1156), § 1*, effective January 1, 2006; am. *Acts 2007, 80th Leg., ch. 688 (H.B. 1737), § 104*, effective September 1, 2007; *Acts 2015, 84th Leg., ch. 23 (S.B. 859), § 3*, effective September 1, 2015.

Annotations

# Notes

STATUTORY NOTES

Revisor's Notes

No substantive change is intended as to Subsection (a) of the revised law. Section 152.002(b) lists certain statutory provisions that cannot be waived or modified by the partners in a partnership agreement and is based on Section 1.03(b), Texas Revised Partnership Act. Section 152.002(b), however, reflects the move of certain provisions of the Texas Revised Partnership Act to Title 1. Specifically, Section 152.002(b)(9) provides that, with certain exceptions, a partnership agreement or the partners may not waive or modify specific chapters in Title 1.

Section 152.002(c) is new and provides that a partnership agreement or the partners may waive or modify a statutory provision listed in Section 152.002(b)(9) if the statutory provision expressly permits a waiver or modification in the partnership's governing documents.

Section 152.002(d) is new and provides that a partnership agreement or the partners may modify a statutory provision listed in Section 152.002(b)(9) to the extent that the statutory provision specifies the persons or group of persons entitled to approve an action of the partnership or the vote or other method by which such an action is to be approved.

Amendment Notes

**2007 amendment,** updated section references in (b)(9)(D).

**2015 amendment,** added "and (f)" in (b)(9)(D); and made a related change.

# Notes to Decisions

SGPF DEF AIDS - Page 48 of 70

*Tex. Business Organizations Code § 152.501*

This document is current through the 2021 Regular Session of the 87th legislature, 2021 1st, 2nd and 3rd Called Sessions, and is current with the 2021 ballot proposition contingencies.

*Texas Statutes & Codes Annotated by LexisNexis® > Business Organizations Code > Title 4 Partnerships (Chs. 151 — 154) > Chapter 152 General Partnerships (Subchs. A — K) > Subchapter G Withdrawal of Partner (§§ 152.501 — 152.600)*

## Sec. 152.501. Events of Withdrawal.

**(a)** A person ceases to be a partner on the occurrence of an event of withdrawal.

**(b)** An event of withdrawal of a partner occurs on:

**(1)** receipt by the partnership of notice of the partner's express will to withdraw as a partner on:

**(A)** the date on which the notice is received; or

**(B)** a later date specified by the notice;

**(2)** an event specified in the partnership agreement as causing the partner's withdrawal;

**(3)** the partner's expulsion as provided by the partnership agreement;

**(4)** the partner's expulsion by vote of a majority-in-interest of the other partners if:

**(A)** it is unlawful to carry on the partnership business with that partner;

**(B)** there has been a transfer of all or substantially all of that partner's partnership interest, other than:

**(i)** a transfer for security purposes that has not been foreclosed; or

**(ii)** the substitution of a successor trustee or successor personal representative;

Kathryn Magan

SUPP DEF AIDS - Page 49 of 70

(C)  not later than the 90th day after the date on which the partnership notifies an entity partner, other than a nonfiling entity or foreign nonfiling entity partner, that it will be expelled because it has filed a certificate of termination or the equivalent, its existence has been involuntarily terminated or its charter has been revoked, or its right to conduct business has been terminated or suspended by the jurisdiction of its formation, if the certificate of termination or the equivalent is not revoked or its existence, charter, or right to conduct business is not reinstated; or

(D)  an event requiring a winding up has occurred with respect to a nonfiling entity or foreign nonfiling entity that is a partner;

(5)  the partner's expulsion by judicial decree, on application by the partnership or another partner, if the judicial decree determines that the partner:

(A)  engaged in wrongful conduct that adversely and materially affected the partnership business;

(B)  wilfully or persistently committed a material breach of:

(i)  the partnership agreement; or

(ii)  a duty owed to the partnership or the other partners under Sections 152.204—152.206; or

(C)  engaged in conduct relating to the partnership business that made it not reasonably practicable to carry on the business in partnership with that partner;

(6)  the partner's:

(A)  becoming a debtor in bankruptcy;

(B)  executing an assignment for the benefit of a creditor;

(C)  seeking, consenting to, or acquiescing in the appointment of a trustee, receiver, or liquidator of that partner or of all or substantially all of that partner's property; or

(D)  failing, not later than the 90th day after the appointment, to have vacated or stayed the appointment of a trustee, receiver, or liquidator of the partner or of all or substantially all of the partner's property obtained without the partner's consent or

Tex. Business Organizations Code § 152.501

acquiescence, or not later than the 90th day after the date of expiration of a stay, failing to have the appointment vacated;

(7) if a partner is an individual:

(A) the partner's death;

(B) the appointment of a guardian or general conservator for the partner; or

(C) a judicial determination that the partner has otherwise become incapable of performing the partner's duties under the partnership agreement;

(8) termination of a partner's existence;

(9) if a partner has transferred all of the partner's partnership interest, redemption of the transferee's interest under Section 152.611; or

(10) an agreement to continue the partnership under Section 11.057(d) if the partnership has received a notice from the partner under Section 11.057(d) requesting that the partnership be wound up.

(c) [Repealed by Acts 2007, 80th Leg., ch. 688 (H.B. 1737), § 144(2), effective September 1, 2007.]

## History

Enacted by *Acts 2003, 78th Leg., ch. 182 (H.B. 1156), § 1*, effective January 1, 2006; am. *Acts 2005, 79th Leg., ch. 64 (H.B. 1319), § 78*, effective January 1, 2006; am. *Acts 2007, 80th Leg., ch. 688 (H.B. 1737), §§ 107*, 144(2), effective September 1, 2007.

Annotations

## LexisNexis® Notes

## Notes

SUPP DEF AIDS - Page 51 of 70

## *Tex. Business Organizations Code § 152.502*

This document is current through the 2021 Regular Session of the 87th legislature, 2021 1st, 2nd and 3rd Called Sessions, and is current with the 2021 ballot proposition contingencies.

*Texas Statutes & Codes Annotated by LexisNexis® > Business Organizations Code > Title 4 Partnerships (Chs. 151 — 154) > Chapter 152 General Partnerships (Subchs. A — K) > Subchapter G Withdrawal of Partner (§§ 152.501 — 152.600)*

## Sec. 152.502. Effect of Event of Withdrawal on Partnership and Other Partners.

A partnership continues after an event of withdrawal. The event of withdrawal affects the relationships among the withdrawn partner, the partnership, and the continuing partners as provided by Sections 152.503—152.506 and Subchapter H.

## History

Enacted by *Acts 2003, 78th Leg., ch. 182 (H.B. 1156), § 1*, effective January 1, 2006.

Annotations

## Notes

STATUTORY NOTES

Revisor's Notes

No substantive change is intended.

Texas Statutes & Codes Annotated by LexisNexis®
Copyright © 2022 Matthew Bender & Company, Inc.
a member of the LexisNexis Group. All rights reserved.

---

End of Document

SUPP DEF AIDS - Page 52 of 70

## *Tex. Business Organizations Code § 152.503*

This document is current through the 2021 Regular Session of the 87th legislature, 2021 1st, 2nd and 3rd Called Sessions, and is current with the 2021 ballot proposition contingencies.

*Texas Statutes & Codes Annotated by LexisNexis® > Business Organizations Code > Title 4 Partnerships (Chs. 151 — 154) > Chapter 152 General Partnerships (Subchs. A — K) > Subchapter G Withdrawal of Partner (§§ 152.501 — 152.600)*

## Sec. 152.503. Wrongful Withdrawal; Liability.

(a) At any time before the occurrence of an event requiring a winding up of partnership business, a partner may withdraw from the partnership and cease to be a partner as provided by Section 152.501.

(b) A partner's withdrawal is wrongful only if:

(1) the withdrawal breaches an express provision of the partnership agreement;

(2) in the case of a partnership that has a period of duration, is for a particular undertaking, or is required under its partnership agreement to wind up the partnership on occurrence of a specified event, before the expiration of the period of duration, the completion of the undertaking, or the occurrence of the event, as appropriate:

(A) the partner withdraws by express will;

(B) the partner withdraws by becoming a debtor in bankruptcy; or

(C) in the case of a partner that is not an individual, a trust other than a business trust, or an estate, the partner is expelled or otherwise withdraws because the partner wilfully dissolved or terminated; or

(3) the partner is expelled by judicial decree under Section 152.501(b)(5).

(c) In addition to other liability of the partner to the partnership or to the other partners, a wrongfully withdrawing partner is liable to the partnership and to the other partners for damages caused by the withdrawal.

Kathryn Magan

SUPP DEF AIDS - Page 53 of 70

## *Tex. Business Organizations Code § 152.601*

This document is current through the 2021 Regular Session of the 87th legislature, 2021 1st, 2nd and 3rd Called Sessions, and is current with the 2021 ballot proposition contingencies.

*Texas Statutes & Codes Annotated by LexisNexis® > Business Organizations Code > Title 4 Partnerships (Chs. 151 — 154) > Chapter 152 General Partnerships (Subchs. A — K) > Subchapter H Redemption of Withdrawing Partner's or Transferee's Interest (§§ 152.601 — 152.700)*

## Sec. 152.601. Redemption If Partnership Not Wound Up.

The partnership interest of a withdrawn partner automatically is redeemed by the partnership as of the date of withdrawal in accordance with this subchapter if:

(1)  the event of withdrawal occurs under Sections 152.501(b)(1)—(9) and an event requiring a winding up of partnership business does not occur before the 61st day after the date of the withdrawal; or

(2)  the event of a withdrawal occurs under Section 152.501(b)(10).

## History

Enacted by *Acts 2003, 78th Leg., ch. 182 (H.B. 1156), § 1*, effective January 1, 2006.

Annotations

## Notes

STATUTORY NOTES

Revisor's Notes

No substantive change is intended.

SUPP DEF AIDS - Page 54 of 70

## *Tex. Business Organizations Code § 152.602*

This document is current through the 2021 Regular Session of the 87th legislature, 2021 1st, 2nd and 3rd Called Sessions, and is current with the 2021 ballot proposition contingencies.

*Texas Statutes & Codes Annotated by LexisNexis® > Business Organizations Code > Title 4 Partnerships (Chs. 151 — 154) > Chapter 152 General Partnerships (Subchs. A — K) > Subchapter H Redemption of Withdrawing Partner's or Transferee's Interest (§§ 152.601 — 152.612)*

## Sec. 152.602. Redemption Price.

**(a)** Except as provided by Subsection (b), the redemption price of a withdrawn partner's partnership interest is the fair value of the interest on the date of withdrawal.

**(b)** The redemption price of the partnership interest of a partner who wrongfully withdraws before the expiration of the partnership's period of duration, the completion of a particular undertaking, or the occurrence of a specified event requiring a winding up of partnership business is the lesser of:

**(1)** the fair value of the withdrawn partner's partnership interest on the date of withdrawal; or

**(2)** the amount that the withdrawn partner would have received if an event requiring a winding up of partnership business had occurred at the time of the partner's withdrawal.

**(c)** Interest is payable on the amount owed under this section.

## History

Enacted by *Acts 2003, 78th Leg., ch. 182 (H.B. 1156), § 1*, effective January 1, 2006; am. *Acts 2007, 80th Leg., ch. 688 (H.B. 1737), § 109*, effective September 1, 2007.

Annotations

Kathryn Magan

SUPP DEF AIDS - Page 55 of 70

## Tex. Business Organizations Code § 152.603

This document is current through the 2021 Regular Session of the 87th legislature, 2021 1st, 2nd and 3rd Called Sessions, and is current with the 2021 ballot proposition contingencies.

*Texas Statutes & Codes Annotated by LexisNexis® > Business Organizations Code > Title 4 Partnerships (Chs. 151 — 154) > Chapter 152 General Partnerships (Subchs. A — K) > Subchapter H Redemption of Withdrawing Partner's or Transferee's Interest (§§ 152.601 — 152.612)*

## Sec. 152.603. Contribution Obligation.

If a wrongfully withdrawing partner would have been required to make contributions to the partnership under Section 152.707 or 152.708 if an event requiring winding up of the partnership business had occurred at the time of withdrawal, the withdrawn partner is liable to the partnership to make contributions to the partnership in that amount and pay interest on the amount owed.

## History

Enacted by *Acts 2003, 78th Leg., ch. 182 (H.B. 1156), § 1*, effective January 1, 2006.

Annotations

## Notes

STATUTORY NOTES

Revisor's Notes

No substantive change is intended.

Texas Statutes & Codes Annotated by LexisNexis®
Copyright © 2022 Matthew Bender & Company, Inc.
a member of the LexisNexis Group. All rights reserved.

Kathryn Magan

SUPP DEFAIDS - Page 56 of 70

## Tex. Business Organizations Code § 152.604

This document is current through the 2021 Regular Session of the 87th legislature, 2021 1st, 2nd and 3rd Called Sessions, and is current with the 2021 ballot proposition contingencies.

*Texas Statutes & Codes Annotated by LexisNexis® > Business Organizations Code > Title 4 Partnerships (Chs. 151 — 154) > Chapter 152 General Partnerships (Subchs. A — K) > Subchapter H Redemption of Withdrawing Partner's or Transferee's Interest (§§ 152.601 — 152.612)*

## Sec. 152.604. Setoff for Certain Damages.

The partnership may set off against the redemption price payable to the withdrawn partner the damages for wrongful withdrawal under Section 152.503(b) and all other amounts owed by the withdrawn partner to the partnership, whether currently due, including interest.

## History

Enacted by *Acts 2003, 78th Leg., ch. 182 (H.B. 1156), § 1*, effective January 1, 2006.

Annotations

## Notes

STATUTORY NOTES

Revisor's Notes

No substantive change is intended.

Texas Statutes & Codes Annotated by LexisNexis®
Copyright © 2022 Matthew Bender & Company, Inc.
a member of the LexisNexis Group. All rights reserved.

Kathryn Magan

3/GPP DEFAIDS - Page 57 of 70

## *Tex. Business Organizations Code § 152.605*

This document is current through the 2021 Regular Session of the 87th legislature, 2021 1st, 2nd and 3rd Called Sessions, and is current with the 2021 ballot proposition contingencies.

*Texas Statutes & Codes Annotated by LexisNexis®  >  Business Organizations Code  >  Title 4 Partnerships (Chs. 151 — 154)  >  Chapter 152 General Partnerships (Subchs. A — K)  >  Subchapter H Redemption of Withdrawing Partner's or Transferee's Interest (§§ 152.601 — 152.612)*

## Sec. 152.605. Accrual of Interest.

Interest payable under Sections 152.602—152.604 accrues from the date of the withdrawal to the date of payment.

## History

Enacted by *Acts 2003, 78th Leg., ch. 182 (H.B. 1156), § 1*, effective January 1, 2006.

Annotations

## Notes

STATUTORY NOTES

Revisor's Notes

No substantive change is intended.

Texas Statutes & Codes Annotated by LexisNexis®
Copyright © 2022 Matthew Bender & Company, Inc.
a member of the LexisNexis Group. All rights reserved.

---

End of Document

SUPP DEF AIDS - Page 58 of 70

## *Tex. Business Organizations Code § 152.606*

This document is current through the 2021 Regular Session of the 87th legislature, 2021 1st, 2nd and 3rd Called Sessions, and is current with the 2021 ballot proposition contingencies.

*Texas Statutes & Codes Annotated by LexisNexis® > Business Organizations Code > Title 4 Partnerships (Chs. 151 — 154) > Chapter 152 General Partnerships (Subchs. A — K) > Subchapter H Redemption of Withdrawing Partner's or Transferee's Interest (§§ 152.601 — 152.612)*

## Sec. 152.606. Indemnification of Withdrawn Partner.

A partnership shall indemnify a withdrawn partner whose interest is redeemed against all partnership obligations, whether incurred before or after the date of withdrawal, except for an obligation incurred by an act of the withdrawn partner under Section 152.504.

## History

Enacted by *Acts 2003, 78th Leg., ch. 182 (H.B. 1156), § 1*, effective January 1, 2006; *Acts 2019, 86th Leg., ch. 658 (S.B. 1859), § 13*, effective September 1, 2019.

Annotations

## Notes

STATUTORY NOTES

Revisor's Notes

No substantive change is intended.

Amendment Notes

**The 2019 amendment** substituted "of Withdrawn Partner" for "for Certain Liability" in the section heading; and rewrote the section, which formerly read: "(a) A partnership shall indemnify a

Tex. Business Organizations Code § 152.606

withdrawn partner against a partnership liability incurred before the date of withdrawal, except for a liability: (1) that is unknown to the partnership at the time; or (2) incurred by an act of the withdrawn partner under Section 152.504. (b) For purposes of this section, a liability is unknown to the partnership if it is not known to a partner other than the withdrawn partner."

Texas Statutes & Codes Annotated by LexisNexis®
Copyright © 2022 Matthew Bender & Company, Inc.
a member of the LexisNexis Group. All rights reserved.

End of Document

Kathryn Magan

SUPP DEF AIDS - Page 60 of 70

*Tex. Business Organizations Code § 152.607*

This document is current through the 2021 Regular Session of the 87th legislature, 2021 1st, 2nd and 3rd Called Sessions, and is current with the 2021 ballot proposition contingencies.

*Texas Statutes & Codes Annotated by LexisNexis® > Business Organizations Code > Title 4 Partnerships (Chs. 151 — 154) > Chapter 152 General Partnerships (Subchs. A — K) > Subchapter H Redemption of Withdrawing Partner's or Transferee's Interest (§§ 152.601 — 152.612)*

## Sec. 152.607. Demand or Payment of Estimated Redemption.

**(a)** If a deferred payment is not authorized under Section 152.608 and an agreement on the redemption price of a withdrawn partner's interest is not reached before the 121st day after the date a written demand for payment is made by either party, not later than the 30th day after the expiration of the period, the partnership shall:

**(1)** pay to the withdrawn partner in cash the amount the partnership estimates to be the redemption price and any accrued interest, reduced by any setoffs and accrued interest under Section 152.604; or

**(2)** make written demand for payment of its estimate of the amount owed by the withdrawn partner to the partnership, minus any amount owed to the withdrawn partner by the partnership.

**(b)** If a deferred payment is authorized under Section 152.608 or a contribution or other amount is owed by the withdrawn partner to the partnership, the partnership may offer in writing to pay, or deliver a written statement of demand for, the amount it estimates to be the net amount owed, stating the amount and other terms of the obligation.

**(c)** On request of the other party, the payment, tender, offer, or demand required or allowed by Subsection (a) or (b) must be accompanied or followed promptly by:

**(1)** if payment, tender, offer, or demand is made or delivered by the partnership, a statement of partnership property and liabilities from the date of the partner's

Kathryn Magan

SUPP DEF AIDS - Page 61 of 70

Tex. Business Organizations Code § 152.607

withdrawal and the most recent available partnership balance sheet and income statement, if any; and

**(2)** an explanation of the computation of the estimated payment obligation.

**(d)** The terms of a payment, tender, offer, or demand under Subsection (a) or (b) govern a redemption if:

**(1)** accompanied by written notice that:

**(A)** the payment or tendered amount, if made, fully satisfies a party's obligations relating to the redemption of the withdrawn partner's partnership interest; and

**(B)** an action to determine the redemption price, a contribution obligation or setoff under Section 152.603 or 152.604, or other terms of the redemption obligation must be commenced not later than the first anniversary of the later of:

**(i)** the date on which the written notice is given; or

**(ii)** the date on which the information required by Subsection (c) is delivered; and

**(2)** the party receiving the payment, tender, offer, or demand does not commence an action in the period described by Subdivision (1)(B).

## History

Enacted by *Acts 2003, 78th Leg., ch. 182 (H.B. 1156), § 1*, effective January 1, 2006.

Annotations

## Notes

STATUTORY NOTES

Revisor's Notes

No substantive change is intended.

SUPP DEF AIDS - Page 62 of 70

## *Tex. Business Organizations Code § 152.608*

This document is current through the 2021 Regular Session of the 87th legislature, 2021 1st, 2nd and 3rd Called Sessions, and is current with the 2021 ballot proposition contingencies.

*Texas Statutes & Codes Annotated by LexisNexis® > Business Organizations Code > Title 4 Partnerships (Chs. 151 — 154) > Chapter 152 General Partnerships (Subchs. A — K) > Subchapter H Redemption of Withdrawing Partner's or Transferee's Interest (§§ 152.601 — 152.612)*

## Sec. 152.608. Deferred Payment on Wrongful Withdrawal.

**(a)** A partner who wrongfully withdraws before the expiration of the partnership's period of duration, the completion of a particular undertaking, or the occurrence of a specified event requiring a winding up of partnership business is not entitled to receive any portion of the redemption price until the expiration of the period, the completion of the undertaking, or the occurrence of the specified event, as appropriate, unless the partner establishes to the satisfaction of a court that earlier payment will not cause undue hardship to the partnership.

**(b)** A deferred payment accrues interest.

**(c)** The withdrawn partner may seek to demonstrate to the satisfaction of the court that security for a deferred payment is appropriate.

## History

Enacted by *Acts 2003, 78th Leg., ch. 182 (H.B. 1156), § 1*, effective January 1, 2006; am. *Acts 2007, 80th Leg., ch. 688 (H.B. 1737), § 110*, effective September 1, 2007.

Annotations

## Notes

Kathryn Magan

SUPP DEF AB53 - Page 63 of 70

Tex. Business Organizations Code § 152.608

## STATUTORY NOTES

### Revisor's Notes

No substantive change is intended.

### Amendment Notes

**2007 amendment,** in (a), substituted "the partnership's period of duration" for "a definite term" and "expiration of the period" for "expiration of the term."

Texas Statutes & Codes Annotated by LexisNexis®

Copyright © 2022 Matthew Bender & Company, Inc.

a member of the LexisNexis Group. All rights reserved.

---

End of Document

SUPP DEF AIDS - Page 64 of 70

## Tex. Business Organizations Code § 152.609

This document is current through the 2021 Regular Session of the 87th legislature, 2021 1st, 2nd and 3rd Called Sessions, and is current with the 2021 ballot proposition contingencies.

*Texas Statutes & Codes Annotated by LexisNexis® > Business Organizations Code > Title 4 Partnerships (Chs. 151 — 154) > Chapter 152 General Partnerships (Subchs. A — K) > Subchapter H Redemption of Withdrawing Partner's or Transferee's Interest (§§ 152.601 — 152.612)*

## Sec. 152.609. Action to Determine Terms of Redemption.

(a)  A withdrawn partner or the partnership may maintain an action against the other party under Section 152.211 to determine:

(1)  the terms of redemption of that partner's interest, including a contribution obligation or setoff under Section 152.603 or 152.604; or

(2)  other terms of the redemption obligations of either party.

(b)  The action must be commenced not later than the first anniversary of the later of:

(1)  the date of delivery of information required by Section 152.607(c); or

(2)  the date written notice is given under Section 152.607(d).

(c)  The court shall determine the terms of the redemption of the withdrawn partner's interest, any contribution obligation or setoff due under Section 152.603 or 152.604, and accrued interest and shall enter judgment for an additional payment or refund.

(d)  If deferred payment is authorized under Section 152.608, the court shall also determine the security for payment if requested to consider whether security is appropriate.

(e)  If the court finds that a party failed to tender payment or make an offer to pay or to comply with the requirements of Section 152.607(c) or otherwise acted arbitrarily, vexatiously, or not in good faith, the court may assess damages against the party, including, if appropriate, in an amount the court finds equitable:

Kathryn Magan

SGPF DEF Acts - Page 65 of 70

Tex. Business Organizations Code § 152.609

(1)  a share of the profits of the continuing business;

(2)  reasonable attorney's fees; and

(3)  fees and expenses of appraisers or other experts for a party to the action.

## History

Enacted by *Acts 2003, 78th Leg., ch. 182 (H.B. 1156), § 1*, effective January 1, 2006.

Annotations

## Notes

STATUTORY NOTES

Revisor's Notes

No substantive change is intended.

Texas Statutes & Codes Annotated by LexisNexis®
Copyright © 2022 Matthew Bender & Company, Inc.
a member of the LexisNexis Group. All rights reserved.

End of Document

Kathryn Magan

SUPP DEF ADS - Page 66 of 70

# *Tex. Business Organizations Code § 152.612*

This document is current through the 2021 Regular Session of the 87th legislature, 2021 1st, 2nd and 3rd Called Sessions, and is current with the 2021 ballot proposition contingencies.

*Texas Statutes & Codes Annotated by LexisNexis® > Business Organizations Code > Title 4 Partnerships (Chs. 151 — 154) > Chapter 152 General Partnerships (Subchs. A — K) > Subchapter H Redemption of Withdrawing Partner's or Transferee's Interest (§§ 152.601 — 152.612)*

## Sec. 152.612. Action to Determine Transferee's Redemption Price.

**(a)** A transferee may maintain an action against a partnership to determine the redemption price of the transferee's interest.

**(b)** The court shall determine the redemption price of the transferee's interest and accrued interest and enter judgment for payment or refund.

**(c)** If the court finds that the partnership failed to make payment or otherwise acted arbitrarily, vexatiously, or not in good faith, the court may assess against the partnership in an amount the court finds equitable:

    **(1)** reasonable attorney's fees; and

    **(2)** fees and expenses of appraisers or other experts for a party to the action.

**(d)** The redemption of a transferee's interest under Sections 152.611(a) and (b) may be deferred as determined by the court if the partnership establishes to the satisfaction of the court that failure to defer redemption will cause undue hardship to the partnership business.

## History

Enacted by *Acts 2003, 78th Leg., ch. 182 (H.B. 1156), § 1*, effective January 1, 2006.

Annotations

Kathryn Magan

SUPP DEF AIDS - Page 69 of 70

Tex. Business Organizations Code § 152.612

# Notes

**STATUTORY NOTES**

**Revisor's Notes**

No substantive change is intended.

Texas Statutes & Codes Annotated by LexisNexis®

Copyright © 2022 Matthew Bender & Company, Inc.

a member of the LexisNexis Group. All rights reserved.

End of Document

Kathryn Magan

SUPP DEF AIDS - Page 68 of 70

# *Tex. Business Organizations Code § 402.005*

This document is current through the 2021 Regular Session of the 87th legislature, 2021 1st, 2nd and 3rd Called Sessions, and is current with the 2021 ballot proposition contingencies.

*Texas Statutes & Codes Annotated by LexisNexis® > Business Organizations Code > Title 8 Miscellaneous and Transition Provisions (Chs. 401 — 1000) > Chapter 402 Miscellaneous and Transition Provisions (§§ 402.001 — 402.015)*

## Sec. 402.005. Applicability to Existing Entities.

(a)  On or after January 1, 2010, if a domestic entity formed before January 1, 2006, or a foreign filing entity registered with the secretary of state to transact business in this state before January 1, 2006, has not taken the actions specified by Section 402.003 or 402.004 to elect to adopt this code:

(1)  this code applies to the entity and all actions taken by the managerial officials, owners, or members of the entity, except as otherwise expressly provided by this title;

(2)  if the entity is a domestic or foreign filing entity, the entity is not considered to have failed to comply with this code if the entity's certificate of formation or application for registration, as appropriate, does not comply with this code;

(3)  if the entity is a domestic filing entity, the entity shall conform its certificate of formation to the requirements of this code when it next files an amendment to its certificate of formation; and

(4)  if the entity is a foreign filing entity, the entity shall conform its application for registration to the requirements of this code when it next files an amendment to its application for registration.

(b)  On or after January 1, 2010, and to the extent provided in Subchapter A, Chapter 23, this code applies to a corporation created under a special statute of this state outside this code before January 1, 2006. The corporation, if its certificate of formation, or equivalent governing document, is filed with the secretary of state, may elect for this code to apply to

Kathryn Magan

COPY DEI AIDS - Page 69 of 70

the corporation at any time on or after January 1, 2006, and prior to January 1, 2010, to the extent provided in Subchapter A, Chapter 23, by filing a statement and taking other actions in a manner similar to a domestic filing entity under Section 402.003.

(c) A domestic or foreign filing entity is not considered to have failed to comply with Subsection (a)(3) or (4) because:

    (1) the certificate of formation does not state the type of entity formed;

    (2) the application for registration or any amendment to the registration:

        (A) does not state the entity's type; or

        (B) does not include the appointment of the secretary of state as agent for service of process, notice, or demand under the circumstances provided by Section 5.251; or

    (3) a circumstance described by Section 402.0051 applies.

# History

Enacted by *Acts 2003, 78th Leg., ch. 182 (H.B. 1156), § 1*, effective January 1, 2006; am. *Acts 2005, 79th Leg., ch. 64 (H.B. 1319), § 102*, effective January 1, 2006; am. *Acts 2009, 81st Leg., ch. 84 (S.B. 1442), § 59*, effective September 1, 2009; am. *Acts 2011, 82nd Leg., ch. 139 (S.B. 748), § 61*, effective September 1, 2011.

Annotations

# Notes

STATUTORY NOTES

Amendment Notes

**2005 amendment,** deleted "on Mandatory Application Date" from the end of the section heading; designated the existing provisions of the section as (a); in (a), added "or after" near the

SUPP DEF AIDS - Page 70 of 70

Tex. Business Organizations Code § 402.005

beginning, deleted "filing" before "entity," and substituted "January 1, 2006" for "the effective date of this code" twice; added "if the entity is a domestic or foreign filing entity" at the beginning of (a)(2); and added (b).

**2009 amendment,** substituted "Section 402.003" for "Section 402.003(a)" in the introductory language of (a).

**2011 amendment,** added (c).

Texas Statutes & Codes Annotated by LexisNexis®
Copyright © 2022 Matthew Bender & Company, Inc.
a member of the LexisNexis Group. All rights reserved.

_____

End of Document

Kathryn Magan