SUPP DEPArD4 - Page 1 of 34

**TEXAS SECRETARY OF STATE**

# The Involuntary Termination of a Business Entity

## State Bar of Texas
## Advanced Business Law Course
## November 6 – 7, 2014
## Dallas, Texas

Presented By:

Carmen Flores, Director

Business & Public Filings Division

cflores@sos.texas.gov

(512) 463-5588



SUPP DEFA004 - Page 2 of 34

TEXAS SECRETARY OF STATE

# Statutory Authority





2

SUPP DEPArD4 - Page 3 of 34

TEXAS SECRETARY OF STATE

# Statutory Authority

- *Chapter 11 Business Organizations Code*
  - ***Failure to maintain registered agent or office***
  - Failure to timely file a report (e.g., annual statement for a professional association is due by June 30)
  - Failure to pay or dishonored payment of formation filing fee
- Chapter 22 Business Organizations Code
  - Failure to file nonprofit periodic report when due
- Chapter 153 Business Organizations Code
  - Failure to file limited partnership periodic report when due
- *Chapter 171 Tax Code*

3

SUPP DEPA04 - Page 4 of 34

**TEXAS SECRETARY OF STATE**

# Involuntary Termination for Failure to Maintain Registered Agent or Office

Events triggering "90-day" notice under § 11.251(b)(1)(B)

- Receipt of Resignation of Registered Agent
- Receipt of Rejection of Appointment
- Receipt of an allegation of failure to maintain either registered agent or registered office:
  - Receipt of return mail directed to registered agent at registered office address
  - Receipt of a written complaint that:
    - Agent not found at registered office address
    - Registered office is address for a mailbox service



4

SUPP DEPAID4 - Page 5 of 34

TEXAS SECRETARY OF STATE

# Involuntary Termination for Failure to Maintain Registered Agent or Office

- On acceptance of a resignation of agent or rejection of appointment, SOS sends "90-day" letter; entity's status changed to "RA notice sent," which is an active status.

- SOS will issue a certificate of involuntary termination if the entity fails to designate a new registered agent and/or registered office before the 91st day after the date the notice was mailed.

- SOS changes status of entity to "involuntarily terminated."



SUPP DEPA04 - Page 6 of 34

TEXAS SECRETARY OF STATE

# Registered Office Requirements
# §5.201(c)

- The registered office address must be located at a street address where process may be personally served on the named registered agent.

  – Address must be the physical address where the agent may be found.

  – Address *may not* be solely the address of a business that provides mailbox or telephone answering services.





TEXAS SECRETARY OF STATE

# A Word About Reports
# §11.251(b)(1)(A)

- Section 11.251(b)(1)(A) authorizes the SOS to involuntarily terminate a Texas entity for its failure to file a report within the period required by law.

- SOS recently mailed 2,217 notices of involuntary termination to professional associations that failed to file the 2014 annual statement.

- SOS _does not_ use subchapter F of chapter 11 when involuntarily terminating a nonprofit corporation or limited partnership that fails to file a periodic report required under Chapter 22 or Chapter 153.

TEXAS SECRETARY OF STATE

SUPP DEPA04 - Page 8 of 34

# Terminated Entities
# FY 2014



- In FY 2014, the SOS forfeited 73,799 Texas business entities under the Tax Code and involuntarily terminated 6,119 Texas business entities for non-tax reasons under the BOC.



SUPP-DEPAI04 - Page 9 of 34



TEXAS SECRETARY of STATE

# Administrative Forfeitures

# Chapter 171, Tax Code

TEXAS SECRETARY OF STATE

# Path to Forfeiture of Existence under Tax Code

**SOS forfeits entity's certificate or registration.**

**Entity notified by Comptroller of delinquency**

- Franchise account status shown as "active"; entity status "in existence" with SOS.  $50 penalty if reports not timely filed .

**May 15th**

**Tax Due**

- Notices sent to entity address of record.
- First contact address used by Comptroller is registered office.

- An incomplete or erroneous report  may result in a notice of forfeited rights.
- All notices regarding deficiencies and forfeiture of privileges sent by Comptroller.

**Notice of Forfeited Privileges**

- Comptroller sends electronic file to SOS to forfeit an entity's charter or foreign entity's registration.
- SOS changes status from "in existence" to "forfeited existence."
- Comptroller mails out all notices of forfeiture of existence.

*IMPORTANT*:  Approximately 140,000 notices of forfeited privileges recently sent.

SUPP DEFADX - Page 11 of 34

**TEXAS SECRETARY OF STATE**

# Administrative Tax Forfeitures
## Tax Code §§ 171.251-171.2515; 171.301 and 1713015

- The Comptroller will forfeit the entity's privileges (right to transact business in the state) if the entity does not file the required reports or pay tax within 45 days after the date of the delinquency notice.

- Taxable entity is subject to forfeiture if entity does not file the required reports or pay tax/penalties within 120 days of the date of notice of forfeiture of privileges.



**TEXAS SECRETARY OF STATE**

# Effects of Forfeiture of Privileges
## Tax Code §§ 171.252, 171.255-171.2515

- § 171.252(1) states that a taxable entity that has forfeited its right to transact business is denied the right to sue or defend in a court in this state.

- However, case law has interpreted this provision to prohibit an entity from bringing cross actions, but not from defending itself. See *Mello v. A.M.F., Inc.*, 7 SW3rd 339, 331 (Tex. App.—Beaumont 1999, pet. denied)



TEXAS SECRETARY OF STATE

# Effects of Forfeiture of Privileges
## Tax Code §§ 171.252, 171.255-171.2515

- Pursuant § 171.252(2) each officer and director is liable for the debts of the corporation.  The managerial official is liable as if entity were a partnership and managerial officials were partners.

- Although statute speaks of "officer/director" liability, provision also applies to non-corporate entities. See *Bruce v. Freeman Decorating Servs., Inc.*, No. 14-10-00611-CV, 2011 WL 3585619 (Tex. App.—Houston [14th Dis.] Aug. 15, 2011, no pet. h.) (mem. op.)



SUPP DEFAD4 - Page 14 of 34

TEXAS SECRETARY OF STATE

# Administrative Tax Forfeitures

- Last effective forfeiture date—February 20, 2014

- SOS forfeited 65,249 filing entities

- Status with SOS—"forfeited existence"

- Status with CPA—"franchise tax involuntarily ended"



TEXAS SECRETARY OF STATE

# Reinstatement of
# Involuntarily Terminated Filing Entities



What do you mean my company's forfeited??  I pay my taxes every year!



**TEXAS SECRETARY OF STATE**

# Reinstatement Process

**SOS**
- Verify basis for entity's inactive status to determine appropriate filing(s)
- Verify whether entity name is still available

**Comptroller**
- File any tax reports, and pay any taxes, penalties or interest due/owed
- Request a tax clearance letter for reinstatement

**SOS**
- Submit filing fees, certificate of reinstatement, if applicable, with tax clearance letter to SOS
- Include any additional filings that may be required



SUPP DEFADM - Page 17 of 34

TEXAS SECRETARY OF STATE

# Reinstatement of LPs After Termination for Failure to File a Report

Reinstatement pursuant to §153.312 BOC

- To reinstate, the LP files the delinquent report.

- No application for reinstatement submitted.

- Pays fees under §4.155 (11) BOC: $225 ($50 plus a late fee of $100 and a reinstatement fee of $75).

- Comptroller tax clearance letter required.

- No time limit within which to file reinstate.



17

SUPP DEF A004 - Page 18 of 34

TEXAS SECRETARY OF STATE

# Reinstatements After
# Involuntary Termination under Chapter 11

Entity reinstates under §11.253 BOC after correcting the circumstances that led to the involuntary termination.



SUPP DEF ADD - Page 19 of 34

TEXAS SECRETARY OF STATE

# Reinstatements After
# Involuntary Termination under Chapter 11

- Entity must obtain tax clearance letter from Comptroller.

- Submit a certificate of reinstatement (*Form 811*) to the SOS. Filing fee $75.

- No time limit; however, if reinstatement filed before the **3rd** anniversary of the termination, the entity is considered to have continued in existence without interruption. (i.e., relation back effect) §11.253(d)

TEXAS SECRETARY OF STATE

# Reinstatements

## After Tax Forfeiture

- Tax clearance letter from the Comptroller.

- File application for reinstatement with the SOS (*Form 801*). Filing fee $75.

- Application for reinstatement must be submitted and signed by an officer, director, or shareholder *at the time of forfeiture.*

- No time limit within which to file reinstatement.



SUPP DEF AD4 - Page 21 of 34

TEXAS SECRETARY OF STATE

# Comptroller Online Certificate Service

In December of 2013, Comptroller introduced online self-service requests for Certificates of Account Status and tax clearance letters for purposes of:

- ✓ Certificate of Termination
- ✓ Certificate of Withdrawal
- ✓ Reinstatement



SUPP DEFAD4 - Page 22 of 34

**TEXAS SECRETARY OF STATE**

# New Comptroller Online Service

Electronic self-service requests may be submitted by taxpayers and tax preparers who have entity's Texas taxpayer id and WebFile (XT) number or who have previously used WebFile for paying franchise tax.

Other restrictions and qualifications apply; check out Comptroller's website.

www.window.state.tx.us/taxinfo/franchise/cert_ltr_requests.html



TEXAS SECRETARY OF STATE

# Reinstatement After Tax Forfeiture
### Tax Code §§ 171.312-171.315

- On filing request, SOS sets aside forfeiture by changing status of the entity from "forfeited existence" to "in existence."

- Pursuant to section 171.314, if forfeiture is set aside, Comptroller shall revive the taxable entity's corporate privileges and right to do business.



SUPP DEF A04 - Page 24 of 34

TEXAS SECRETARY OF STATE

# Reasons to Avoid Involuntary Termination/Forfeiture



## Denial of Rights, Claims, and Liability Issues

SUPP DEF AD4 - Page 25 of 34

TEXAS SECRETARY OF STATE

# Liability of Managerial Officials
## Tax Code §171.255

Liability of "officers and directors" extends back to debts created or incurred after the date the report, tax, or penalty was due and continues until the privileges of the entity are revived. *Liability not limited to tax liabilities under Chapter 171.*

❖ Liability imposed on managerial official not affected by subsequent reinstatement and revival of privileges. §171.255(d)



SUPP DEFADM - Page 26 of 34

TEXAS SECRETARY OF STATE

# Limited Survival Of Terminated Entities

Section 11.001 of the BOC defines a "terminated entity" as a domestic entity the existence of which has been:

- Terminated in a manner authorized or required by the BOC, unless the entity has been reinstated in the manner provided by the BOC; or

- Forfeited pursuant to the Tax Code, unless the forfeiture has been set aside.



TEXAS SECRETARY OF STATE

# Limited Survival Of Terminated Entities

A terminated domestic filing entity continues in existence until the **3rd** anniversary of the effective date of its termination *only* for the purposes set forth in section 11.356, which include:

- Prosecuting or defending in the entity's name an action or proceeding brought by or against the terminated filing entity; and

- Permitting the survival of an existing claim by or against the terminated filing entity.

SUPP DEFAID4 - Page 28 of 34

**TEXAS SECRETARY OF STATE**

# Claims
## §11.001(3)

An "*existing claim*" means:

- a claim against an entity that existed *before* the entity's termination and that is not barred by limitations; or

- a contractual obligation incurred after termination.



**TEXAS SECRETARY OF STATE**

# Claims
## §11.001(1)

A *"claim"* means:

- A right to payment, damages, or property, whether liquidated or unliquidated, accrued or contingent, matured or unmatured.  See <u>Anderson Petro-Equip., Inc. v. State</u>, 317 S.W. 3d 812, 817 (Tex.App. - Austin 2010, pet. denied)

SUPP DEF AD4 - Page 30 of 34

# Claims

Section 11.359—An existing claim by or against a terminated filing entity is extinguished unless an action or proceeding is brought on the claim no later than the **3rd** anniversary of the date of termination of the entity.





TEXAS SECRETARY OF STATE

# Extinguishment of Claims

In *Emmett Props., Inc. v. Halliburton Energy Servs., Inc.,* appeals court held that a corporation reinstated after four and one-half years could not sue on pre-forfeiture claims.

167 S.W.3d 365 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) See also, Landrum v. Thunderbird Speedway, Inc., 97 S.W.3d 756, 758-59 (Tex.App.-Dallas 2003, no pet.)

# Potential Loss of Entity Name
### BOC §§11.253(c); §153.312(c); §22.365(c) and Tax Code §171.315

- Secretary of State only considers names of active entities when determining name availability.

- On reinstatement, the terminated/forfeited entity will be required to submit a certificate of amendment to change its name if there is a name conflict that arose during the time the entity was inactive.



32

SUPP DEF AD4 - Page 33 of 34

TEXAS SECRETARY OF STATE

# Why Reinstate to Voluntarily Terminate?

- Information relating to entities with a forfeited existence status is public information.

- National Association of Secretaries of State reports that administratively terminated entities seem to be particularly vulnerable to business identity theft.  In Colorado, 80% of the state's 356 reported cases of business identity theft were delinquent or dissolved entities. *NASS White Paper on Business Identity Theft* (January 2012)

SUPP DEFAD4 - Page 34 of 34

TEXAS SECRETARY OF STATE

# SOS Contact Emails

Name availability & general entity information:

**_corpinfo@sos.texas.gov_**

Request copies or certificates of fact:

**_corpcert@sos.texas.gov_**

Legal questions relating to filing issues:

**_corphelp@sos.texas.gov_**

SOSDirect assistance & issues:

**_sosdirect@sos.texas.gov_**

