**Single Order Upload**

[21-04071-elm B. Frazier Management, Inc. et al v. Anson Financial, Inc.](#)

**The new document 2022 0325 206 CLEAN JPTO--FINAL.pdf was uploaded successfully on 3/25/2022 at 3:50 PM**

**Order type:** Other
[21-04071-elm B. Frazier Management, Inc. et al v. Anson Financial, Inc.](#)

**Related document number:** 31
**Related document description:** Order to set hearing
**Order ID:** [519232](#)

[Do it again](#)

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: <br><br> ANSON FINANCIAL, INC. <br><br> Debtor. | § § § § § § § § | Case No. 21-41517-elm11 |
| B. FRAZIER ASSET MANAGEMENT, INC. F/K/A FRAZIER ASSET MANAGEMENT, INC., AND BRIAN H. FRAZIER INDIVIDUALLY <br><br> Plaintiffs, <br><br> v. <br><br> ANSON FINANCIAL, INC. <br><br> Defendant. | § § § § § § § § § § § § § § § § § | Adv. No. 21-04071 <br><br> Removed From: <br> Cause No. 342-288776-16; <br> 342nd Judicial District Court <br> Tarrant County, Texas <br><br> Docket Call Date: April 4, 2022 <br> Docket Call Time: 1:30 P.M. |

**Joint Pretrial Order**                                                                                      Page 1 of 17

# JOINT PRETRIAL ORDER

B. Frazier Management, Inc., formally known as Frazier Asset Management, Inc. ("**FAM**"), and Brian H. Frazier ("**Frazier**"), Plaintiffs in this adversary proceeding (collectively the "**Plaintiffs**") and Defendant Anson Financial, Inc. (the "**Defendant**") hereby submit the following Joint Pretrial Order pursuant to FRBP 7016 and LBR 7016-1(a) and provide the following statement:

## I. SUMMARY OF THE CASE

<u>Plaintiff's Statement</u>:

The Plaintiffs own a partnership interest in The Alvord 287 Joint Venture. That interest was originally 50% of the assets of the Joint Venture; however, due to unauthorized expenditures and removal of Joint Venture assets for the benefit of various entities controlled by Michael Ferguson, which are charged to the Anson partnership interest, Plaintiffs' ownership of the present assets in the Joint Venture exceeds 50%. The Debtor presently has custody of the Joint Venture assets, but Plaintiffs' share is not estate property. Plaintiffs are seeking determination of the amount of their share of the Notes and cash of the Joint Venture and turnover of the funds wrongfully disbursed by Debtor from the partnership account and assets back into the Joint Venture, along with the damages for all of Debtor's breaches of the Joint Venture Agreement.

The evidence will show that the Debtor, who stepped into the Joint Venture, replacing Jentex, breached the Joint Venture Agreement in several respects, including failure to remit half of all JV Note proceeds to Plaintiffs. These breaches of Anson's obligations under the Joint Venture Agreement caused damages to Plaintiffs in the form of costs and legal fees over five years prior to the bankruptcy filing, as well as costs and legal fees in this Court due to removal of Plaintiffs' lawsuit. Therefore, Plaintiffs also seek a determination of the specific damages in litigating these breached incurred by Plaintiffs as an allowed unsecured claim against this Estate.

The reason that the Plaintiffs' names are different than the original name- Frazier Asset Management, Inc. ("**FAM**") is due to two events. First, when FAM failed to make a corporate filing, temporarily losing its good standing as Texas corporation, Michael Ferguson registered the Plaintiff's name as one of his assumed names. That forced Brian Frazier, the sole owner of FAM, to change its entity name. The Second reason for adding Brian Frazier, personally, as a Plaintiff, was that he has always been the sole shareholder of FAM and thus the beneficial titleholder of FAM's property, including the partnership interest, during the period of lapse. .It is Plaintiffs'/Claimants' position that legal title to an incapacitated corporation, including title to a cause of action, remained in the corporation and beneficial title vests in a shareholder *EL T. Mexican Restaurant v. Bacon*, 921 S.W.2d 247, 251 (Tex. App.—Houston [1st Dist.] 1995).

Plaintiffs' defenses include waiver, estoppel and laches. Specifically, the partnership has carried on business with Mr. Frazier, whether or not FAM was in tax forfeiture status, for 15 years and it never constituted a default of the partnership. The statute of limitations also bars Anson's counterclaim. Additionally, the evidence will show that the Anson agreed to the audit and to pay the cost of the audit from the Joint Venture, but Anson's recordkeeping, which was a duty it had to the partnership, was in such disarray that a full audit could not even be completed.

In conformance with Northern District Bankruptcy Local Rule 7016-1 *Pretrial Procedures,* part (a) Plaintiffs only set forth herein a summary of their case, leaving the detailed legal briefing for their trial brief. As Plaintiffs have no control over the content of Defendant's Summary, the same is presented as insisted upon by Defendant's counsel.

**<u>Defendant's Claims and Defenses</u>**:

This matter arises from a dispute between partners of Alvord 287 Joint Venture ("JV") ("the **Partnership**"). To the extent the written partnership agreement does not otherwise provide, chapters 152 (General Partnerships) and 11 (Winding Up and Termination of Domestic Entity) of

the Texas Business and Organizations Code ("**TBOC**") govern the relationship of the partners and as between the partners and the Partnership. Tex. Bus. Orgs. Code §152.002

<u>Termination of corporate entity is event of withdrawal causing automatic redemption</u>

1. FAM became a terminated entity on February 8, 2013 pursuant to Section 171.309 of the Texas Tax Code and Tex. Bus. Orgs. Code §11.001(4)(B).

2. Accordingly, FAM is a *withdrawn partner* in the Partnership pursuant to Tex. Bus. Orgs. Code §§152.001(1)(6), 152.501(a) and (b)(1)(2)(4)(8)(9).

3. FAM's withdrawn partner interest was automatically redeemed by the Partnership as of the date of withdrawal, February 8, 2013. Tex. Bus. Orgs. Code §152.601(1).

4. FAM's right to redemption is now expired pursuant to Tex. Bus. Orgs. Code §§ 152.608 and 152.609.

<u>FAM's claims extinguished because corporate entity not reinstated within 3 years</u>

5. FAM did not, as required by Tex. Bus. Orgs. Code § 11.356(a), reinstate its corporate status within three (3) years from the date the Texas Secretary of State involuntarily forfeited FAM's corporate charter. Therefore, FAM may not continue its existence for the purpose of continuing the business or affairs for which the terminated filing entity was formed because it did not reinstate under Subchapter E of the TBOC. Tex. Bus. Orgs. Code § 11.356(b). FAM's claims were extinguished under Tex. Bus. Orgs. Code § 11.359, and FAM did not have standing to bring forth its' claims pursuant to §§ 11.356 and 11.359 of the Tex. Bus. Orgs. Code.

6. At the time FAM brought suit against Defendant, FAM was a forfeited entity who had been a forfeited entity for a period of longer than three years and, therefore, this Court does not have jurisdiction over Plaintiffs' claims pursuant to Tex. Tax Code §§ 171.251, 171.2515 & 171.252 & Tex. Bus. Orgs. Code § 11.356(b).

<u>Brian Frazier has no standing because not transferee or successor in interest</u>

7. Frazier, Individually, does not have standing in this matter. FAM is the party that signed the JV Agreement. Plaintiffs contend that Frazier took assignment of FAM's interest and that he has interest in the partnership property; however, no assignment has been made. Further, a partner does not have an interest that can be transferred, voluntarily or involuntarily, in partnership property. Tex. Bus. Orgs. Code §§ 154.002, 152.101. A partnership is an entity distinct from its partners, and partnership property is not property of the partners. Tex. Bus. Orgs. Code §152.056, 152.101.

8. If FAM's interest was transferred to Frazier individually as he claims, then, at best, Frazier has FAM's right to redemption of FAM's withdrawn partner interest (Tex. Bus. Orgs. Code §§ 152.001(1)(6), 152.501(a)(b)(9)), and redemption of that withdrawn partner interest in the partnership would be the only remedy available to Frazier as a Transferee. Tex. Bus. Orgs. Code §§ 152.601, 152.611.

9. Both FAM and Frazier, individually, cannot concurrently bring suit against Anson and claim alternatively that one of the two has interest in the Partnership.

<u>Redemption of Withdrawn Partner Interest</u>

10. Plaintiffs' claims are limited to Remedies of Partnerships and Partners under Tex. Bus. Orgs. Code § 152.211.

11. FAM's withdrawal from the Partnership was wrongful because FAM willfully dissolved or terminated pursuant to Tex. Bus. Orgs. Code § 152.503(a)(b)(2)(A)(C).

12. Given that FAM willfully withdrew and acted vexatiously, FAM's entitlement to redemption value is offset by costs associated with this litigation. *See* Tex. Bus. Orgs. Code § 152.503(b); Tex. Bus. Orgs. Code §§ 152.601-152.612.

13. The redemption value of FAM's withdrawn partner interest as a partner that wrongfully withdraws may be the liquidation value as of February 8, 2013. However, Defendant used the Fair Value (the value a willing buyer would pay in cash to a willing seller) that it paid to Jentex Financial, Inc. on September 4, 2014, which was $325,000.00 plus interest on the balance owed at 6% until paid in full. Defendant has paid a total of $262,000.00 to FAM since February 8, 2013, which amount is deducted from the balance on the date paid. However, because FAM wrongfully withdrew and refused Defendant's redemption offers and also did not negotiate a redemption price, the Plaintiffs acted arbitrarily, vexatiously, and in bad faith, the redemption value should be offset by costs associated with this litigation in the total sum of $230,064.09 in attorneys' fees and court costs plus $50,000 that was paid for to Milburn Ray & Company for an AUP during the state court litigation. Accordingly, the redemption value of FAM's withdrawn partner interest is completely offset by the litigation costs and, in fact, Anson should recover from FAM the amount of $108,052.56 plus accrued interest of 6% from June 28, 2021. Anson reserves its rights to assert any calculation allowed under the JV or Texas Business and Organizations Code.

Additional defenses of Anson

14. FAM cannot recover for any claim because of the economic loss rule. *See LAN/STV v. Martin K. Eby Const. Co.*, 435 S.W.3d 234, 235 (Tex. 2014).

15. FAM cannot prevail on a cause of action for breach of fiduciary duty against Defendant because FAM is a withdrawn partner and does not have standing to assert a cause of action for breach of fiduciary duty against Defendant. Nevertheless, FAM cannot prevail because no duty was breached per the partnership agreement by Defendant as Defendant has continued to act in line with its specified duties. *See* Tex. Bus. Orgs. Code § 152.210. In relation to a breach of fiduciary duty as to the Partnership, FAM did <u>not</u> bring a derivative suit on behalf of the Partnership. Additionally, Defendant is protected by (i) the business judgment rule [*see Sneed v.*

*Webre,* 465 S.W.3d 169, 178 (Tex. 2015) (quoting *Cates v. Sparkman,* 11 S.W. 846, 848-49 (Tex. 1889)], (ii) Tex. Bus. Orgs. Code § 152.204(c) as a partner does not violate a duty or obligation under this chapter or under the partnership agreement merely because the partner's conduct furthers the partner's own interest, and (iii) Tex. Bus. Orgs. Code § 152.204(d) as a partner, in the partner's capacity as partner, is not a trustee and is not held to the standards of a trustee.

16. FAM cannot prevail on its claim for Defalcation. Defendant acting in the capacity as a partner to the Joint Venture and is not a trustee who was entrusted with money. Tex. Bus. Orgs. Code § 152.204(d). Further, Plaintiff's defalcation claim is just a breach of contract claim as it is merely alleged that Defendant inadequately accounted for and misapplies funds contrary to the Joint Venture agreement, and the economic loss rule prevents recovery.

17. FAM cannot prevail on its claim for Breach of Contract because FAM is a withdrawn partner, willfully withdrew, and any claims FAM had, are now extinguished. FAM's only remedy is redemption under Tex. Bus. Orgs. Code §§ 152.601-152.612. Moreover, Defendant did not breach any contract and has provided a full accounting. Tex. Bus. Orgs. Code § 152.212(d).

18. FAM cannot prevail on its claim for conversion because FAM is a withdrawn partner, whose claims are now extinguished, and it is only entitled to redemption value less the damages caused by the wrongful withdrawal and the Plaintiffs' bad faith actions in refusing to discuss redemption and instead causing the parties to litigate this matter for over 5 years. *See* Tex. Bus. Orgs. Code §152.501(a)(b)(1)(A)(B), 4(A)(B), (8), or (9) & Tex. Bus. Orgs. Code §§ 152.601-612. In any event, the plaintiffs cannot recover for conversion of money. *Edlund v. Bounds*, 842 S.W.2d 719, 727 (Tex. App.—Dallas 1992, writ denied) (plaintiff could recover for conversion of notes receivable, but not money); *Cherry v. Hollie*, 2015 Tex. App. LEXIS 1405 (Tex. App.—Eastland 2015, no pet.) (to establish a claim for conversion of money, the plaintiff must show that the money is not the subject of a title claim by its keeper). Plaintiffs have no right

to the money or claims it asserted except the possible redemption value for Plaintiffs' wrongful withdrawal.

19. FAM no longer has a cause of action for an accounting because an accounting was completed by Milbern Ray and Company, L.L.P. on December 10, 2019, which provided a full accounting report for the time period of September 1, 2014 to October 31, 2018. In addition, on or about May 19, 2021, Defendant provided updated financials through April 30, 2021, and FAM had previously received 18,000 pages of financials through discovery means in another suit unrelated to this case out of the 67th District Court in Tarrant County, Texas. Further, as FAM is a withdrawn partner and any claims are now extinguished, FAM is not entitled to further accounting. Tx. Bus. Orgs. Code § 152.212(d). Moreover, FAM was only entitled to access to the joint venture's books of account pertaining to the period during which the former partner was a partner or for any other proper purpose with respect to another period. TEX. BUS. ORGS. CODE §152.212(d).

20. FAM lacked capacity at the time it filed its claim.

## II.    Statement of Stipulated Facts

The Plaintiffs and Defendant stipulate to the following procedural and substantive facts:

1. In 1996 Jentex Financial, Inc. and FAM entered into a Joint Venture called The Alvord 287 Joint Venture.

2. The only contract alleged to exist between these parties is the "Joint Venture Agreement" originally between Frazier Asset Management Inc. and Jentex Financial Inc., signed on or about January 24, 1996, including written amendments, a true and correct copy of which is attached hereto as Exhibit P-1.

3. The partners' roles in the Joint Venture are set out in the Joint Venture Agreement and amendments.

4. On April 27, 2000, FAM and Jentex executed an addendum to the Joint Venture Agreement of The Alvord 287 Joint Venture and amended Article XII which "provides that Joint Venture Property may be acquired and conveyed in the name of any Joint Venturer or other person who is a nominee for the Joint Venture by unanimous consent. We the Joint Venturers, do hereby unanimously agree that either Frazier Asset Management, Inc. or Jentex Financial, Inc. may sell, convey or acquire property on behalf of the Alvord 287 Joint Venture."

5. On February 8, 2013, the Texas Secretary of State terminated FAM's corporate charter pursuant to Section 171.309 of the Texas Tax Code.

6. The February 8, 2013, termination was approximately the fifth (5th) time since 1991 that FAM had a tax related forfeiture, and it was the practice of FAM to reinstate every few years as cash flow became available or for other reasons. A true and correct copy of FAM's Secretary of State filings is attached hereto as Exhibit P-67.

7. From 1996 through September 2014, the bank account for the Joint Venture was held in the name of its servicing agent, Jentex Financial, Inc. dba Alvord 287, and neither FAM nor Frazier was ever a signatory on the bank account.

8. On or about September 5, 2014, Anson purchased Jentex's interest in the Partnership after FAM declined to buy Jentex's interest.

9. On April 4, 2015, Defendant offered to split the assets 50/50 in order to terminate the partnership, but FAM declined the offer.

10. On April 6, 2015, Anson forwarded a check to FAM in the amount of $12,500.00 purporting to represent FAM's fifty-percent profit distribution for that time period, and Brian Frazier tore the check in half and returned it to Anson.

11. On October 11, 2016, Anson emailed information to FAM's attorney, Kelly Gongloff, and offered $335,000 cash to buy out FAM's interest in the partnership.

12. Anson's offer to buyout FAM's partnership interest was characterized as a total cash offer of $459,000. Alternatively, Anson suggested that the assets could be split with FAM picking the first loan and Anson picking the second loan until all loans and lots were taken. FAM declined that offer.

13. On November 7, 2016, FAM filed its Original Petition in this cause against Anson.

14. On December 12, 2016, Anson filed its Answer to the Original Petition.

15. On January 5, 2017, the Texas Secretary of State reinstated FAM's charter. When FAM reinstated its charter, it changed its name to B. Frazier Asset Management, Inc.

16. On April 24, 2019, Anson sent to Plaintiffs a Full Satisfaction Notice "Redemption Offer and Calculation" in the amount of $105,900.17 plus accrued interest thru April 24, 2019, until paid. Anson's offer amount was based upon a redemption price for Frazier's interest in the amount of $325,000 with 6% interest from February 8, 2013 through April 24, 2019 less part of the attorney fees expended by Anson in defending itself from this lawsuit and FAM's half of the cost for the Accounting done by Milbern Ray and Company, L.L.P.

17. On April 29, 2019, Anson filed its First Amended Counterclaim.

18. On May 10, 2019, Plaintiffs filed their Answer to Anson's First Amended Counterclaim.

19. On December 10, 2019, an accounting for the Alvord 287 JV was completed by Milbern Ray and Company, L.L.P., and Plaintiffs were provided with a detailed accounting report for the time period of September 1, 2014 to October 31, 2018 at a cost of $50,000.

20. On or about February 18, 2021, Plaintiffs also received approximately 18,000 pages of Anson's financial documents from Ian Ghrist who obtained the records through discovery means in the 67th District Court of Tarrant County, Texas, Cause No. 067-311209-19, *Ferguson,*

*et. al v. Ghrist, et. al,* an unrelated matter to this present suit. Anson did not consent to Plaintiffs being provided these records.

21. On or about May 19, 2021, Plaintiffs were provided with updated financial information as to the JV Notes through April 30, 2021.

22. On June 25, 2021, (the "Petition Date") Anson filed a voluntary petition under Chapter 11 United States Bankruptcy Code, Title 11 of the United States Code. On July 27, 2021, Anson amended its petition to proceed under Subchapter V of Chapter 11.

23. On November 1, 2021, Defendant/Debtor removed Plaintiffs' lawsuit to the Bankruptcy Court.

24. On November 9, 2021, Plaintiffs filed Proof of Claim 21 into the Defendant/Debtor's bankruptcy case in the amount of $674,515.57.

25. Between February 8, 2013 and September 10, 2017, FAM received payments from the Alvord 287 JV.

### III. Contested Issues of Fact

Plaintiffs and Defendant acknowledge that the following are contested issues of fact:

1. Whether, from 1996 through September 9, 2014, Jentex ever sent a written notice or claim of default regarding any joint venture obligation or duty owed by FAM.

2. Whether the JV operated any differently during the periods of FAM's tax forfeiture from 1996 through 2014 when Anson purchased Jentex's interest.

3. Whether FAM transferred via assignment or otherwise any interest in the JV to Brian Frazier.

4. Whether Brian Frazier was a successor in interest to any interest in FAM.

5. Whether FAM responded to Anson's Redemption Offer.

6. The total amount of payments FAM received from February 8, 2013 through September 10, 2017 from the Alvord 287 Joint Venture.

7. The total amount of partnership cash and other assets in Anson's actual or constructive possession.

8. If Anson or FAM breached the Joint Venture Agreement, who breached it first..

9. If there was a breach, what attorneys fees and other damages arose from the breach.

10. Whether Anson was entitled to stop servicing the loans owned by the Joint Venture without FAM's consent and, if so, whether Anson could pass on the expense of a third-party servicer to FAM.

11. Whether Anson stopped preparing and providing monthly accounting to the partners.

12. Whether Anson stopped preparing year-end financials for the Joint Venture.

13. Whether Plaintiffs completed their obligations under the Joint Venture Agreement, as amended.

14. What distribution funds from the Joint Venture, due to FAM, did Anson distribute to itself or for its own benefit?

IV. Contested Issues of Law

**Contested Issues of Law**

1. Whether Section 11.359 of the Texas Business Organization Cod applies to Tax Code forfeitures.

2. Whether, after a tax forfeiture, a corporation continues to exist as an incapacitated corporation.

3. If Section 11.359 of Tex. Bus. Org. Code applies to FAM, whether it only provides for the extinguishment of "existing claims" defining that term to include only claims that existed as of the date of termination.

4. Whether FAM has legal capacity to sue, as its corporate privileges were reinstated using the same Secretary of State ID number.

5. Whether anything in the Tax Code or Business Organizations Code terminates property ownership by a terminated entity of real and personal property assets.

6. Whether Mr. Frazier has standing to bring claims in his individual capacity to protect property interests, which have been brought only in the alternative, pending any issue related his company's corporate charter.

7. Whether FAM is a party in interest in the Joint Venture Agreement.

8. If FAM was not reinstated, whether its property, as a matter of law, passes to Mr. Frazier, its sole owner and he can pursue his claims related to his property.

9. Whether Defendant has standing to challenge the Secretary of State's reinstatement.

10. Whether any of the various provisions of the Texas Business Corporation Act relating to forfeiture, dissolution and reinstatement of the charter of a corporation have any application to tax code forfeitures?

11. Based on Section 11.351, is a "terminated filing entity" liable only for "an *existing* claim"?

12. Whether FAM has standing in this lawsuit.

13. Whether FAM being involuntarily terminated by the Secretary of State from February 8, 2013 to January 5, 2017 extinguishes Plaintiff's claims. Tex. Bus. Orgs. Code §§ 11.356, 11.359.

14. Whether FAM reinstating its charter on January 5, 2017, allows for its claims to be revived against Anson pursuant to Tex. Bus. Orgs. Code §§ 11.356, 11.359.

15. Whether FAM has capacity in this lawsuit.

16. Whether Brian H. Frazier, individually has standing in this lawsuit.

17. Whether Brian H. Frazier, is a "Disinterested Person" under Tex. Bus. Orgs. Code § 1.003.

18. Whether a partnership is an entity distinct from its partners. Tex. Bus. Orgs. Code § 152.056.

19. Whether a partner can be forced to remain a partner and forced to stand for tort actions.

20. Whether a partner has a duty to pay a withdrawn partner if an event of withdrawal has occurred and the partner has ceased to be a partner under Tex. Bus. Orgs. Code §§ 152.501(a)(b), 11.001(1)(3)(4)(B)(5).

21. Whether partnership property is the property of the partnership, and whether the partner has an interest in the partnership property. Tex. Bus. Orgs. Code § 152.501.

22. Whether Alvord 287 JV is governed by the Joint Venture Agreement if possible and if not then by Title 1, General Provisions and Title 4, Partnerships (Chapters 151, 152 & 154), of the Texas Business and Organizations Code. Tex. Bus. Orgs. Code § 152.002.

23. Whether the Joint Venturers' Duties were/are limited to Article V of the Second Amendment to the Joint Venture Agreement dated October 1, 1998, except those duties that are nonwaivable and variable provisions under Tex. Bus. Orgs. Code § 152.002.

24. Whether partners are agents of the partnership for purposes of partnership business and "notice" to a partner of a fact relating to the partnership is generally effective immediately as

notice to the partnership, unless fraud against the partnership is committed by or with the consent of the partner receiving the notice. Tex. Bus. Orgs. Code § 151.003(d)

25. Whether Plaintiffs' remedies are limited by Tex. Bus. Orgs. Code § 152.211.

26. Whether Defendant holds money of the partnership as a fiduciary to the level of a Trustee. Tex. Bus. Orgs. Code § 152.204(d).

27. Whether Plaintiffs filing its lawsuit and seeking damages versus specific performance, terminates the Joint Venture Agreement.

28. Whether Plaintiffs failure to sue derivatively on behalf of the partnership eliminates any of Plaintiffs' claims that would belong to the partnership.

29. Whether under Texas Law any money collected by a partner from a partnership debtor is presumed to inure for the benefit of the partnership.

30. Whether under Texas Law the entity theory applies to partnership income and profits, and individual partners do not own any until they have been distributed to partners.

31. Whether a partnership may maintain an action against a partner for breach of the partnership agreement or for the violation of a duty to the partnership causing harm to the partnership. Tex. Bus. Orgs. Code § 152.211(a).

32. Whether a partner is limited to bringing an action against another partner for legal or equitable relief as set out in Tex. Bus. Orgs. Code § 152.211(b).

33. Whether Plaintiffs' tort claims are prevented under the economic loss rule and Tex. Bus. Orgs. Code § 152.201 thru § 152-213.

34. Whether FAM is a withdrawn partner. Tex. Bus. Orgs. Code § 152.501(a)(b)(1)(A), (2), (4), (8), or (9).

35. Whether FAM's withdrawal is a wrongful withdrawal pursuant to Tex. Bus. Orgs. Code § 152.503(b)(1)(2)(A)(C).

36. Whether FAM is entitled to the redemption value. Tex. Bus. Orgs. Code §§ 152.601-152.609.

37. If FAM is entitled to the redemption value, the redemption value of FMI's interest if it is a withdrawn partner. Tex. Bus. Orgs. Code §§ 152.601-152.609.

38. If FAM transferred its partnership interest to Brian H. Frazier, individually, whether Brian H. Frazier is a "Transferee" with only a Right of Redemption under Tex. Bus. Orgs. Code §§ 152.611 and § 152.612.

39. Whether Anson owed a duty to loyalty to FAM.

40. Whether Anson owed a duty of good faith to FAM.

41. Whether Anson owed a duty to FAM to refrain from self-dealing.

42. Whether Anson breached a fiduciary duty to FAM.

## VI. Pending Unresolved Matters

<u>Plaintiffs' Perspective</u> - There are no pending unresolved matters. Defendant asserts that it is entitled to a ruling on a Plea to the Jurisdiction; however, no pretrial motions were filed nor any requested to be heard in the time reserved for the same by this Court on March 7, 2022. The several pleas to the jurisdiction were denied by the State trial court and are not matters that can be relitigated.

<u>Defendant's Perspective</u> – Defendant's Plea to the Jurisdiction/Motion to Dismiss pursuant to Rule 12(b)(1) as the Court does not have subject matter jurisdiction over Plaintiffs' claims. Such matters can be raised at any time and need to be resolved in order to move forward with a trial.

Moreover, as of March 21, 2022, it has come to Defendant's attention that state court counsel Caleb Moore will be entering into this adversary proceeding and representing Plaintiffs at the trial. Defendant's Motion to Disqualify will need to be heard prior to Mr. Moore's representation of Plaintiffs.

### VII. Estimated of the Length of Trial

<u>Plaintiffs' Estimate</u> - 1 ½ to 2 days.

<u>Defendant's Estimate</u> - If Defendants' Plea to the Jurisdiction is granted, then the redemption procedure under Tex. Bus. Orgs. Code should take approximately 3 hours.

If Defendants Plea to the Jurisdiction is not granted, then the parties estimate that the trial will take two days.

### ###END OF ORDER###

/s/ *Lyndel Anne Vargas*
Lyndel Anne Vargas
State Bar No. 24058913
CAVAZOS HENDRICKS POIROT, P.C.
900 Jackson Street, Suite 570
Dallas, Texas 75202
Phone: (214) 573-7344
Fax: (214) 573-7399
Email: LVargas@chfirm.com

Attorneys for Co-Counsel for Plaintiffs

/s/ *Jason Ankele*
Jason Ankele
TX SBN: 00786989
600 Las Colinas Blvd., E. Ste. 1300
Irving, Texas 75039-5699
Telephone: (214) 520-7494
E-mail: jankele@sullivancook.com

Special Counsel for Anson Financial, Inc. Debtor And Counsel For Defendant

/s/ *Caleb Moore*
Caleb Moore
State Bar No. 24067779
Law Firm of Caleb Moore, PC
2205 Martin Drive Ste 200
Bedford, TX 76021
Phone: (817) 953-2420
Email: cmoore@thedfwlawfirm.com

Co-Counsel for Plaintiffs

/s/ *Kathryn Hernandez*
Kathryn Hernandez
TX SBN: 24107854
Magan Law, PLLC
62 Main St., Ste. 310
Colleyville, Texas 76034
Telephone: (817) 209-4298
E-mail: k.magan@maganlawpllc.com

Special Counsel for Anson Financial Inc., Debtor And Counsel For Defendant