Caleb I. Moore
Texas Bar No. 24067779
**LAW FIRM OF CALEB MOORE, PLLC**
2205 Martin Drive, Suite 200
Bedford, TX 76021
Telephone: (817) 953-2420
Facsimile: (817) 581-2540
cmoore@thedfwlawfirm.com

Lyndel Anne Vargas
State Bar No. 24058913
CAVAZOS HENDRICKS POIROT, P.C.
Suite 570, Founders Square
900 Jackson Street
Dallas, TX 75202
Phone: (214) 573-7344
Fax: (214) 573-7399
Email: LVargas@chfirm.com

Attorneys for Brian Frazier and B. Frazier Management, Inc.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| § | | Case No. 21-41517-elm11 |
| ANSON FINANCIAL, INC. § | | |
| § | | |
| Debtor. § | | |
| § | | |
| B. FRAZIER ASSET MANAGEMENT, INC. § | | |
| F/K/A FRAZIER ASSET MANAGEMENT, § | | Adv. No. 21-04071 |
| INC., AND BRIAN H. FRAZIER § | | |
| INDIVIDUALLY § | | |
| § | | Removed From: |
| Plaintiffs § | | Cause No. 342-288776-16; |
| § | | 342nd Judicial District Court |
| v. § | | Tarrant County, Texas |
| § | | |
| ANSON FINANCIAL, INC. § | | |
| § | | Docket Call Date: April 4, 2022 |
| Defendant. § | | Docket Call Time: 1:30P.M |

## B. FRAZIER MANAGEMENT, INC. AND BRIAN FRAZIER'S RESPONSE TO DEFENDANT'S MOTION TO DISQUALIFY PLAINTIFFS' COUNSEL CALEB MOORE

COMES NOW B. Frazier Management, Inc. and Brian Frazier (hereinafter "Plaintiffs/claimants"), Plaintiffs/claimants in the above-referenced case and files this, its **Response to Defendant's Motion to Disqualify Plaintiffs' Counsel Caleb Moore** (herein "the Objection").

## I. SUMMARY OF THE RESPONSE

Trial Counsel Caleb Moore has been on this case since it was filed nearly 6 years ago. Two previous motions to disqualify Caleb Moore were heard by two different state court judges and were denied. No mandamus or appellate review was sought. Defendants have known that Mr. Moore has continued to represent Plaintiff in this bankruptcy and did not file a motion to disqualify him. Any basis to disqualify Mr. Moore that could have conceivably existed has been litigated and denied or waived by Defendant's inaction. Now on the eve of trial, as a tactic, they again file a third motion to disqualify. Mr. Moore has been on emails as issues were negotiated, attended at least one hearing with Ms. Vargas and has been working with her throughout this bankruptcy. It would severely disadvantage Plaintiffs to have him removed and would also require the removal of Ms. Vargas as Mr. Moore has shared his entire litigation file with her in getting ready for trial. She has all information Mr. Moore has. She simply hasn't lived and absorbed 6 years of litigation.

There is not time to go get the hearing transcripts, but at the state court hearings, Mr. Ferguson was unable to identify any litigation strategies, confidential information, or any other information that Ghrist could have had and passed to Mr. Moore that even existed. He could not identify any advantage Mr. Moore obtained or was even possible to obtain that would warrant disqualification. With regard to the bank records, those are simply bank records obtained in discovery and shared as expressly allowed by the doctrine of shared discovery with Texas Supreme Court cases cited below. Their use was not restricted in any way and Defendants never sought confidentiality or restriction. The motion has no legal basis and should be denied.

## II. Disqualification Standard/Waiver

"A party who fails to file its motion to disqualify opposing counsel in a timely manner waives the complaint." *Vaughan v. Walther*, 875 S.W.2d 690 (Tex. 1994); *See also, In re George*, 28 S.W.3d 511, 513 (Tex. 2000).

As movant, a party who files a motion to disqualify opposing counsel bears the burden of proving that disqualification is proper. *See Duncan v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 646 F.2d 1020, 1028 (5th Cir. Unit B), *cert. denied,* 454 U.S. 895 (1981). The party who files the motion to disqualify must prove **actual prejudice.** *See In re Meador,* 968 S.W.2d 346, 350 (Tex 1998); *Ayres,* 790 S.W.2d at 558; *In re Bahn*, 13 S.W.3d 865, 873 (Tex. App.—Fort Worth 2000, orig. proceeding). (emphasis added)

The Texas Rules of Disciplinary Conduct are merely disciplinary rules and not procedural standards, they nonetheless "provide guidelines and suggest the relevant considerations." *National Med. Enters. v. Godbey*, 924 S.W.2d 123, 132 (Tex. 1996). However, while the burden requires only a preponderance of the evidence, the moving party must prove "the necessity for disqualification with specificity." *In re Taylor*, 67 S.W.2d 530, 533 (Tex. App.—Waco 2002, orig. proceeding). Mere allegations of unethical conduct or evidence showing a remote possibility of a violation of the disciplinary rules will not satisfy the burden of proof necessary to disqualify opposing counsel. *See Spears*, 797 S.W.2d at 656*; In re Southwestern Bell Yellow Pages, Inc.,* 141 S.W.3d 229, 231 (Tex. App.—San Antonio 2004, orig. proceeding); *In re Chonody,* 49 S.W.3d 376, 379 (Tex. App.—Fort Worth 2000, orig. proceeding); *see also In re Moore,* 153 S.W.3d 527, 534 (Tex. App.—Tyler 2004, orig. proceeding) ("Mere allegations of unethical conduct are not evidence.").

Because disqualification is a severe remedy, "courts must adhere to an exacting standard when considering motions to disqualify so as to discourage their use as a dilatory trial tactic."

Spears, 797 S.W.2d at 656. *See American Airlines, Inc.,* 972 F.2d at 611; see also FDIC, 50 F.3d at 1315 (observing that a motion for disqualification "should be viewed with caution ... for it can be misused as a technique of harassment").

### III. Argument

**Waiver of Right**

If necessary, Mr. Moore is willing to testify regarding the absence of any information being obtained from Mr. Ghrist involving his time working for Anson that had anything to do with the current dispute with FAM. Exhibits 1 and 2 are true and correct trial court orders denying disqualification of Mr. Moore. Caleb Moore is aware of no "confidential information" obtained from Ian Ghrist related or even close to related to the dispute between Anson and Frazier. There is nothing substantively new in this motion. Defendant chose not to appeal or mandamus either trial court decision. Defendants have known for approximately 6 years that Caleb Moore/LFCM represented Ian Ghrist in a separate claim while at the same time representing Brian Frazier and B. Frazier Management Inc and the first action Defendant took was 18 months into the litigation. They raised the issue again on the eve of one of the state court trials and was denied again and did not appeal.

**Bank Records**

The 18,000 pages of bank records mentioned were obtained through a subpoena by Mr. Ghrist. Attached as Exhibit 3 is the trial order denying the motion to quash filed by Defendants. Defendant did not appeal or otherwise seek to restrict the use of the records or seek confidentiality. The bank records are not confidential information. They are validly obtained discovery materials that can be freely shared and used as Mr. Ghrist sees fit. Including sharing them with any litigant or potential litigant. They were obtained long after Ghrist worked for Anson. The "doctrine of shared discovery" as stated by the Texas Supreme Court provides that the fruits of discovery are

available not only to the parties in a particular case but may be disseminated in turn to other litigants and potential litigants. *Eli Lilly & Co. v. Marshall*, 850 S.W.2d 155, 160 (Tex. 1993), subsequent mandamus proceeding, 850 S.W.2d 164 (Tex. 1993). Parties subject to a number of suits concerning the same subject matter are forced to be consistent in their responses by the knowledge that their opponents can compare those responses. *Garcia v. Peeples*, 734 S.W.2d 343, 347 (Tex. 1987). This is no basis for disqualification.

### ALLEGED WORK BY GHRIST OR DISCUSSION WITH FRAZIER

Mr. Ghrist testified at state court hearings, Mr. Moore testified, Mr. Ferguson testified and two times that state court judges hearing all of that testimony denied motion to disqualify two times and two times no review of any claimed error was sought by the Defendants. Communications between Frazier and Ghrist, if any even existed or happened, would be fair game for anyone to discuss and would not involve any privilege or basis for disqualification. There is simply no "confidential information" identified by Defendant that existed that could have been seen by Ghrist and shared with Mr. Moore to create a litigation advantage.

WHEREFORE, B Frazier Asset Management and Brian Frazier request that this Court deny Defendant's Motion to Disqualify Plaintiff's Counsel Caleb Moore.

Executed: April 1, 2022

        Respectfully submitted,

        **LAW FIRM OF CALEB MOORE, PLLC**
        2205 Martin Drive, Suite 200
        Bedford, TX 76021
        Telephone: (817) 953-2420
        Facsimile: (817) 581-2540
        cmoore@thedfwlawfirm.com

        By: */s/ Caleb Moore*
        Caleb I. Moore
        cmoore@thedfwlawfirm.com
        Texas Bar No. 24067779

        ~ and ~

/s/Lyndel Anne Vargas
Lyndel Anne Vargas
State Bar No. 24058913
CAVAZOS HENDRICKS POIROT, P.C.
900 Jackson Street, Suite 570
Dallas, Texas 75202
Phone: (214) 573-7344
Fax: (214) 573-7399
Email:  LVargas@chfirm.com

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the forgoing document was served on April 01, 2022 by electronic transmission through the Court's automated Case Management and Electronic Docketing System for the U. S. Bankruptcy Court for the Northern District of Texas, Fort Worth Division, on all parties-in-interest submitting to service of papers in this case by said means.

/s/ Lyndel Anne Vargas
Lyndel Anne Vargas

CAUSE NO. 342-288776-16

| | | |
|---|---|---|
| B. FRAZIER MANAGEMENT, INC., FORMALLY KNOWN AS FRAZIER ASSET MANAGEMENT, INC. and BRIAN H. FRAZIER, Individually | § § § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § | |
| | § | 342ND JUDICIAL DISTRICT |
| VS. | § § § § | |
| ANSON FINANCIAL, INC. AS SUCCESSOR IN INTEREST TO JENTEX FINANCIAL, INC | § § § § | |
| Defendant. | § | TARRANT COUNTY, TEXAS |

## ORDER DENYING DEFENDANT ANSON FINANCIAL, INC. AS SUCCESSOR IN INTEREST TO JENTEX FINANCIAL, INC.'S MOTION TO DISQUALIFY CALEB MOORE

On this day, the Court considered Defendants' Motion to Strike and Exclude filed by Anson Financial, Inc. as Successor in Interest to Jentex Financial, Inc. After considering the motions, pleadings, and exhibits on file with the Court and argument of counsel, the Court is of the opinion that Defendants' Motion to Disqualify Caleb Moore should be **DENIED**.

Therefore, IT IS ORDERED that the Motions are hereby DENIED.

SIGNED May 25, 2018

JUDGE PRESIDING
Sitting By Assignment

E-MAILED
All Counsel
5/29/18 LT

ORDER DENYING DFS' MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL    PAGE 1 OF 1

**EXHIBIT 1**
**Page 1 of 1**

342-288776-16

CAUSE NO. 342-288776-16

FILED
TARRANT COUNTY
4/15/2021 4:16 PM
THOMAS A. WILDER
DISTRICT CLERK

| | | |
|---|---|---|
| B. FRAZIER MANAGEMENT, INC., FORMALLY KNOWN AS FRAZIER ASSET MANAGEMENT, INC. and BRIAN H. FRAZIER, Individually | § § § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § | |
| | § | 342ND JUDICIAL DISTRICT |
| VS. | § § § | |
| ANSON FINANCIAL, INC. AS SUCCESSOR IN INTEREST TO JENTEX FINANCIAL, INC | § § § § | |
| Defendant. | § | TARRANT COUNTY, TEXAS |

FILED
TARRANT COUNTY
2021 APR 16 PM 2:20
THOMAS A. WILDER
DISTRICT CLERK

## ORDER DENYING DEFENDANT ANSON FINANCIAL, INC. AS SUCCESSOR IN INTEREST TO JENTEX FINANCIAL, INC.'S APRIL 14, 2021 MOTION TO DISQUALIFY CALEB MOORE

On this day, the Court considered Defendants' April 14, 2021 Motion to Disqualify Caleb Moore filed by Anson Financial, Inc. as Successor in Interest to Jentex Financial, Inc. After considering the motions, pleadings, and exhibits on file with the Court and argument of counsel, the Court is of the opinion that Defendants' April 14, 2021 Motion to Disqualify Caleb Moore should be **DENIED**.

Therefore, IT IS ORDERED that the Motions are hereby DENIED.

SIGNED 4/16, 2021.

E-MAILED
4/19/21 EK

JUDGE PRESIDING
JUDGE KIMBERLY FITZPATRICK

ORDER DENYING DFS' MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL    PAGE 1 OF 1

**EXHIBIT 2**
**Page 1 of 1**

141-311209-19

Cause No. 141-311209-19

FILED
TARRANT COUNTY
2/20/2020 6:49 PM
THOMAS A. WILDER
DISTRICT CLERK

| | | |
|---|---|---|
| MBH REAL ESTATE LLC, | § | IN THE DISTRICT COURT |
| AFI LOAN SERVICING, LLC, | § | |
| ANSON FINANCIAL, INC., | § | |
| J. MICHAEL FERGUSON, P.C. | § | |
|    Plaintiffs | § | |
| | § | |
| V. | § | 141st JUDICIAL DISTRICT |
| | § | |
| GHRIST LAW FIRM, PLLC ET. AL. | § | |
|    Defendants | § | TARRANT COUNTY, TEXAS |

### ORDER ON DEFENDANTS' MOTION TO COMPEL RELATED TO TRANSFER OR DISSIPATION OF ASSETS

CAME ON TO BE HEARD the above-referenced motion.

The Plaintiffs are ORDERED to comply with the discovery requests served 12/4/2019, being the discovery requests referenced in the motion to compel. As the Plaintiffs failed to timely file objections thereto, such objections, if any, are waived by operation of Tex. R. Civ. P. 193.2(e) as no good cause was shown.

The Plaintiffs' motions to quash the subpoenas on Veritex Community Bank (or affiliates) and on J.P. Morgan Chase Bank, N.A. (or affiliates) are DENIED. J.P. Morgan Chase Bank, N.A. and Veritex Community Bank are ORDERED to comply with any and all subpoenas served upon them in connection with this lawsuit prior to the date of this order. This includes both subpoenas on J.P. Morgan Chase Bank, N.A. issued by the Defendants and both subpoenas on Veritex Community Bank issued by the Defendants.

The Defendants are awarded attorney's fees in the amount of $ 500.00 .

SIGNED on this the 26 day of MAY, 2020.

_____
Judge Presiding

| | |
|---|---|
| **From:** | Victoria G. Olivo |
| **To:** | "tom@taheraldpc.com"; "legal@fnalegal.com"; "ian@ghristlaw.com" |
| **Subject:** | 141-311209-19 Order on Defendants" Motion to Compel Related to Transfer |
| **Date:** | Wednesday, May 27, 2020 12:57:00 PM |
| **Attachments:** | 311209 Order on Defns" Mtn to Compel.pdf<br>image001.png |

Good Afternoon,

Please see the attached order signed by the court and call or email with any questions.

Thank you,

*Victoria Olivo*
141st Associate Clerk
100 N. Calhoun St
Fort Worth, Texas 76196
817-884-1198
vgolivo@tarrantcounty.com



EXHIBIT 3
Page 3 of 3