| | |
|---|---|
| Kathryn Hernandez (TX SBN: 24107854)<br>Magan Law, PLLC<br>62 Main St., Ste. 310<br>Colleyville, Texas 76034<br>Telephone: (817) 209-4298<br>E-mail: k.magan@maganlawpllc.com | Jason Ankele (TX SBN: 00786989)<br>Sullivan & Cook, LLC<br>600 Las Colinas Blvd. E. Ste. 1300<br>Irving, Texas 75039-5699<br>Telephone: (214) 520-7494<br>E-mail: jankele@sullivancook.com |
| SPECIAL COUNSEL FOR ANSON FINANCIAL INC. DEBTOR AND DEBTOR IN POSSESSION | SPECIAL COUNSEL FOR ANSON FINANCIAL INC. DEBTOR AND DEBTOR IN POSSESSION |
| And | And |
| COUNSEL FOR DEFENDANT | COUNSEL FOR DEFENDANT |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| IN RE:<br><br>ANSON FINANCIAL, INC.,<br><br>DEBTOR. | § § § § § § § | CASE NO. 21-41517 |
| B. FRAZIER ASSET MANAGEMENT, INC. F/K/A FRAZIER ASSET MANAGEMENT, INC., AND BRIAN H. FRAZIER, INDIVIDUALLY<br><br>Plaintiffs<br><br>vs.<br><br>ANSON FINANCIAL, INC.,<br><br>Defendant. | § § § § § § § § § § § § § § § § | Adv. No. 21-04071<br><br>Removed From:<br>Cause No. 342-288776-16<br>342nd Judicial District Court<br>Tarrant County, Texas |

**DEFENDANT'S MOTION FOR LEAVE FOR THE COURT TO HEAR DEFENDANT'S PLEA TO THE JURISDICTION AND MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO 12(B)(1) AND MOTION TO DISQUALIFY PLAINTIFF'S ATTORNEY CALEB MOORE (DOCKET NO. 44 AND 39)**

**TO THE HONORABLE EDWARD L. MORRIS, U.S. BANKRUPTCY JUDGE:**

Anson Financial, Inc. debtor and debtor in possession and Defendant ("Anson," or "Defendant"), files this *Motion for Leave for Court to Hear Defendant's Plea to the Jurisdiction and Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to 12(B)(1) and Motion to Disqualify Plaintiff's Attorney Caleb Moore* (Docket Nos. 44 and 39) (the "Motion") and, in support thereof would show the Court the following.

## Introduction

1. On June 25, 2021 (the "Petition Date"), Anson commenced the above-captioned case by filing a voluntary petition under Chapter 11 United States Bankruptcy Code, Title 11 of the United States Code, 11 U.S.C. §101 et seq. (the "Code"). On July 27, 2021, the Debtor amended its petition (Docket No. 19) to proceed under Subchapter V of Chapter 11.

2. On November 1, 2021, Anson filed its Notice of Removal to initiate this Adversary Proceeding.

3. On February 7, 2022, the Court set this Adversary Proceeding on the April 4, 2022 trial docket and entered a Scheduling Order (Docket No. 31). The Scheduling Order states that no further pretrial dispositive motions are permitted but does not address other pretrial motions.

4. Pursuant to Federal Rule of Civil Procedure 16(b)(4), a scheduling order may be modified for good cause and with the judge's consent. *See* Fed. R. Civ. P. 16(b)(4).

5. Defendant moves for leave for the Court to hear its' dispositive motion and motion to disqualify in good faith based on the following:

   a. Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

   b. A federal "court has a continuing obligation to assure itself of its own jurisdiction, sua sponte if necessary." *Green Valley Spec. Util. Dist. V. City of Schertz,* 969 F.3d 460, 480 (5th Cir. 2020) (en banc). A court must resolve jurisdictional questions before reaching the merits of the case, but there is no mandatory sequencing of jurisdictional issues. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.,* 549 U.S. 422 (2007).

6. There is serious doubt as to whether the Court has subject-matter jurisdiction over Plaintiffs' claims as Texas law is clear that Plaintiffs' claims are extinguished as a matter of law and they do not have an injury to which the Court can address. Further, if the Court grants' Defendant's Plea and Motion, the parties would have no need to take up the Court's time for an entire trial.

7. Defendant did not have confirmation of Plaintiff's counsel Caleb Moore entering into this case or that Mr. Moore would be using information for which are grounds for disqualification against Anson at the trial via the Exhibits until March 21, 2022, to which Defendant promptly filed its' Motion to Disqualify.

8. Defendant files this motion in good faith and respectfully asks the Court to hear Defendant's Plea to the Jurisdiction and Motion to Dismiss (Docket No. 44) and Motion to Disqualify Plaintiff's Counsel Caleb Moore (Docket No. 39).

  WHEREFORE, Defendant prays the Court enter an Order modifying the Scheduling Order to allow for the Court to hear Defendant's dispositive motion and motion to disqualify, and any other relief to which Defendant is entitled in equity or law.

Dated:  April 1, 2022  Respectfully submitted:

Magan Law, PLLC

By: /s/ *Kathryn Hernandez*
Kathryn Hernandez (TX SBN: 24107854)
62 Main St., Ste. 310
Colleyville, Texas 76034
Telephone: (817) 209-4298
Email: k.magan@maganlawpllc.com

Sullivan & Cook

By: /s/ *M. Jason Ankele*
M. Jason Ankele (TX SBN: 00786989)
600 Las Colinas Blvd. E. Ste. 1300
Irving, Texas 75039-5699
Telephone: (214) 520-7494
Email: jankele@sullivancook.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that on March 21, 2022 and March 22, 2022, the undersigned discussed Defendant's dispositive motion and motion to disqualify. The matter was unable to be resolved and it is presumed that Plaintiffs' counsel opposes the granting of this Motion.

*/s/ Kathryn Hernandez*
Kathryn Hernandez

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served on April 1, 2022 by electronic notice to all ECF users who have appeared in this case to date.

*/s/ Kathryn Hernandez*
Kathryn Hernandez

**PROPOSED ORDER**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ANSON FINANCIAL, INC., | § | CASE NO. 21-41517 |
| | § | |
| DEBTOR. | § | |
| | § | |
| B. FRAZIER ASSET MANAGEMENT, INC. F/K/A FRAZIER ASSET MANAGEMENT, INC., AND BRIAN H. FRAZIER, INDIVIDUALLY | § § § § § § | Adv. No. 21-04071 |
| Plaintiffs | § § | Removed From: Cause No. 342-288776-16 |
| vs. | § § | 342nd Judicial District Court Tarrant County, Texas |
| ANSON FINANCIAL, INC., | § § § | |
| Defendant. | § | |

**ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO HEAR DEFENDANT'S PLEA TO THE JURISDICTION AND MOTION TO DISMISS PURSUANT TO 12(B)(1) AND MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL CALEB MOORE (DOCKET NO. 46)**

On this day came on for consideration Defendant's *Motion for Leave (*Docket No. 46) filed herein on April 1, 2022. The Court finds and concludes that upon review of the record of this case that the Motion is GRANTED.

**IT IS THEREFORE ORDERED THAT** Defendant's *Motion for Leave* is granted.

###ENDOFORDER###